IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FELDMAN'S MEDICAL CENTER       *
PHARMACY, INC.       *
11055 Little Patuxent Parkway       *
Columbia, MD 21044       *
Howard County, MD       *
      *
      *
Plaintiff and Counter-Defendant       *     Civil Action No.:
      *
v.       *
      *
CAREFIRST, INC.       *
1501 South Clinton St.,       *
Baltimore, MD 21224       *
Baltimore City       *
      *
      *
Defendant, Counter-Plaintiff and       *
  Third-Party Plaintiff       *
      *
v.       *
      *
John DOE 1       *
36 Craig Court       *
Conowingo, MD 21918       *
Cecil County       *
      *
and       *
      *
John DOE 2       *
1272 Oates St., N.E.       *
Washington, DC 21918       *
      *
Third-Party Defendants       *
      *

\* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*    \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant, Counter-Plaintiff and

Third-Party Defendant CareFirst, Inc. ("CareFirst"), through undersigned counsel, hereby

files this Notice of Removal of the above-captioned action currently pending before The Circuit Court for Baltimore County, Case No.: 03-C-09-006257. In support thereof, CareFirst states as follows.

1.      Feldman's Medical Center Pharmacy, Inc. ("Feldman's") initiated this civil action by filing a Complaint on June 1, 2009 in The Circuit Court for Baltimore County, Maryland. A true copy of the Complaint, along with all process, pleadings and orders served upon CareFirst thus far are attached as Exhibit A.

2.      As originally pled, the case purports to be a contract action founded upon an agreement between Feldman's and BlueCross BlueShield of Maryland, Inc. ("BCBSM"). BCBSM is the former name of CareFirst of Maryland, Inc. ("CFMIA"), which is an affiliate of CareFirst.

3.      The dispute focuses on claims for payment of factor products that Feldman's purportedly sent to individuals insured by CareFirst (although in reality, those individuals are insured by CFMI or CareFirst's other affiliate, Group Hospitalization and Medical Services, Inc. ("GHMSI").)

4.      Factor products are used to treat hemophiliacs. CareFirst has maintained throughout this litigation that the contract on which Feldman's sued covers only durable medical equipment, which is also known as "DME". There is no real dispute that factor products do not fall within the definition of DME. Feldman's maintains that the contract is not so limited and therefore it has a contract under which it is entitled to payment for the factor products.

5.      The individuals who received the factor products from Feldman's obtained their health insurance from CFMI or GHMSI through private employers. Those various

health insurance plans are governed by and subject to the Employee Retirement Income Security Act of 1977, 29 U.S.C. § 1001, *et seq.* ("ERISA").

6.     Although for several months Feldman's maintained that it was seeking relief under the contract with CFMI, that posture changed on December 31, 2009.

7.     Shortly before then, CareFirst filed an Interpleader action in which it sought to pay into the registry of The Circuit Court for Baltimore County certain funds to pay for some of the claims that had been processed.

8.     The gist of the Interpleader action was that although CareFirst continues to maintain that it owes no money for factor products shipped prior to December 11, 2008 because prior to that date Feldman's lacked the necessary Maryland license to dispense those products, CareFirst had processed claims for factor products provided after that date.

9.     However, in CareFirst's view, CareFirst, and more accurately CFMI, was obligated to pay only the insureds, rather than Feldman's because, as noted above, CareFirst does not believe the contract covers factor products.

10.     As explained in the Interpleader, CareFirst wanted a judicial determination whether it should pay the post-December 11, 2008 claims to John DOES 1 and 2 or to Feldman's (although payment to Feldman's is potentially subject to a counterclaim and offset to be filed once a stipulated order allowing CFMI to intervene is signed).

11.     As was required under Maryland law, CareFirst named and served John DOES 1 and 2.[1]  (Because they are third-party defendants, their consent to removal is not required. *Hydro-Action, Inc. v. James*, 233 F.Supp.2d 836, 840-41 (E.D. Tex. 2002).)

---

[1] These individuals were named as DOES in the public version of the Interpleader because that document necessarily reveals protected health information.  CareFirst has

3

12.     In response to the Interpleader Action, for the first time in this litigation Feldman's asserted that it had assignments from the insureds and it was basing its claims at least in part on those assignments.

13.     Notwithstanding what appears on the face Feldman's Complaint, in reality Feldman's is at least in part seeking to enforce rights that arise under ERISA. Although a plaintiff is typically the master of the pleadings, the U.S. Supreme Court on numerous occasions has recognized that a claim to enforce ERISA rights is an exception to the well-pleaded complaint rule, giving rise to complete preemption and thus removal jurisdiction. *See* 29 U.S.C. § 1441: *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208-209 (2004); *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58 (1987). In short, because Feldman's attempts to assert its supposed rights as an assignee of ERISA claims, the case centers on the enforcement of benefits due under an employee welfare benefits plan. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52-53 (1987). Thus, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

14.     As Feldman's has asserted a cause of action arising under the laws of the United States, this Court has original jurisdiction to hear Plaintiff's claims. *See* 28 U.S.C. §§ 1331 and 1441.

15.     Because CareFirst only became aware of Feldman's assertion of its rights as an assignee of claims for ERISA benefits when it received papers that were mailed on December 31, 2009, this case is being removed in a timely fashion under 28 U.S.C. § 1446(b). *Lovern v. Gen. Motors Corp.*, 126 F.3d 160, 162-63 (4th Cir. 1997); *Quality*

---

filed a motion to file the Interpleader with the individuals' names under seal. In any event, DOES summonses have been issued for those individuals and counsel for Feldman's, who also represents the DOES, accepted service of those summonses.

*Dialysis One LP v. Aetna Life Ins. Co.*, CA No. H-08-1121, 2009 WL 3247370 at *3

(S.D. Tex., Sept. 29, 2009)

      16.    A Notice of Filing for Removal to Federal Court is being filed

contemporaneously with The Circuit Court for Baltimore County.

      17.    Written notice of this pleading has been given to Feldman's.

      18.    Removal to this Court is appropriate because Feldman's action is pending

in this District and Division. *See* 28 U.S.C. § 1441(a).

      WHEREFORE, Defendant CareFirst, respectfully notices the removal of this

action to this Court from the Circuit Court for Baltimore County.

Respectfully submitted,

A. Dean Stocksdale
Bar No. 28416
Associate General Counsel
Group Hospitalization and Medical
Services, Inc.
10455 Mill Run Circle
Owings Mills, Maryland 21117
(410) 998-5487
Attorney for CareFirst

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of February 2010, a copy of the foregoing Notice of Removal was mailed, first-class, postage prepaid to Neal C. Baroody, Esq., Baroody & O'Toole, 201 N. Charles Street, Suite 2102, Baltimore, Maryland 21201 attorney for Plaintiff Feldman's Medical Center Pharmacy, Inc. and Third-Party Defendants.

_____
A. Dean Stocksdale