IN THE MARYLAND CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| FELDMAN'S MEDICAL CENTER PHARMACY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CAREFIRST, INC. <br><br> Defendant. | Civil Action No.03-C-09-006257 CN |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, REQUEST TO SCHEDULE A HEARING FOR A PRELIMINARY INJUNCTION, AND AN ORDER PERMITTING EXPEDITED DISCOVERY

1. Plaintiff Feldman's Medical Center Pharmacy, Inc. ("Feldman's" or "Plaintiff") respectfully requests the Court to schedule a hearing for a Preliminary Injunction, pursuant to Rule 15-505 of the Maryland Rules. Plaintiff also requests leave to conduct expedited discovery in aid of the Preliminary Injunction hearing.

2. Plaintiff is concurrently filing a Complaint in this action with the Court, which is incorporated herein by reference.

3. Defendant CareFirst, Inc. ("CareFirst" or "Defendant"), an affiliate and franchisee of the Blue Cross Blue Shield Association (the "BCBS Association") has, in violation of Maryland law and the Participating Professional Provider Agreement dated as of August 12, 1997 (the "PPP Agreement"), unjustifiably refused to make payment on Covered Services (as defined in the PPP Agreement) provided by Feldman's to CareFirst's customers suffering from hemophilia.

1

4. Hemophilia and other blood clotting disorders are life-threatening diseases that require those afflicted to use very expensive blood-clotting factor treatment ("factor"). Feldman's is a pharmacy located in Columbia, Maryland that provides factor to patients around the United States. Feldman's is a wholly-owned subsidiary of Factor Health Management, LLC.

5. The unjustified refusal to pay Feldman's for the factor it has provided to CareFirst's hemophilia customers has caused serious financial difficulty to Feldman's, as well as damage to its reputation and its credit.

6. Upon receipt of prescriptions from licensed physicians, Feldman's dispenses specialized medications, products, and services, including factor, directly to the patients, who, relevant to the present case, are participants or beneficiaries of health plans insured or administered by Defendant or other affiliates of the BCBS Association. Pursuant to the PPP Agreement, after providing the Covered Services to a patient, Plaintiff submits a claim for the applicable charges to Defendant for payment. Plaintiff is only permitted to seek payment from Defendant and is not permitted to bill the patients for any amounts attributable to Covered Services other than deductibles, coinsurance and copayments.

7. Pursuant to paragraph 20 of the PPP Agreement, payment for Covered Services provided to the insureds of CareFirst or other BCBS Association affiliates/franchises are required to be paid to Plaintiff "in a timely manner, as provided by Maryland Law." Section 15-1005 of the Maryland Code requires a health insurer to pay claims for reimbursement within 30 days after the insurer's receipt of the information required for claims processing.

8. Plaintiff repeatedly complained to Defendant about the inaccuracies and delays in its claims processing throughout the relevant time period and tried to accommodate and work with Defendant in any way possible to resolve these issues. Plaintiff's efforts have proved futile and have not led to prompt and timely payment of its claims. Plaintiff has exhausted every avenue available to it to obtain payment from Defendant on these outstanding claims prior to instituting this suit, and any further attempts at resolving these issues short of litigation would be futile.

9. For the reasons alleged in the Complaint, stated in the Affidavit of Jarrett Bostwick and set forth in Plaintiff's Memorandum of Law, unless Defendant is restrained and prevented from continuing to violate the PPP Agreement, Plaintiff will suffer permanent damage to its business – including a possible bankruptcy filing – and will be greatly and immediately irreparably injured.

10. Plaintiff has no adequate remedy at law.

11. Any delay in granting Plaintiff the injunctive relief requested would result in the Plaintiff sustaining irreparable harm and the destruction of the status quo pending trial.

12. Plaintiff seeks to conduct expedited discovery in aid of preliminary injunction proceedings before this Court, and specifically Plaintiff seeks (a) to take depositions upon oral examination of any CareFirst employees or executives with knowledge of the facts and circumstances of the allegations contained in the Complaint and (b) to review any relevant documents or other information related to the allegations contained in the Complaint.

13. No petition for the same relief, or part thereof, has been previously presented to and refused by any court or justice.

WHEREFORE, Plaintiff respectfully prays that this Court ORDER and DECREE that:

1. A hearing on Plaintiff's motion for a Preliminary Injunction is granted and is scheduled as soon as possible;

2. Plaintiff be granted leave to commence expedited discovery immediately in aid of Preliminary Injunction proceedings before this Court.

Dated: June 1, 2009

Respectfully submitted,

BAROODY & O'TOOLE

By: /s/ Neal C. Baroody
Neal C. Baroody
201 N. Charles Street, Suite 2102
Baltimore, MD 21201
(410) 539-8412 (telephone)
(410) 539-8411 facsimile)
nbaroody@aol.com

Counsel seeking to appear *pro hac vice*
PADUANO & WEINTRAUB LLP
Anthony Paduano
Jordan D. Becker
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100 (telephone)
(212) 785-9099 (facsimile)
ap@pwlawyers.com
jdb@pwlawyers.com

REQUEST FOR HEARING

Plaintiff respectfully requests that a Hearing be scheduled on Plaintiff's motion for preliminary injunction and expedited discovery.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 1, 2009, a copy of this document was hand-delivered to:

> John A. Picciotto, Esquire
> General Counsel and Resident Agent
> CareFirst, Inc.
> 1501 South Clinton Street
> Baltimore, Maryland 21224

_____
Neal C. Baroody