RECEIVED BY
DC LEGAL    OCT 15 2009

FELDMAN'S MEDICAL CENTER
PHARMACY, INC.,

          Plaintiff,

v.

CAREFIRST, INC.

          Defendant.

IN THE

CIRCUIT COURT

FOR

BALTIMORE COUNTY

Case No. 03-C-09-6257

---

## STIPULATION AND ORDER REGARDING CONFIDENTIALITY

    The undersigned counsel for Plaintiff Feldman's Medical Center Pharmacy ("Plaintiff") and Defendant CareFirst, Inc. ("Defendant") stipulate and agree that discovery in the above-entitled action ("Action") may involve the production of information that the Parties consider to be sensitive, confidential, personal, proprietary, or protected by statutory or other legal privileges, including but not limited to, Medical Records as defined by Maryland Health-Gen. Sec. 4-301, Protected Health Information as defined by 45 C.F.R. § 160.103, and other information protected by the Health Insurance Portability and Accountability Act ("HIPAA").[1] Accordingly, the Parties and their undersigned counsel respectfully request that the Court order the following:

    1.    "Confidential Information" shall mean and refer to all documents, responses to document or information requests, information on magnetic media, computer tapes, computer disks, hard copies or printouts derived from computer tapes or computer disks, or individual portions thereof, or other information which a Party designates "CONFIDENTIAL" at the time of its disclosure, in the manner set forth in this stipulation. The Parties shall designate

---

[1] The Parties have not reached an agreement on whether it would be appropriate to treat any material to be produced with an "Attorneys' Eyes Only" designation. This Stipulation and Order shall not prejudice either Party from seeking further relief in the nature of a more restrictive Protective Order.

FILED   OCT  7 2009

only those documents containing the following information as "CONFIDENTIAL": (1) trade secrets, for example, but not limited to, sensitive and confidential business information, including financial information such as expenses, profits, and information regarding employees and business plans; (2) information subject to the HIPAA, including medical and demographic information, which must remain private in order to comply with HIPAA; and (3) Medical Records as defined by Maryland Health-Gen. Sec. 4-301. The public interest is best served by protecting the confidentiality of highly sensitive personal medical, business and financial information. This Stipulation and Order Regarding Confidential Information ("Stipulation") will not apply to documents or other materials that the Parties have obtained through sources other than the Providing Party (as defined herein), except that at all times the Parties agree that as set forth in Paragraph 4, below, they are under an obligation to maintain the privacy of documents or information which the Parties know or have reason to know contain any Medical Record as defined by Maryland Health-Gen. Sec. 4-301, Protected Health Information as defined by 45 C.F.R. § 160.103, or are otherwise protected by HIPAA.

2.     In the event that any Party inadvertently discloses or produces any document that is privileged, non-responsive, or otherwise exempt from disclosure or production, it shall not constitute a waiver of any and all privileges applicable to that or any other document. Any party who realizes that an inadvertent disclosure has occurred must immediately notify, in writing, all other Parties of the inadvertent disclosure. Electronic mail or other forms of electronic communication that produces a verbatim record of the communication shall suffice for purposes of the written notification requirements of this Paragraph and Paragraph 9, below. Once such notification is given, the Party receiving notice must take steps to ensure inadvertently produced or disclosed documents are not disclosed to any person or used for any reason without

prior approval and consent of the Court. Any Party seeking the approval and consent of the Court for disclosure or use of such documents shall follow the procedures set forth in paragraph 10.

3.    Documents deemed confidential shall be so designated by clearly marking "CONFIDENTIAL" on each page thereof.

4.    The inadvertent failure to designate material as "CONFIDENTIAL" shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by supplemental written notice. It shall not be deemed a violation of this Stipulation to have disclosed information not designated as "CONFIDENTIAL" that is subsequently so designated if disclosure was made prior to such designation. Any failure of the Parties to designate a document or information as "CONFIDENTIAL" shall not be deemed a waiver of any claim of confidentiality that the Parties would otherwise be entitled to invoke against a non-party to this Action. Notwithstanding the failure of a disclosing Party to designate a document or information as "CONFIDENTIAL", if any Party receiving such document or information knows or has reason to know such document or information is a Medical Record as defined by Maryland Health-Gen. Sec. 4-301, Protected Health Information as defined by 45 C.F.R. § 160.103, otherwise protected by HIPAA, or otherwise confidential, such receiving Party shall not knowingly disclose such document or information and shall treat it as if such document or information was designated as "CONFIDENTIAL."

5.    "CONFIDENTIAL" Information, copies thereof, information contained therein and any notes, abstracts, summaries, analyses or reports pertaining thereto may be inspected by or revealed to only the following "Qualified Persons:"

a.  Parties to this Action and any officer, director, employee, trustee, partner or in-house legal personnel for a Party who is responsible for assisting counsel in the Action. Any person who receives CONFIDENTIAL information under this sub-paragraph shall be subject to the terms of the Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A, whether or not the person signs such Agreement. The party who provides CONFIDENTIAL information under this sub-paragraph shall be responsible for ensuring compliance with such Agreement.

b.  Outside counsel for the Parties in this Action, including regular employees who provide assistance for purposes of discovery, preparation for trial, and/or trial of this case as a part of their regular job duties. The person who receives CONFIDENTIAL information under this sub-paragraph shall be subject to the terms of the Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A, whether or not the person signs such Agreement. The counsel who provides CONFIDENTIAL information under this sub-paragraph shall be responsible for ensuring compliance with such Agreement.

c.  Any expert retained or consulted by a Party for the purpose of obtaining such expert's advice or opinion regarding issues in the Action, but only to the extent necessary for the expert to provide such advice or opinion and provided the expert has signed an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A.

d.  Witnesses who may testify in the Action, provided that the material disclosed is directly related to the subject of their testimony and provided the witness has signed an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A.

e.  Any other person who is designated a Qualified Person by order of this Court or further agreement of the Parties and provided the person has signed an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A.

      f.      Any Court personnel necessary to facilitate the Action, including, but not limited to: stenographic reporters and clerical and/or administrative personnel.

      g.      Solely for purposes of the disclosure of CONFIDENTIAL information under this Protective Order, the "Parties to this Action" shall include any Home Plan whose claims are at issue in this Action. Nothing in this Stipulation and Order shall prohibit CareFirst from sharing information with such Home Plan in the ordinary course of business or in connection with this litigation.

6.     All "CONFIDENTIAL" Information and Material shall be used solely for purposes of this Action (including any motion to confirm, vacate or modify any award). Nothing in this Stipulation and Order shall prohibit CareFirst from sharing information with the Home Plans in the ordinary course of business.

7.     In the event that a Qualified Person is requested to produce "CONFIDENTIAL" Information, outside of the Action, pursuant to a request for production of documents or information, interrogatory, request for admission, subpoena, deposition or other form of discovery, the Qualified Person will object, refuse to disclose such information on the basis of this Stipulation, and immediately notify the Party who provided the subject information (the "Providing Party") of the request, demand, motion, or subpoena. All legal fees and costs and any other expenses incurred in connection with any efforts of the Qualified Person or the Providing Party in connection with such objection shall be paid by the Providing Party.

8.     Information shall be designated as "CONFIDENTIAL" only upon a good-faith belief that the information falls within the scope of information subject to protection, under the definition set forth above.

9.     A party objecting to the designation of a document, information, or testimony as "CONFIDENTIAL" shall so notify the other Party in writing setting forth with specificity the

information that he or she contends is not confidential and attempt to resolve the dispute. If this attempt is not successful, the objecting Party may file an objection with the Court for ruling that the document, information, or testimony not be treated as "CONFIDENTIAL." If, after ten (10) days of receipt of the objection filed with the Court, the other party does not respond, then the document, information, or testimony specifically objected to shall no longer be treated as Confidential Information unless the Court rules otherwise.  If, the other party does file a response to the objection, the document will be given the designation "CONFIDENTIAL" until the Court or the parties resolve the issue.

10.   All Qualified Persons shall be informed prior to disclosure of any Confidential Information, of the nature and scope of this Stipulation, and his or her obligations under this Stipulation.  No person receiving such Confidential Information shall disclose it to any person other than those described in paragraph 5 and for the purposes specified in this Stipulation, and in no event shall such person make any other use of such Confidential Information.

11.   Copies of all executed Agreements to Maintain Confidentiality shall be maintained by counsel.

12.   Any Party may seek to modify, expand, cancel or supersede this agreement by motion on notice.  Nothing herein shall:

  a.   operate as an admission by any Party that any particular discovery material contains or reflects trade secrets, nonpublic proprietary information or other confidential matters;

  b.   prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery;

  c.   prejudice in any way the rights of a Party to seek a Court determination:

        i)      whether particular discovery materials shall be produced; or

        ii)     if produced, whether such material should be subject to the terms of this Stipulation;

    d.     prejudice in any way the rights of a Party to apply to the Court for a further protective order relating to any Confidential Information;

    e.     prejudice in any way the right of a Party to seek relief from a provision of this Stipulation; or

    f.     operate as a waiver of the Parties' rights under the Maryland Rules of Civil Procedure, the Maryland Rules of Evidence, or any other applicable rule or statute.

13.    All documents, transcripts, magnetic media, or portions thereof, as well as any copies, designated "CONFIDENTIAL" pursuant to this Stipulation shall be returned to the Producing Party within forty-five (45) days of the conclusion of this Action, or at the option of counsel, destroyed (and certified by affidavit as having been destroyed). All databases and similar compilations of information shall be destroyed and such destruction shall be certified to by counsel for the obtaining Party and by Qualified Persons identified by Paragraph 5 above. Nothing in this Stipulation and Order shall require CareFirst to return or destroy information it has shared with the Home Plans in the ordinary course of business.

14.    This Stipulation shall be effective immediately and shall survive the conclusion of this Action. The Court shall retain jurisdiction to enforce the terms of this Stipulation for so long as it remains in force.

BAROODY & O'TOOLE                    CAREFIRST, INC.


By: _____          By: _Patrick de Gravelles/ADS_
    Thomas O'Toole                        Patrick de Gravelles

201 North Charles Street, Suite 2102     CareFirst Blue Cross Blue Shield
Baltimore, Maryland 21201                Office of Corporate Counsel
(410) 539-8412                           840 1st Street, N.E., DC12-08
                                         Washington, D.C. 20065
                                         202-680-7457


Attorneys for Plaintiff                  Attorneys for Defendant



IT IS SO ORDERED

_____
Circuit Court for Baltimore County

Dated:                                   9/22/09



**True Copy Test**

SUZANNE MENSH, Clerk

Per _____
        Assistant Clerk

8