| | |
|---|---|
| FELDMAN'S MEDICAL CENTER PHARMACY, INC.<br><br>　　　　Plaintiff<br>v.<br><br>CAREFIRST, INC.<br>　　　　Defendant. | IN THE<br><br>CIRCUIT COURT<br><br>FOR<br><br>BALTIMORE COUNTY<br><br>Case No. 03-C-09-006257 |

## DEFENDANT CAREFIRST, INC.'S MOTION
## FOR ORDER COMPELLING DISCOVERY

Defendant CareFirst, Inc. ("CareFirst"), through the undersigned counsel, respectfully requests that pursuant to Md. Rule 2-432, the Court enter an Order compelling Plaintiff Feldman's Medical Center Pharmacy, Inc. ("Feldman's") to fully and completely respond to and produce documents in response to certain discovery requests as set forth more fully below.

The issue presented is very straightforward. Plaintiff seeks, among other things, a preliminary injunction requiring CareFirst to pay certain amounts allegedly due under a contract. As its sole basis for claiming that it may suffer irreparable harm (a prerequisite to getting a preliminary injunction) Plaintiff claims that without payment of those amounts, Plaintiff could be forced to file for bankruptcy protection. CareFirst served discovery requests that seek information directly bearing on Plaintiff's financial solvency. Plaintiff has refused to provide answers or documents in response to those requests.

- 2 -

### Background

Plaintiff filed the Complaint in this matter on June 1, 2009. The Complaint primarily relies on allegations that Plaintiff had a contract with CareFirst under which CareFirst supposedly agreed to pay Plaintiff for certain products used by hemophiliacs who are insured by CareFirst.[1]

Along with the Complaint, Plaintiff filed Plaintiff's Motion for Preliminary Injunction, Request to Schedule a Hearing for a Preliminary Injunction, and an Order Permitting Expedited Discovery ("PI Motion") and a memorandum in support of the Motion ("PI Memo"). The request for a preliminary injunction is still pending.[2]

The sole "irreparable harm" that Plaintiff cites in support of its request for a preliminary injunction is the threat that it will become insolvent or file for bankruptcy protection. PI Memo at 8-10.

To test this assertion of threatened irreparable harm, Plaintiff served the following Interrogatory and Requests for Production of Documents:

**INTERROGATORY NO . 15:** Describe in detail all of your outstanding debt over the past three years (including, without limitation, the lender, amount, terms, and co-signors or co-obligors, if any, of each debt) and for each such debt, and describe in detail any effort by you to modify or obtain a forbearance of said debt.

**REQUEST NO. 7:** All of your tax returns and related schedules for the past three years.

---

[1] Since filing the Complaint, Plaintiff has acknowledged that the products at issue do not fall under the category of medical devices known as "Durable Medical Equipment", or "DME" for short. However, the contract on which Plaintiff relied in the Complaint only covered DME.

[2] On June 2, 2009, the Court denied Plaintiff's request for expedited discovery.

**REQUEST NO. 8:** All balance sheets, ledgers, financial statements, or other documents prepared in the last three years that evidence, reflect or in any other way relate to your financial condition.

Plaintiff served the following responses:

**INTERROGATORY NO. 15:**

**RESPONSE**

In addition to the General Objections, Feldman's objects to this interrogatory on the grounds that it is vague, overbroad and burdensome, and on the grounds that it is beyond the scope of discovery permissible under Rules 2-402 and 2-422 of the Maryland Rules of Civil Procedure.

**REQUEST NO. 7:**

**RESPONSE**

In addition to the General Objections, Feldman's objects to this request on the grounds that it is vague, overbroad and burdensome, and on the grounds that it is beyond the scope of discovery permissible under Rules 2-402 and 2-422 of the Maryland Rules of Civil Procedure.

**REQUEST NO. 8:**

**RESPONSE**

In addition to the General Objections, Feldman's objects to this request on the grounds that it is vague, overbroad and burdensome, and on the grounds that it is beyond the scope of discovery permissible under Rules 2-402 and 2-422 of the Maryland Rules of Civil Procedure.

As explained in the accompanying Certificate, CareFirst's counsel has attempted to meet and confer with Plaintiff's counsel to elicit more complete responses. Plaintiff's counsel has refused to provide further responses.

## Argument

Plaintiff acknowledges that Maryland law requires a showing of irreparable harm before the Court can award of a preliminary injunction. PI Memo at 7. The sole basis for Plaintiff's claim of irreparable harm in this case is that Plaintiff could become insolvent if CareFirst does not pay Plaintiff the amounts allegedly due prior to an adjudication on the merits. Id. at 8-10.

The discovery requests at issue are designed to obtain information and lead to the discovery of admissible evidence about Plaintiff's financial condition and whether Plaintiff has undertaken any steps to better its financial condition. Plaintiff simply refuses to provide that information with no good explanation other than rote repetition of the discovery standards.

CareFirst is clearly entitled to discovery on Plaintiff's financial condition if Plaintiff is claiming that it is entitled to the extraordinary relief of a preliminary injunction in a case for contract damages.

## Conclusion

For the foregoing reasons, CareFirst respectfully requests that the Court enter an Order requiring Plaintiff to answer Interrogatory No. 15 and provide all documents responsive to Requests Nos. 7 and 8.

Dated: October 20, 2009

Patrick P. de Gravelles
A. Dean Stocksdale
CareFirst BlueCross BlueShield
Litigation General Counsel
1501 S. Clinton Street
Baltimore, Maryland 21224
202-680-7457 (voice) (Mr. de Gravelles)
202-680-7620 (fax) (Mr. de Gravelles)
410-528-7923 (voice) (Mr. Stocksdale)
410-720-5847 (fax) (Mr. Stocksdale)

*Attorneys for Defendant CareFirst, Inc.*

- 5 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of October 2009, a copy of Defendant CareFirst, Inc.'s Motion for Order Compelling Discovery was mailed, first-class, postage prepaid to Neal C. Baroody, Esq., Baroody & O'Toole, 201 N. Charles Street, Suite 2102, Baltimore, Maryland 21201 and Anthony Paduano, Esq., Paduano & Weintraub, 1251 Avenue of the Americas, Ninth Floor, New York, New York 10020, attorneys for plaintiffs.

_____
Patrick de Gravelles