RECEIVED BY DC LEGAL JAN 04 2010

FELDMAN'S MEDICAL CENTER PHARMACY, INC.,

Plaintiff and Counter-Defendant,

v.

CAREFIRST, INC.

Defendant, Counter-Claimant and Third-Party Plaintiff,

John DOE 1
[Address withheld]

Third-Party Defendant,

John DOE 2
[Address withheld]

Third-Party Defendant.

IN THE

CIRCUIT COURT FOR

BALTIMORE COUNTY

Civil Action No. 03-C-09-006257

**PLAINTIFF/COUNTER-DEFENDANT FELDMAN'S MEDICAL CENTER PHARMACY, INC.'S ANSWER TO CAREFIRST, INC.'S THIRD PARTY COMPLAINT**

Plaintiff/Counter-Defendant Feldman's Medical Center Pharmacy, Inc. ("Feldman's") as and for its Answer and Affirmative Defenses, in response to the correspondingly numbered paragraphs of the Third Party Complaint and Counter-Complaint for Interpleader by Defendant/Counter-Claimant/Third Party Plaintiff CareFirst, Inc. ("CareFirst"), alleges as follows:

1. Admitted.

2. Admitted that John DOE 1 resides in Maryland. Whether or not John DOE 1 is subject to the jurisdiction of this Court is a legal conclusion to which no response is required. To the extent that a response to this allegation is deemed necessary, such allegation is denied.

3. Admitted that John DOE 2 resides in the District of Columbia. Whether or not John DOE 2 is subject to the jurisdiction of this Court is a legal conclusion to which no response is required. To the extent that a response to this allegation is deemed necessary, such allegation is denied. It is further denied that John DOE 2 obtained the goods which are the subject matter of this lawsuit in Maryland.

4. Admitted.

5. Feldman's asserts that the unpaid amount stems from the provision of factor to individuals insured by CareFirst or by another licensee of the Blue Cross Blue Shield Association.

6. Denied.

7. Admitted.

8. Denied. Feldman's asserts that its existing contract with CareFirst – the PPP Agreement – covered factor products.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore deny the same.

10. Denied. The PPP Agreement speaks for itself and does not restrict coverage to durable medical equipment or any other specific products.

11. Denied.

12. Admitted.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore deny the same.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and therefore deny the same.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore deny the same.

16. Admitted that Feldman's and CareFirst did not enter a contract that was titled a "Home Infusion Therapy Contract" or a "HIT Contract," but denied insofar as the PPP Agreement covers home infusion therapies.

17. Denied.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore deny the same.

19. Denied.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and therefore deny the same.

21. Denied.

22. Denied.

23. Denied.

24. Admitted.

25. Admitted.

26. Feldman's admits that documentation was sent to CareFirst on October 1, 2009, but denies that this was the first time such documentation was sent to CareFirst.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and therefore deny the same.

28. Admitted.

29. Admitted.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore deny the same.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore deny the same.

32. Admitted.

33. Admitted.

34. Denied.

35. Denied.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and therefore deny the same.

37. Admitted.

38. Denied. John DOES 1 and 2 have, on multiple occasions, disclaimed any entitled to amounts due under any claims for factor supplied to those two individuals.

39. Denied.

40. Feldman's admits that CareFirst filed a Motion seeking an Order permitting CareFirst to pay the sum of $236,864.52 into the registry of the Court, but denies that such sum represents the total amount due for the factor products supplied by Feldman's to John DOES 1 and 2 after December 11, 2008. It appears that CareFirst has made a mistake in the transcription of the number of "Units Billed" in some instances, leading to the error.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

CareFirst's claims are barred, in whole or in part, because CareFirst fails to state claims upon which relief can be granted and fails to state facts that support the claims set forth in the Third Party Complaint.

### Second Affirmative Defense

CareFirst's claims are barred, in whole or in part, by the doctrine of estoppel.

### Third Affirmative Defense

CareFirst's claims are barred, in whole or in part, by the doctrine of laches.

### Fourth Affirmative Defense

CareFirst's claims are barred, in whole or in part, by the doctrine of waiver.

**Fifth Affirmative Defense**

CareFirst's claims are barred, in whole or in part, by its own actions and omissions.

**Sixth Affirmative Defense**

CareFirst's claims are barred, in whole or in part, by the terms of the PPP Agreement.

**Seventh Affirmative Defense**

CareFirst's claims are barred, in whole or in part, by the renouncing of any right to payment by John DOES 1 and 2.

WHEREFORE, based upon these answers and affirmative defenses, Defendants respectfully request that this Court:

(a) Dismiss the Third Party Complaint and Counter-Complaint for Interpleader in its entirety, on the merits, and with prejudice;

(b) Award Feldman's costs and attorneys' fees.

Dated: December 31, 2009

Respectfully submitted,

By: ______________________

Thomas O'Toole
Baroody & O'Toole
201 N. Charles Street, Suite 2102
Baltimore, MD 21201
(410) 539-8413 (telephone)
(410) 539-8411 facsimile)
totoolelaw@aol.com

Of Counsel:
PADUANO & WEINTRAUB LLP
Anthony Paduano
Jordan D. Becker
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100 (telephone)
(212) 785-9099 (facsimile)
ap@pwlawyers.com
jdb@pwlawyers.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 31st day of December 2009, a copy of the foregoing document was mailed, first class postage prepaid, to:

Patrick de Gravelles
CareFirst Blue Cross Blue Shield
Office of Corporate Counsel
840 1st Street, N.E., DC12-08
Washington, DC 20065

Thomas O'Toole