| | |
|---|---|
| FELDMAN'S MEDICAL CENTER PHARMACY, INC., | IN THE |
| Plaintiff and Counter-Defendant, | CIRCUIT COURT |
| v. | FOR |
| CAREFIRST, INC., | BALTIMORE COUNTY |
| Defendant, Counter-Claimant and Third-Party Plaintiff, | Case No. 03-C-09-006257 |
| CAREFIRST OF MARYLAND, INC., | |
| Intervenor, Proposed Defendant, Counter-Claimant and Third-Party Plaintiff | |
| v. | |
| John DOE 1 [Address withheld] | |
| Third-Party Defendant | |
| and | |
| John DOE 2 [Address withheld], | |
| Third-Party Defendant. | |

## MOTION FOR INTERVENTION

Pursuant to Maryland Rule 2-214, CareFirst of Maryland, Inc. ("CFMI") and Defendant, Counter-Claimant and Third-Party Plaintiff CareFirst, Inc. ("CFI") hereby respectfully request that the Court enter an Order allowing CFMI to intervene in this matter, and in support thereof, allege as follows:

1. CFMI is a Maryland corporation, formerly known as BlueCross BlueShield of Maryland ("BCBSMD").

2. In 1997, BCBSMD proposed a merger with an insurer based in the District of Columbia, known since 1985 as Group Hospitalization and Medical Services, Inc. ("GHMSI").

3. After gaining regulatory approval, CFMI and GHMSI became subsidiaries of one holding company, known as CareFirst, Inc., *i.e.* CFI. A timeline explaining this history is available at http://www.carefirst.com/company/html/Timeline.html.

4. CFMI provides insurance in the State of Maryland, while CFI is solely a holding company with no assets other than its subsidiaries.

5. As stated on the website maintained by these entities: "CareFirst, Inc. is the not-for-profit, non-stock, parent company of CareFirst of Maryland, Inc., and Group Hospitalization and Medical Services, Inc., affiliates that do business as CareFirst BlueCross BlueShield." CareFirst BlueCross BlueShield website, available at http://www.carefirst.com/company/html/AboutUsHome.html.

6. CFI does not offer insurance in Maryland or anywhere else. It is simply the holding company for two insurers – CFMI and GHMSI.

7. Defendant Feldman's Medical Center Pharmacy, Inc., ("Feldman's") filed suit in this matter and named CareFirst as the sole defendant.

8. The Complaint is based in significant part on a contract entered into between Feldman's and BCBSMD. *See* Exhibit A to Complaint.

9. CareFirst was never a party to the contract, nor does it have any obligations under the contract.

10. Instead, CFMI is a party to the contract.

11. As party to the contract, CFMI is the proper defendant.

12. Moreover, CFMI has two counterclaims and claims for offset that it wishes to assert in this matter.

13. Both of the counterclaims and the claims for offset are based on Feldman's improper billing practices under the contract which is attached as Exhibit A to the Complaint.

14. The improper billing practices arise from the fact that Feldman's failed to obtain the proper licensure for its business practices involving the sale of durable medical equipment and the sale of factor, which is used in the treatment of hemophilia.

15. This failure to obtain the necessary licensure was in violation of the contract. *See, e.g.*, Para. 9 of Ex. A to the Compl. (requiring Feldman's to provide services "within the scope of [its] professional license or certification").

16. While § 15-1008(c) of the Insurance Article limits some retroactive denials of reimbursement to six months, that limitation does not apply where, as here, the

provider did not "conform with the contractual obligations of the health care provider to the carrier applicable as of the date the service or services were rendered." Ins. Art. § 15-1008(e)(2)(ii)

17.    As a non-party to the contract, CFI will be unable to assert these counterclaims. Thus, CFMI's interests in this matter will not be "adequately represented by existing parties" to the lawsuit. *See* Md. Rule 2-214(a).

18.    Under these circumstances, CFMI can intervene as a matter of right under Md. Rule 2-214(a).

19.    In the alternative, the Court should permit CFMI to intervene, because CFMI's contractual claims against Feldman's share many "question[s] of law or fact in common with the action." *See* Md. Rule 2-214(b)(1).

20.    Feldman's and the DOE Third-Party Defendants (who have not yet been served) will not be prejudiced by allowing CFMI to intervene.

21.    First, according to the Court's Scheduling Order (issued on August 12, 2009), this motion is timely.

22.    Second, almost a month ago counsel for CFI requested that opposing counsel (who represents both Feldman's and the DOE Third-Party Defendants) consent to joining CFMI in this lawsuit for this very reason. A copy of an e-mail is attached as Ex. 1 hereto. Another e-mail was sent concerning the same issue, a copy of which is attached as Ex. 2. Counsel for Feldman's and the Third-Party DOE Defendants never

responded to those requests. Therefore, counsel was put on notice about this issue and was not even concerned enough to reply to two inquiries.

WHEREFORE, Defendant, Counter-Claimant and Third-Party Defendant and Intervenor and Proposed Counter-Claimant and Third-Party Defendant CFMI respectfully requests that the Court enter an Order permitting CFMI to intervene in this matter pursuant to Maryland Rule 2-214.

Dated: January 7, 2010

Respectfully submitted,

_____
Patrick P. de Gravelles
A. Dean Stocksdale
CareFirst BlueCross BlueShield
Litigation General Counsel
1501 S. Clinton Street
Baltimore, Maryland 21224
202-680-7457 (voice) (Mr. de Gravelles)
202-680-7620 (fax) (Mr. de Gravelles)
410-528-7923 (voice) (Mr. Stocksdale)
410-720-5847 (fax) (Mr. Stocksdale)

*Attorneys for Defendant CareFirst, Inc. and Proposed Defendant CareFirst of Maryland, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of January, 2010, a copy of the foregoing Motion for Intervention was mailed, first-class postage prepaid, to Neal C. Baroody, Esq., Baroody & O'Toole, 201 N. Charles Street, Suite 2102, Baltimore, Maryland 21201 and Anthony Paduano, Esq., Paduano & Weintraub, 1251 Avenue of the Americas, Ninth Floor, New York, New York 10020, attorneys for Plaintiff Feldman's Medical Center Pharmacy, Inc.

_____
Patrick de Gravelles