| | |
|---|---|
| FELDMAN'S MEDICAL CENTER PHARMACY, INC.<br><br>    Plaintiff and<br>    Counter-Defendant,<br>v.<br><br>CAREFIRST, INC.<br><br>    Defendant,<br>    Counter-Claimant<br>    And Third-Party<br>    Plaintiff,<br>v.<br><br>John DOES 1 and 2<br><br>    Third-Party<br>    Defendants | IN THE<br><br>CIRCUIT COURT<br><br>FOR<br><br>BALTIMORE COUNTY<br><br>Case No. 03-C-09-006257 |

## OPPOSITION OF DEFENDANT, COUNTER-CLAIMAINT AND THIRD-PARTY PLAINTIFF CAREFIRST, INC. TO PLAINTIFF AND COUNTER-DEFENDANT FELDMAN'S MEDICAL CENTER PHARMACY, INC.'S MOTION FOR SUMMARY JUDGMENT AS TO INTERPLEADER ACTION

Defendant CareFirst, Inc. ("CareFirst"), through the undersigned counsel, respectfully submits this opposition to Plaintiff and Counter-Defendant Feldman's Medical Center Pharmacy, Inc.'s Motion for Summary Judgment as to Interpleader Action (hereafter "Feldman's Summary Judgment Motion"). In support thereof, CareFirst states as follows:

### RELEVANT FACTS

As summed up in the Interpleader Complaint filed by CareFirst, a dispute exists between the parties as to whether the contract cited in Feldman's original Complaint covers factor products, which are used to treat hemophilia. CareFirst contends that the contract does not cover factor products, and therefore to the extent that certain claims for factor provided by Feldman's have been processed, those claims should be paid to John DOES 1 and 2. Feldman's, on the

other hand, contends that it is entitled to payment of those claims directly because the contract covers factor products, and thus Feldman's is a "participating provider" for purposes of those products.

In response to the Interpleader Complaint, Feldman's has filed the instant Motion for Summary Judgment. Its argument as to why it is entitled to summary judgment can easily be summed up as follows: John DOES 1 and 2 have assigned their rights to Feldman's, and therefore Feldman's is entitled to payment in any event – therefore, summary judgment is appropriate. *See* Mem. of Law in Supp. of Feldman's Mot. for S.J. at 3-4. What Feldman's fails to inform the Court, however, is that the very assignments on which Feldman's bases its Motion are invalid *ab initio*, and cannot be relied on for anything.

## ARGUMENT

### I.   STANDARD FOR SUMMARY JUDGMENT

CareFirst does not take issue with the standard for summary judgment set forth by Feldman's. However, Feldman's cannot come close to meeting that standard.

### II.   A TRIABLE ISSUE OF FACT EXISTS BECAUSE THE ASSIGNMENTS ON WHICH FELDMAN'S RELIES ARE INVALID

John DOES 1 and 2 received their health insurance through group plans offered by their respective employers. *See* Attachments A and B to Ex. 1 (Decl. of Jordana Bradley). This means that they are governed by and subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended.

Both of the insurance policies at issue contain express anti-assignment clauses. *Id.*, Attachment A at p. COC-23, § 7.1; Attachment B at p. COC-23, § 7.1. Federal Circuit Courts around the country have held that these very types of anti-assignment provisions are valid and enforceable under ERISA. *See, e.g., Physicians Multispeciality Group v. Health Care Plan of*

*Horton Homes, Inc.*, 371 F.3d 1291, 1295 (11th Cir. 2004) (joining "the majority of federal courts that have concluded that an assignment is ineffectual if the plan contains an unambiguous anti-assignment provision"); *Le-Tourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348, 352 (5th Cir. 2002) (noting the absence of any prohibition on the inclusion of an anti-assignment provision in an employee benefit plan and concluding that "the plain wording of the instant anti-assignment clause leads inexorably to the conclusion that any purported assignment of benefits from [the beneficiary] to [the provider] would be void"); *City of Hope Nat'l Med. Ctr. v. HealthPlus, Inc.*, 156 F.3d 223, 229 (1st Cir. 1998) ("Consistent with the other circuits which have addressed this issue, we hold that ERISA leaves the assignability or non-assignability of health care benefits under ERISA-regulated welfare plans to the negotiations of the contracting parties"); *St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kan., Inc.*, 49 F.3d 1460, 1464-65 (10th Cir. 1995) ("We interpret ERISA as leaving the assignability of benefits to the free negotiations and agreement of the contracting parties"); *Davidowitz v. Delta Dental Plan of Cal., Inc.*, 946 F.2d 1476, 1478 (9th Cir. 1991) ("As a general rule of law, where the parties' intent is clear, courts will enforce non-assignment provisions.")

Because the assignment clauses are the very foundation on which Feldman's Motion for Summary Judgment rests, and because those assignments are invalid *ab initio*, Feldman's Motion simply collapses. Even if Feldman's has some as of yet undisclosed theory as to why the anti-assignment provisions are invalid, there is at minimum a triable issue of fact as to that issue. Therefore, Feldman's is certainly not entitled to judgment as a matter of law.

### III.   OTHER ISSUES PRECLUDE SUMMARY JUDGMENT

The question about the validity of the assignment clauses is not the only triable issue preventing summary judgment. For example, the assignments themselves contain this phrase:

"All pharmacy services will be authorized by my insurance company." Yet, Feldman's has not shown that such authorization was indisputably obtained. Indeed, we would not have a controversy if that were the case. Feldman's also does not in any way address the fact that even if the assignments were valid, DOES 1 and 2 could be responsible for payments to Feldman's above and beyond what Feldman's would receive from any insurance company. This potential for being "balance billed" creates a tension between Feldman's and John DOES 1 and 2. It is highly unlikely that those individuals have an interest in this Motion being granted, but they seem to have little say in as much as they are apparently represented by Feldman's counsel. At a minimum, the Court may want to ask DOES' counsel what the DOES' position is, and whether they have received advice indpedently.

## Conclusion

For the foregoing reasons, CareFirst respectfully requests that the Court deny Feldman's request for Summary Judgment as to the Interpleader Complaint.

Dated: January 27, 2010

_____
Patrick P. de Gravelles
A. Dean Stocksdale
CareFirst BlueCross BlueShield
Litigation General Counsel
1501 S. Clinton Street
Baltimore, Maryland 21224
202-680-7457 (voice) (Mr. de Gravelles)
202-680-7620 (fax) (Mr. de Gravelles)
410-528-7923 (voice) (Mr. Stocksdale)
410-720-5847 (fax) (Mr. Stocksdale)

*Attorneys for Defendant CareFirst, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of January 2010, a copy of Opposition of Defendant, Counter-Claimant and Third-Party Plaintiff to Plaintiff and Counter-Defendant Feldman's Medical Center Pharmacy, Inc.'s Motion for Summary Judgment as to Interpleader Action was mailed, first-class, postage prepaid to Neal C. Baroody, Esq., Baroody & O'Toole, 201 N. Charles Street, Suite 2102, Baltimore, Maryland 21201 and Anthony Paduano, Esq., Paduano & Weintraub, 1251 Avenue of the Americas, Ninth Floor, New York, New York 10020, attorneys for Plaintiff Feldman's Medical Center Pharmacy, Inc.

_____
Patrick de Gravelles