| | |
|---|---|
| FELDMAN'S MEDICAL CENTER PHARMACY, INC., | IN THE |
| Plaintiff and Counter-Defendant, | CIRCUIT COURT |
| v. | FOR |
| CAREFIRST, INC., | BALTIMORE COUNTY |
| Defendant, Counter-Claimant and Third-Party Plaintiff, | Case No. 03-C-09-006257 |
| v. | |
| John DOES 1 and 2 | |
| Third-Party Defendants | |

## DEFENDANT CAREFIRST, INC.'S MOTION TO QUASH SUBPOENA FOR DEPOSITION OF MARIA TILDON

Defendant CareFirst, Inc. ("CareFirst"), through the undersigned counsel, respectfully requests that the Court enter an Order, pursuant to Rule 2-403(a) quashing the subpoena issued for the deposition of Maria Tildon. In support thereof, CareFirst states as follows:

### RELEVANT FACTS

The instant case involves a dispute about whether Feldman's Medical Center Pharmacy, Inc. ("Feldman's") is entitled to payment for factor products, which are blood agents used to treat hemophilia. CareFirst contends that: 1) it is not a proper party in as much as it is a holding company; and 2) Feldman's did not have the proper licensure under Maryland law to distribute factor products. A subsidiary question, as evidenced in the interpleader action filed by CareFirst, is whether a contract that Feldman's had with a CareFirst affiliate covered factor products, or

2010 FEB -1  AM 10: 54

whether it was limited, as CareFirst contends, to durable medical equipment, or "DME". Neither party disputes that factor products fall outside the definition of DME.

Feldman's issued numerous subpoenas for CareFirst employees. One of those individuals is Maria Tildon, who is CareFirst of Maryland, Inc.'s[1] Senior Vice President, Public Policy and Community Affairs. As explained by her affidavit (attached as Exhibit 1), Ms. Tildon has been with CareFirst for approximately three-and-one half years. She manages and oversees external relationships and develops public policy at the federal, state and local government levels. She also manages internal and external communications as well as corporate giving and volunteerism. She does not work with providers, become involved in medical policy or make decisions that bear on coverage issues. Before she received the subpoena in this case, Ms. Tildon had not even heard of Feldman's or this dispute.

**ARGUMENT**

The scope of discovery laid out in Md. Rule 2-402(a). Information must be relevant to the subject matter of the lawsuit, meaning that it relates to a claim or defense. The Court can grant a motion protecting a person from "annoyance ... or undue burden...." Md. Rule 2-403(a). The Court can issue such an order barring discovery when a proposed deponent submits an affidavit that establishes the right to such an order. *Mullaney v. Aude*, 126 Md.App.m 639, 660 (1999). It is axiomatic that a person with no personal knowledge about the facts of a case should be excused from having to testify. *Jones v. State*, 403 Md. 267, 279 (2008).

Ms. Tildon has submitted an affidavit explaining her position and her responsibilities at CareFirst. Simply put, she does not know anything that can reasonably said to be relevant to this

case or relate to any claim or defense. Under these circumstances, it would be a waste of the parties' resources as well as an unreasonable imposition on Ms. Tildon to require her to undergo a deposition just to prove that she has nothing relevant to say.

## CONCLUSION

For the foregoing reasons, CareFirst respectfully requests that the Court enter an order pursuant to Md. Rule 2-403(a) quashing the subpoena issued for the deposition of Maria Tildon.

Dated: February 1, 2010

Patrick P. de Gravelles
A. Dean Stocksdale
CareFirst BlueCross BlueShield
Litigation General Counsel
1501 S. Clinton Street
Baltimore, Maryland 21224
202-680-7457 (voice) (Mr. de Gravelles)
202-680-7620 (fax) (Mr. de Gravelles)
410-528-7923 (voice) (Mr. Stocksdale)
410-720-5847 (fax) (Mr. Stocksdale)

*Attorneys for Defendant CareFirst, Inc.*

---

[1] CareFirst, Inc. is the sole member of CareFirst of Maryland, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of February 2010, a copy of Defendant CareFirst, Inc.'s Motion to Quash Subpoena for Deposition of Maria Tildon was mailed, first-class, postage prepaid to Neal C. Baroody, Esq., Baroody & O'Toole, 201 N. Charles Street, Suite 2102, Baltimore, Maryland 21201 and Anthony Paduano, Esq., Paduano & Weintraub, 1251 Avenue of the Americas, Ninth Floor, New York, New York 10020, attorneys for Plaintiff Feldman's Medical Center Pharmacy, Inc.

_____
Patrick de Gravelles