IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FELDMAN'S MEDICAL CENTER
PHARMACY, INC.                          *
                                        *
Plaintiff and Counter-Defendant         *
                                        *
        v.                              *
                                        *
                                        *   Civil Action No.:  WDQ-10-254
                                        *
                                        *
                                        *
CAREFIRST, INC.                         *
                                        *
Defendant, Counter-Plaintiff and        *
   Third-Party Plaintiff                *
                                        *
                                        *

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *   *  *  *  *  *  *  *  *  *  *  *  *  *  *

## RESPONSE TO STANDING ORDER CONCERNING REMOVAL

Defendant CareFirst, Inc. ("CareFirst") submits the following response to the Court's Standing Order Concerning Removal.

1.    CareFirst was served on June 2, 2009.

2.    N/A.

3.    As explained in Paragraph 12 of the Notice of Removal, Plaintiff did not indicate that it was relying on an assignment of ERISA benefits until Plaintiff filed its response to an interpleader action that CareFirst filed.  That response was served by mail on December 31, 2009.  A true and correct copy of the document that, for the first time in this litigation, contained mention of the assignments is attached hereto as Exhibit A.[1]

---

[1] It appears that this document was not docketed by the clerk of the Circuit Court for Baltimore County, therefore it may have inadvertently been omitted from Exhibit A to

4.    N/A.

5.    None.

Respectfully submitted,


_____/s/_____
A. Dean Stocksdale
Bar No. 28416
Associate General Counsel
Group Hospitalization and Medical
Services, Inc.
10455 Mill Run Circle
Owings Mills, Maryland  21117
(410) 998-5487
Attorney for CareFirst

---

the Notice of Removal.  CareFirst will undertake to review whether any other documents
were likewise omitted and will file an amended Exhibit A shortly.

# EXHIBIT A

| | |
|---|---|
| FELDMAN'S MEDICAL CENTER PHARMACY, INC., | IN THE |
| Plaintiff and Counter-Defendant, | CIRCUIT COURT FOR |
| | BALTIMORE COUNTY |
| v. | |
| CAREFIRST, INC. | |
| Defendant, Counter-Claimant and Third-Party Plaintiff, | Civil Action No. 03-C-09-006257 |
| John DOE 1 [Address withheld] | |
| Third-Party Defendant, | |
| John DOE 2 [Address withheld] | |
| Third-Party Defendant. | |

(stamp) RECEIVED AND FILED 2010 JAN -4 PM 2:02 CLERK OF THE CIRCUIT COURT BALTIMORE COUNTY

### PLAINTIFF/COUNTER-DEFENDANT FELDMAN'S MEDICAL CENTER PHARMACY, INC.'S RESPONSE TO MOTION FOR ORDER DIRECTING CLERK TO ACCEPT INTERPLEADER AMOUNT AND <u>MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR HEARING</u>

Plaintiff/Counter-Defendant Feldman's Medical Center Pharmacy, Inc. ("Feldman's") respectfully files this (i) Response to Defendant/Counter-Claimant/Third-Party Plaintiff CareFirst, Inc.'s ("CareFirst") Motion for Order Directing Clerk to Accept Interpleader Amount, (ii) Motion for Summary Judgment, and (iii) Request for Hearing. Feldman's moves for summary judgment pursuant to Maryland Rule 2-501, on the ground that there is no genuine dispute as to any material fact and that Feldman's is entitled to judgment as a matter of law. In support thereof, Feldman's states as follows:

1.      Pursuant to Maryland Rule 2-221, "[a]n action for interpleader or in the nature of interpleader may be brought against two or more adverse claimants who claim or may claim to be entitled to property." MD Rules, Rule 2-221

2.      Each of John DOE 1 and John DOE 2 has previously assigned and transferred to Factor Health Management, Inc. ("FHM") – the parent company of Feldman's – and FCS Pharmacy, Inc. ("FCS") – an affiliate of Feldman's – all rights to "reimbursement payable to me for services provided by FHM, FCS and its associated contract providers. I agree to immediately turn over to FHM, either by endorsing any check that I receive, or by sending the amount of the payment that I receive, for services rendered by FHM, FCS or its associated contract providers.  Under no circumstances shall I retain any such payment." See Service Agreement/Assignment of Benefits, attached as Exhibits A and B to the Affidavit of Jarrett Bostwick, Esq., which is attached hereto as Exhibit 1 (the "Bostwick Aff.").

3.      As described in the affidavits of John DOE 1 and John DOE 2 attached hereto as Exhibits 2 and 3, respectively, each of John DOE 1 and John DOE 2 has disclaimed any entitlement to payment for the claims submitted to CareFirst relating to factor products John DOE 1 and John DOE 2 received from Feldman's.

4.      Feldman's, on the one hand, and John DOES 1 and 2, on the other hand, are therefore not adverse claimants vis-a-vis any reimbursement or other payments in respect of the claims submitted to CareFirst for factor products John DOE 1 and John DOE 2 received from Feldman's.

2

## Conclusion

For the reasons stated above and in the accompanying memorandum of law, Feldman's respectfully requests the Court grant the motion for summary judgment, deny CareFirst's motion to direct the clerk to accept the interpleader amount, and order CareFirst to make any payment in respect of the claims for John DOE 1 and John DOE 2 directly to Feldman's.

Dated: December 31, 2009

Respectfully submitted,

By: _____

Thomas O'Toole
Baroody & O'Toole
201 N. Charles Street, Suite 2102
Baltimore, MD 21201
(410) 539-8413 (telephone)
(410) 539-8411 facsimile)
totoolelaw@aol.com

Of Counsel:
PADUANO & WEINTRAUB LLP
Anthony Paduano
Jordan D. Becker
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100 (telephone)
(212) 785-9099 (facsimile)
ap@pwlawyers.com
jdb@pwlawyers.com

Attorneys for Feldman's Medical Center
Pharmacy, Inc.

# REQUEST FOR HEARING

Plaintiff, through its undersigned counsel, requests a hearing.

Thomas O'Toole

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 31st day of December 2009, a copy

of the foregoing document was mailed, first class postage prepaid, to:

> Patrick de Gravelles
> CareFirst Blue Cross Blue Shield
> Office of Corporate Counsel
> 840 1st Street, N.E., DC12-08
> Washington, DC  20065

Thomas O'Toole

4

EXHIBIT 1

| | |
|---|---|
| FELDMAN'S MEDICAL CENTER PHARMACY, INC., | IN THE |
| | CIRCUIT COURT FOR |
| Plaintiff and Counter-Defendant, | BALTIMORE COUNTY |
| v. | |
| CAREFIRST, INC. | |
| Defendant, Counter-Claimant and Third-Party Plaintiff, | Civil Action No. 03-C-09-006257 |
| John DOE 1 [Address withheld] | |
| Third-Party Defendant, | |
| John DOE 2 [Address withheld] | |
| Third-Party Defendant. | |

## AFFIDAVIT OF JARRETT BOSTWICK, ESQ. IN SUPPORT OF PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

STATE OF *FLORIDA* )
                          ) ss.:
COUNTY OF *PALM BEACH* )

JARRETT BOSTWICK, under penalty of perjury, deposes and says:

1. I am the Chief Executive Officer and General Counsel of Factor Health Management, Inc., the parent company of Plaintiff Feldman's Medical Center Pharmacy, Inc. I submit this Affidavit in support of Feldman's Motion for Summary Judgment.

2.    Feldman's, a pharmacy in Columbia, Maryland, provides a very expensive blood clotting factor treatment ("factor") to patients throughout the United States who are suffering from hemophilia or other blood clotting disorders. Hemophilia and other blood clotting disorders are life threatening diseases which often require this very costly factor treatment. Feldman's has provided specialty pharmacy and health management care coordination services to patients since 1986.

3.    Pursuant to the rules of Blue Cross Blue Shield Association (the "BCBSA") and the BlueCard system, Feldman's is permitted to service any patient who is insured by a BCBSA licensee. The BCBSA licensee that is local to the service provider – the "host plan," in this case CareFirst – is then responsible for administering the claims on behalf of the BCBSA licensee with whom the patient has its insurance. The two patients whose claims are at issue in the Third Party Complaint, however, are directly insured by CareFirst, so CareFirst is solely responsible for the administration and payment of the claims.

4.    Despite Feldman's' rendering of Covered Services pursuant to the Professional Provider Agreement between Feldman's and CareFirst (the "PPP Agreement"), and the timely submission of claims for payment, in breach of the PPP Agreement CareFirst has failed and refused to correctly and timely pay $1,588,127.77 in legitimate claims submitted by Feldman's as of April 14, 2009, the date the Complaint was filed.

2

5.     CareFirst now proposes to pay certain post-December 11, 2008 claims in respect of factor products provided by Feldman's to two patients who are insured by CareFirst.

6.     CareFirst asserts that "Feldman's has a claim of entitlement [to the payments to be made CareFirst] that is adverse to the claims of John DOES 1 and 2 for the amounts due under the post-December 11, 2008 claims for factor products supplied to those two individuals." (Third Party Compl. ¶ 38) But CareFirst's assertion is clearly and demonstrably false.

7.     Each of the patients whose claims CareFirst proposes to pay has (a) signed a Service Agreement/Assignment of benefits in which it assigned and transferred all right to reimbursement for such claims to Factor Health Management, Inc. ("FHM") – the parent company of Feldman's – and FCS Pharmacy, Inc. ("FCS") – an affiliate of Feldman's, and (b) submitted an affidavit to the Court further clarifying that he disclaims any right to payment in respect of the factor products provided to him by Feldman's.

8.     Attached as Exhibit A is a true and correct copy of the Service Agreement/Assignment of Benefits signed by John DOE 1.

9.     Attached as Exhibit B is a true and correct copy of the Service Agreement/Assignment of Benefits signed by John DOE 2.

10.    Attached as Exhibit C is a spreadsheet prepared by Feldman's showing the total amount due for the factor products supplied by Feldman's to John DOES 1 and 2 after December 11, 2008.

3

11.     Following the service of the Third Party Complaint by CareFirst, Feldman's offered to indemnify CareFirst in the event that any patient, in respect of whose claims payment is made to Feldman's, files any legal action against, or makes any demand or claim to, CareFirst for payment of such claims. Such offer was refused by CareFirst.

4

This affiant, Jarrett Bostwick, Esq., herein being duly sworn upon oath, deposes and states that the facts stated in the foregoing affidavit are true and correct according to his best knowledge, information and belief.

Dated: 12/28/09

Jarrett Bostwick

Subscribed and sworn to before me this 28th day of December, 2009.

Notary Public

My commission expires 12/12/13

5

EXHIBIT A

**FactorHealth**   Material Redacted    FCSPharmacy

## SERVICE AGREEMENT/ASSIGNMENT OF BENEFITS

Patient Name:

Patient ID Number: _____   Date: 10/11/08

**Consent for Treatment**
I consent to treatment and services provided by FactorHealth Management, LLC™ (FactorHealth™), FCS Pharmacy, LLC™ (FCS™), and/or associated contract providers consistent with a plan of care authorized by my physician, FactorHealth™ care team, and myself. All pharmacy services will be authorized by my insurance company. I understand that enrollment is my choice and that I can disenroll at any time.

**Consent for Record Retention/Acknowledgement of Receipt of Notice of Privacy Practices/ Patient's Rights and Responsibilities.**
I understand that FactorHealth™, FCS™, and its associated contract providers will keep a record of my care. I acknowledge that I have received a copy of: (i) FactorHealth™ and FCS™ HIPAA Notice of Privacy Practices for Personal Health Information, which describes how FactorHealth™, FCS™, and/or associated contract providers may use and disclose the information contained in my record and explains my rights with respect to such information; (ii) FactorHealth's™ Confidentiality Policy; (iii) a written description of Patient's Rights and Responsibilities; and (iv) FactorHealth's™ Grievance Procedure.

**Assignment of Benefits/Authorization for Payment/ Financial Responsibility**
In consideration of services provided by FactorHealth™, FCS™, and its associated contract providers, I hereby assign and transfer to FactorHealth™ and FCS™ all rights, title, and interest to reimbursement payable to me for services provided by FactorHealth™, FCS™, and its associated contract providers. I agree to immediately turn over to FactorHealth™ any payment I receive, either by endorsing any check I receive or by sending the amount of the payment I receive, for services rendered by FactorHealth™, FCS™, or its associated contract providers. Under no circumstance shall I retain any such payment.

I request that FactorHealth™ act on my behalf to submit charges for services rendered by FCS™ or its associated contract providers, and I hereby authorize payment directly to FactorHealth™, FCS™, or its associated contract providers of any benefits otherwise payable for items/services at a rate not to exceed FactorHealth's™ regular charges for such items/services. I hereby authorize FactorHealth™, FCS™, or its associated contract pharmacies to bill for services and receive payment directly from my private health insurance, Medicare, and/or Medicaid.

I understand that I am responsible for and will pay in full the portion of my bill not covered by insurance companies, government agencies, or third party payors, including, but not limited to, any applicable co-payments, share of cost payments, deductibles, denials, and charges for services not covered by my insurance company, a governmental agency, or third party payor, such as charges for services that are determined by such entity not to be medically necessary or not covered under the terms of my health plan. In consideration of services to be provided, I agree to pay FactorHealth™ and FCS™ in accordance with the regular rates and terms of each applicable provider. Should the account be referred to an attorney or collection agency for collection, I agree to pay reasonable attorneys' fees and collection expenses.

**Relationship between Physician and FactorHealth Management, LLC™**

1

FACTORHEALTH
A L L I A N C E™
7700 Congress Avenue, Suite #3109, Boca Raton, FL 33487
T#: (866) 322-3461 F#: (561) 981-8804

 **FactorHealth**™

 **FCSPharmacy**™

FactorHealth™ will work with my physician and incorporate my physician's treatment plan within the FactorHealth™ care plan. I understand that my physician is not an employee, an agent, or associated in any way with FactorHealth™ or FCS™. FactorHealth™, FCS™, and its associated contract pharmacies shall not be liable for any act or omission of my physician or for following my physician's orders.

**Signature of Agreement/Witness**

_____
Legal Name of Patient

_____     Date
Signature of Patient, Parent, or Legal Guardian     10/11/08
                                                      Date

_____     _____
Witness                                Date

_____     10/14/08
Signature of FactorHealth™/FCS™ Representative/Title     Date

*Material Redacted*

_____    2

**FACTORHEALTH**
ALLIANCE™

7700 Congress Avenue, Suite #3109, Boca Raton, FL 33487
T#: (866) 322-3461 F#: (551) 981-8804

EXHIBIT B

Material
Redacted

## SERVICE AGREEMENT/ASSIGNMENT OF BENEFITS

Patient Name:

Patient ID Number: _____     Date: ___11/07/06___

**Consent for Treatment**
I consent to treatment and services provided by Factor Health Management, LLC (FHM), FCS Pharmacy LLC (FCS) and/or associated contract providers consistent with a plan of care authorized by my physician, FHM care team and myself. All pharmacy services will be authorized by my insurance company. I understand that enrollment is my choice and that I can disenroll at any time.

**Consent for Record Retention/Acknowledgement of Receipt of Notice of Privacy Practices/ Patient's Rights and Responsibilities.**
I understand that FHM, FCS and its associated contract providers will keep a record of my care. I acknowledge that I have received a copy of: (i) FHM and FCS' HIPAA Notice of Privacy Practices for Personal Health Information, which describes how FHM, FCS and/or associated contract providers may use and disclose the information contained in my record and explains my rights with respect to such information; (ii) FHM's Confidentiality Policy; (iii) a written description of Patient's Rights and Responsibilities; and (iv) FHM's Grievance Procedure.

**Assignment of Benefits/Authorization for Payment/ Financial Responsibility**
In consideration of services provided by FHM, FCS and its associated contract providers, I hereby assign and transfer to FHM and FCS all rights, title and interest to reimbursement payable to me for services provided by FHM, FCS and its associated contract providers. I agree to immediately turn over to FHM, either by endorsing any check that I receive, or by sending the amount of the payment that I receive, for services rendered by FHM, FCS or its associated contract providers. Under no circumstance shall I retain any such payment.

I request that FHM act on my behalf to submit charges for services rendered by FCS or its associated contract providers and I hereby authorize payment directly to FHM, FCS or its associated contract providers of any benefits otherwise payable for items/services, at a rate not to exceed FHM's regular charges for such items/services. I hereby authorize FHM, FCS or its associated contract pharmacies to bill for services and receive payment directly from my private health insurance, Medicare and/or Medicaid.

I understand that I am responsible for and will pay in full the portion of my bill not covered by insurance companies, governmental agencies or third party payors, including, but not limited to, any applicable co-payments, share of cost payments, deductibles, denials and charges for services not covered by my insurance company, a governmental agency or third party payor, such as charges for services that are determined by such entity not to be medically necessary or not covered under the terms of my health plan. In consideration of services to be provided, I agree to pay FHM and FCS in accordance with the regular rates and terms of each applicable provider. Should the account be referred to an attorney or collection agency for collection, I agree to pay reasonable attorney's fees and collection expenses.

**Relationship between Physician and Factor Health Management**
FHM will work with my physician and incorporate my physician's treatment plan within the FHM care plan. I understand that my physician is not an employee or agent or associated in any way with FHM or FCS. FHM, FCS and its associated contract pharmacies shall not be liable for any act or omission of my physician or for following my physician's orders.

1



**Factor Health Management, LLC**
(Care, Quality, Community Impact)

7700 Congress Avenue, Suite #3105, Boca Raton, FL 33487
T#: (866) 322-3461 F#: (561) 981-8804

Signature of Agreement/ Witness

_____     11/07/07
Legal Name of Patient                          Date

_____     _____
Signature of Patient, Parent or Legal Guardian          Date

_____     _____
Witness                                            Date

_____     _____
Signature of FHM/FCS Representative/ Title          Date

## Material
## Redacted

2


**Factor Health**
**Management, LLC**
Time, Quality, Community Support

7700 Congress Avenue, Suite #3109, Boca Raton, Fl. 33487
Tel: (866) 322-3461 Fax: (561) 981-8804

EXHIBIT C

Factor Health Management
for Feldmans Medical Center
Account Receivable Summary

| Inv # | Patient Name | Date of Birth | Payor | Policy | Date of Servic | Date Billed | HCPC | NDC # | Units Billed | Age | Amt. Charged | Expected | Total Payments | CPR Outstanding |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17633 | John DOE 1 | 12/02/69 | BC BS CareFirst | XIP90085467 | 03/15/09 | 03/30/09 | J7193 | 68516-3600-02 | 73,990 | 273 | $ 47.00 | $ - | | $ - |
| 17514 | John DOE 1 | 12/02/69 | BC BS CareFirst | XIP90085467 | 03/11/09 | 03/19/09 | J7193 | 68516-3600-02 | 73,650 | 284 | $ 109,636.33 | $ 75,469.80 | | $ 75,469.80 |
| 16843 | John DOE 1 | 12/02/69 | BC BS CareFirst | XIP90085467 | 01/17/09 | 01/23/09 | J7193 | 68516-3600-02 | 73,650 | 339 | $ 109,636.55 | $ 75,123.00 | | $ 75,123.00 |
| 16368 | John DOE 1 | 12/02/69 | BC BS CareFirst | XIP90085467 | 12/13/08 | 12/16/08 | J7193 | 68516-3600-02 | 73,650 | 377 | $ 109,602.00 | $ 75,123.00 | | $ 75,123.00 |
| 17790 | John DOE 2 | 10/30/77 | BC BS CareFirst | XIP90423478 | 04/06/09 | 04/06/09 | J7192 | 00026-3793-30 | 30,744 | 263 | $ 53,802.00 | $ 37,507.68 | | $ 37,507.68 |
| 17313 | John DOE 2 | 10/30/77 | BC BS CareFirst | XIP90423478 | 02/26/09 | 02/27/09 | J7192 | 00026-3793-30 | 30,656 | 304 | $ 53,298.00 | $ 37,156.32 | | $ 37,156.32 |
| 16702 | John DOE 2 | 10/30/77 | BC BS CareFirst | XIP90423478 | 01/30/09 | 01/30/09 | J7192 | 00026-3793-30 | 31,596 | 349 | $ 55,289.00 | $ 38,547.12 | | $ 38,547.12 |
| 16348 | John DOE 2 | 10/30/77 | BC BS CareFirst | XIP90423478 | 12/12/08 | 12/12/08 | J7192 | 00026-3793-30 | 30,936 | 381 | $ 54,138.00 | $ 37,741.92 | | $ 37,741.92 |

Total Accounts Receivable as of 12/28/2009

$ 544,252.88 | $ 376,668.84 | | $ 376,668.84

EXHIBIT 2

MATERIAL
REDACTED

| | |
|---|---|
| FELDMAN'S MEDICAL CENTER PHARMACY, INC.,<br>          Plaintiff, | IN THE |
| | CIRCUIT COURT |
| v. | FOR |
| CAREFIRST, INC,<br>          Defendant. | BALTIMORE COUNTY |
| | Case No. 03-C-09-6257 |

---

STATE OF MARYLAND )
                                              )  ss.:
COUNTY OF [CECIL]      )

### AFFIDAVIT OF

. under penalty of perjury, deposes and says:

1.      I am 40 years old and reside at

2.      I have been insured by CareFirst, Inc. ("CareFirst").

3,      I have been a customer of Feldman's Medical Center Pharmacy, Inc. ("Feldman's") and was a customer of Feldman's on the dates of service for all claims regarding me that are at issue in this lawsuit.

4.      I have not paid for any of the Factor I received from Feldman's and therefore disclaim any entitlement to any money paid by CareFirst in satisfaction of the claims submitted to CareFirst for Factor that was provided to me by Feldman's.

5.      I consent to the reliance on this Affidavit by both Feldman's and CareFirst for any purpose related to the above-captioned matter.

This affiant, _____ herein, being duly sworn upon oath, deposes and states that the facts stated in the foregoing affidavit are true and correct according to his best knowledge, information and belief.

Dated: _12/30/2009_

Subscribed and sworn to before me this _30th_ day of December, 2009.

_Beth Lee Howard_
Notary Public

My commission expires
_March 20, 2013_

**MATERIAL**
**REDACTED**

2

EXHIBIT 3

MATERIAL
REDACTED

FELDMAN'S MEDIC AL CENTER
PHARMACY, INC.,
     Plaintiff,

v.

CAREFIRST, INC.
     Defendant.

IN THE

CIRCUIT COURT

FOR

BALTIMORE COUNTY

Case No. 03-C-09-6257

---

WASHINGTON          )
                         )   ss.:
DISTRICT OF COLUMBIA  )

## AFFIDAVIT OF

                     under penalty of perjury, deposes and says:

1.      I am 32 years old and reside at

2.      I have been insured by CareFirst, Inc. ("C areFirst").

3.      I have been a customer of Feldman's Medical Center Pharmacy, Inc. ("F eldman's") and was a customer of Feldman's on the dates of service for all claims regarding me that are at issue in this lawsuit.

4.      I have not paid for any of the Factor I received from Feldman's and therefore disclaim any entitlement to any money paid by CareFirst in satisfaction of the claims submitted to CareFirst for Factor that was provided to me by Feldman's.

5.      I consent to the reliance on this Affidavit by both Feldman's and CareFirst for any purpose related to the above-captioned matter.

This affiant,                          herein being duly sworn upon oath, deposes and states that the facts stated in the foregoing affidavit are true and correct according to his best knowledge, information and belief.

Dated: 12/28/2009

Subscribed and sworn to before me this 28th day of December, 2009.

Notary Public

My commission expires

Clifford Hubbard Jr
Notary Public, District of Columbia
My Commission Expires 5/31/2013

MATERIAL
REDACTED

2