PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE: 212-785-9100
TELECOPIER: 212-785-9099

June 18, 2010

**VIA ELECTRONIC FILING AND FEDERAL EXPRESS**

Hon. William D. Quarles, Jr.
United States District Judge
United States District Court for the District of Maryland
Baltimore Division
101 W. Lombard Street
Baltimore, Maryland 21201

> Re:  Feldman's Medical Center Pharmacy, Inc.
>      v. CareFirst, Inc., Civil Action No. 1:10-cv-00254-WDQ

Dear Judge Quarles:

We represent the plaintiff in this matter, Feldman's Medical Center Pharmacy, Inc. ("Feldman's). I write to request that the Court schedule a conference to discuss outstanding discovery issues. This matter was removed by Defendant CareFirst, Inc. ("CareFirst") on February 1, 2010 from the Circuit Court for Baltimore County. Following a telephonic conference with the Court on February 24, 2010, Feldman's filed a motion for remand on March 3, 2010. CareFirst filed its opposition on March 17, 2010, and Feldman's filed its reply papers on March 31, 2010. During the conference on February 24, the Court made it clear to the parties that it would not address discovery and other motions until the Court ruled on the motion to remand.

During the pendency of the motion to remand, the parties have engaged in some discovery, however, there is a particular dispute that has prejudiced Feldman's ability to obtain important evidence. Specifically, Feldman's noticed three important depositions of CareFirst employees, Winston Wong, Dr. Daniel Winn and Janet Chavarria. These depositions were originally scheduled to take place on April 27-29, 2010. However, they were adjourned at the request of counsel for CareFirst. When I contacted counsel for CareFirst to reschedule the depositions, he refused to do so.

PADUANO & WEINTRAUB LLP
Hon. William D. Quarles, Jr.
United States District Judge
June 18, 2010
Page 2

Further, counsel made it clear that if we continued to seek the depositions, he would file a motion for a protective order, which, considering the Court's position on discovery motions, would result in the depositions not taking place. CareFirst's stance has made it impossible for Feldman's to schedule the depositions.

Therefore, we respectfully request that the Court schedule a status conference to resolve discovery issues pending the Court's ruling on the motion to remand.

Respectfully submitted,

Jordan D. Becker

cc:    Patrick P. de Gravelles, Esq. (via electronic filing and Federal Express)
       Dean Stocksdale, Esq. (via electronic filing and Federal Express)
       Thomas O'Toole, Esq. (via electronic filing and Federal Express)