```
              IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *
FELDMAN'S MEDICAL CENTER
PHARMACY, INC.,               *

     Plaintiff,               *

                              *

         v.                   *        CIVIL NO.: WDQ-10-0254
                              *

CAREFIRST, INC.,              *

     Defendant.               *

                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Feldman's Medical Center Pharmacy, Inc. ("FMCP") sued CareFirst, Inc. for breach of contract, unjust enrichment and bad faith in the Circuit Court for Baltimore County. CareFirst removed to this Court on the ground that one of FMCP's claims was completely preempted by § 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), thus providing federal question jurisdiction. For the following reasons, FMCP's motion to remand will be denied.

I.   Background

FMCP is a Maryland specialty pharmacy that dispenses drugs used to treat hemophilia, von Willebrand's disease,[1] hepatitis, and HIV.  Compl. ¶ 1.  CareFirst is a Maryland health insurer, an independent licensee of the Blue Cross Blue Shield Association.  *Id*. ¶ 2.  Under an August 1997 subscriber agreement (the "Participating Professional Provider Agreement" or "PPP"), FMCP became a participating provider in CareFirst's network.  *Id*.; Ex. A [hereinafter the "PPP"].  CareFirst agreed to reimburse FMCP for "Covered Services rendered to [CareFirst] Members."  PPP ¶ 20.  A "Covered Service" is a "medically necessary service or supply provided to a Member for which the Member is entitled to receive a benefit under the [CareFirst] Program in which he/she is enrolled."  Compl. ¶ 3.  A "Member" is "any eligible person covered under a [CareFirst] Program."  *Id*. ¶ 4.

On June 1, 2009, FMCP sued CareFirst in the Circuit Court for Baltimore County for breach of contract, unjust enrichment, and bad faith.  The Complaint alleged that CareFirst had failed "to correctly and timely pay $1,588,127.77 in legitimate claims submitted by [FMCP]."  *Id*. ¶ 9.  The "services" for which FMCP

---

[1] Von Willebrand's disease is "[a] hereditary predisposition to hemorrhaging characterized by bleeding from mucous membranes and various abnormalities in the blood components responsible for clotting."  *Compact American Medical Dictionary* 489 (1998).

2

claims reimbursement appear to involve FMCP's provision of "factor," a blood-clotting substance used in the treatment of hemophilia.  *See* Compl. ¶ 6; Mot. to Remand 3.

In Counts I and II (breach of contract and unjust enrichment), FMCP pled alternative theories of recovery.  *See* Compl. ¶¶ 29, 35.  The Complaint alleges that CareFirst is in breach of contract and was unjustly enriched because "[FMCP] properly provided Covered Services to patients pursuant to the PPP Agreement and is entitled to be paid thereunder"; "alternative[ly], [FMCP] is entitled to be reimbursed as an out-of-network provider for the Covered Services it provided to CareFirst's insureds."  *Id*.

The Complaint focused on the PPP, under which FMCP became an "in-network" or "participating" provider for covered services provided to CareFirst Members.  *See* ¶¶ 8-9, 13-16.  The Complaint does not state the basis of FMCP's alterative claim that it is entitled to reimbursement as an "out-of-network provider."  *Id*. ¶¶ 29, 35.[2]  On September 11, 2009, FMCP

---

[2] CareFirst notes that the terms "in-network" and "out-of-network" are not interchangeable with "participating" and "non-participating." *See* Opp., Ex. 3 (Michelle Powell Decl. ¶¶ 6-8, Mar. 16, 2010).  The parties appear to agree that the providers FMCP refers to as "in-network" providers have a right to reimbursement from CareFirst under a PPP for services rendered to CareFirst members, while "out-of-network" providers must usually seek reimbursement from CareFirst's members for covered

responded to an interrogatory about agreements with CareFirst that FMCP relied on in asserting its claims.  Opp., Ex. 1.  The response stated that "[FMCP] is entitled to provide factor to . . . patients as an out-of-network provider to the extent any such patient's health benefits provide for such coverage."  *Id.*

CareFirst then filed a Third-Party Complaint and Counter-Complaint for Interpleader, naming FMCP patients "John Does 1 and 2" ("the Does") as third-party defendants.  Paper No. 17 [hereinafter "Third-Party Compl."].  The Interpleader Complaint alleged that FMCP was a "non-participating provider" of factor because the PPP did not cover that treatment.  *See* Third-Party Compl. ¶¶ 8-11.  Because FMCP was a "non-participating provider," any CareFirst member who obtained factor at FMCP was required to submit a claim to CareFirst, which would reimburse the member--not FMCP.  *Id.* ¶ 14.  FMCP could then seek payment from the member.  *Id.*

CareFirst alleged that the Does were members who had obtained factor from FMCP, and asserted that the interpleader was necessary because FMCP and the Does had potentially adverse claims.  CareFirst maintained that if the court found that FMCP was a participating provider of factor, CareFirst would have to

_____

services.  This Memorandum Opinion uses the terms interchange-ably.

reimburse FMCP; if FMCP was a non-participating provider,

CareFirst would have to reimburse the Does.  *Id.* ¶¶ 36-37.

On January 4, 2010 FMCP moved for summary judgment on the

FMCP's Third-Party Complaint and opposed the interpleader.[3]

Paper No. 46-7.  FMCP argued that the interpleader was

inappropriate because FMCP's claims were not adverse to the

Does' claims.  As FMCP explained:

> Whether or not [FMCP] is a "Participating Provider" or
> a "Non-Participating Provider"—one of the critical
> issues in the underlying suit—makes no difference in
> determining whether there are any adverse claims.  If
> [FMCP] is a participating provider, then even
> CareFirst acknowledges that [it] would be obligated to
> pay [FMCP] for factor . . . . If [FMCP] is a non-
> participating provider, then the Service Agree-
> ment/Assignment of Benefits and the affidavits of
> John DOES 1 and 2 conclusively prove that FMCP is the
> party entitled to receive payment from CareFirst.

*Id.* 7-8 (internal citation and quotation marks omitted).  FMCP

attached to its motion the Service Agreements/Assignments of

Benefits (the "Assignments") from the Does.  *Id.*, Exs. A, B.

These Assignments stated that "[u]nder no circumstances" was the

insured to retain any payment from his insurer for FMCP products

and authorized FMCP "to bill for services and receive payment

directly from [the patient's] private health Insurance."  *Id.*

On January 25, 2010, FMCP served answers to a second set of

interrogatories.  *See* Opp., Ex. 4.  Interrogatory No. 22 asked:

---

[3] FMCP notes that CareFirst was served with this paper on Decem-
ber 31, 2009.  *See* Paper No. 46-7.

"If you contend that you are entitled to payment of the claims identified in the Complaint as a non-participating provider, specify the basis or bases on which you allege such entitlement." *Id.* FMCP responded:

> The bases for such entitlement are the relevant statutes and member and other contracts, as well as the Assignment of Benefits executed by each of those CareFirst members who received factor products from [FMCP]. Such assignments grant [FMCP] "all rights, title and interest to reimbursement payable to such CareFirst member, in respect of products and services provided to such member by [FMCP].

*Id.* On February 1, 2010, CareFirst removed to this Court. Paper No. 2. On March 3, 2010, FMCP moved to remand. Paper No. 46.

II. Analysis

FMCP argues that remand is required because the Court lacks subject matter jurisdiction, and CareFirst's removal was untimely. CareFirst responds that to the extent FMCP is suing as the assignee of John Does 1 and 2, its breach of contract and unjust enrichment claims are preempted by ERISA's civil enforcement provision, thus providing federal question jurisdiction. CareFirst contends that the February 1, 2010 removal was timely because FMCP's December 31, 2010 opposition to the interpleader revealed for the first time that some of FMCP's claims were preempted.

A.  Removal Under 28 U.S.C. § 1441

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing where such action is pending." To remove a case, the defendant must file a notice of removal in the district court within 30 days after receiving the initial pleading. *Id.* § 1446(a)-(b) (2006).

If the case stated by the initial pleading is not removable, the defendant may remove within 30 days of receiving "an amended pleading, motion or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b). The removing party has the burden of proving subject matter jurisdiction. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court. *Id.*

B.  Subject Matter Jurisdiction and Complete Preemption

CareFirst's Notice of Removal alleged federal question jurisdiction on the ground that at least some of FMCP's state law claims are "completely preempted" by § 502 of ERISA. Gener-

7

ally, removal on the basis of federal question jurisdiction is appropriate only if the plaintiff's "well-pleaded complaint" raises issues of federal law. *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005). Thus, "state law complaints usually must stay in state court when they assert what appear to be state law claims." *Id.* at 440. The complete preemption doctrine is a "narrow exception" to this rule. *See id.* at 439-40. Under this doctrine, "if the subject matter of a putative state law claim has been totally subsumed by federal law . . . then removal is appropriate." *Id.*[4]

"ERISA's civil enforcement provision, § 502(a), completely preempts state law claims that come within its scope and converts these state claims into federal claims under § 502." *Darcangelo v. Verizon Commc'ns., Inc.*, 292 F.3d 181, 187 (4th Cir. 2002) (internal citations and quotation marks omitted).[5] A state claim is preempted by § 502 if: (1) the plaintiff has

---

[4] "[W]hen complete preemption exists, there is no such thing as the state action since the federal claim is treated as if it appears on the face of the complaint because it effectively displaces the state cause of action. Complete preemption thus transforms the plaintiff's state-law claims into federal claims." *Id.* at 441.

[5] *See also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.").

standing under § 502(a); (2) the claim is within the scope of

§ 502(a); and (3) the claim is not capable of resolution without

interpretation of the ERISA plan.   *See Sonoco Prods. Co. v.*

*Physicians Health Plan, Inc.*, 338 F.3d 366, 372 (4th Cir. 2003).[6]

---

[6] *See also, e.g., Deem v. BB&T Corp.*, 279 Fed. Appx. 283, 284 (4th Cir. 2008); *Kuthy v. Mansheim*, 124 Fed. Appx. 756, 757 (4th Cir. 2004); *Hewett v. Tri-State Radiology, P.C.*, 2009 U.S. Dist. LEXIS 85054, at *6 (D. Md. Sept. 17, 2009); *Akney v. Metro Life Ins. Co.*, 438 F. Supp. 2d 566, 572-73 (D. Md. 2006).

   The parties note that some courts of appeals have read the Supreme Court's *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) as establishing a two-part test for preemption under § 502. *See, e.g., Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946-47 (9th Cir. 2009) ("Under *Davila*, a state law cause of action is completely preempted if (1) an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B) and (2) where there is no other independent legal duty that is implicated by a defendant's actions.").   Since *Davila*, the Fourth Circuit and courts in this district have continued to apply the three-part test of *Sonoco Products*. *See, e.g., Deem*, 279 Fed. Appx. at 284; *Hewett*, 2009 U.S. Dist. LEXIS 95054, at *6.

   Although this Court follows the *Sonoco Products* test, FMCP's assignment-based claims are also preempted under the two-part test that has been used in other circuits.   FMCP acknowledges that it *could* sue CareFirst under ERISA by virtue of the Does' assignments.   *See* Mot. to Remand 19.   Further, although FMCP has identified a number of legal duties implicated by CareFirst's actions vis-à-vis FMCP (e.g., breach of the PPP, breach of implied contract, etc.), FMCP has identified no other independent legal duty that is implicated by CareFirst's denial of benefits to the Does.   To the extent FMCP's claims arise under the assignments, those claims are exclusively within the scope of ERISA § 502(a)(1)(B).

1.  Whether FMCP has Standing Under § 502(a)

Under § 502(a)(1)(B), "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan."  29 U.S.C. § 1132(a)(1)(B). It is undisputed that the Does obtained their health insurance from CareFirst through an employer-sponsored plan that is governed by ERISA.  *See* Not. of Removal ¶ 5.  Thus, they were beneficiaries under § 502(a) and would have standing to sue CareFirst for an improper denial of benefits.  *See Davila*, 542 U.S. at 211.

CareFirst argues that FMCP has derivative standing as the assignee of the Does' rights.  Although the Fourth Circuit has "never addressed the question of derivative standing for ERISA benefits," *Brown v. Sikora & Assocs*., 311 Fed. Appx. 568, 570 (4th Cir. 2008), other circuits "have consistently recognized such standing when based on the valid assignment of ERISA . . . benefits by participants and beneficiaries," *id*.[7]  "These [out-of-circuit decisions] represent a careful balance of competing

---

[7] *See, e.g., Conn. State Dental Ass'n v. Anthem Health Plans, Inc*., 591 F.3d 1337, 1347 (11th Cir. 2009); *Franciscan Skemp Healthcare, Inc*., v. *Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 597-98 (7th Cir. 2008); *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 893 (5th Cir. 2003); *Connecticut v. Physicians Health Servs. of Conn., Inc*., 287 F.3d 110, 115 n.4 (2d Cir. 2002); *Blue Cross of Calif. v. Anesthesia Care Assocs. Med. Group, Inc*., 187 F.3d 1045, 1047-51 (9th Cir. 1999); *Cromwell v. Equicor-Equitable HCA Corp*., 944 F.2d 1272, 1277 (6th Cir. 1991).

concerns, in part grounded on the recognition that extending derivative standing to health care providers serves to further the explicit purpose of ERISA in a number of distinct ways." *Id.* This Court will follow these decisions and hold that a healthcare provider may acquire derivative standing under ERISA by obtaining a written assignment from a participant or beneficiary of his right to payment of medical benefits. *Conn. State Dental Ass'n*, 591 F.3d at 1347. Accordingly, FMCP has standing.

2. Whether any Claim is Within the Scope of § 502(a)

That a provider has derivative standing from an assignment is not sufficient for complete preemption; the provider must actually assert a claim under that assignment. *See id.* ("[T]he existence of the assignment is irrelevant to complete preemption if the provider asserts no claim under the assignment."); *Anesthesia Care Assocs.*, 187 F.2d at 1052. The parties appear to correctly agree that to the extent that FMCP is suing as the Does' assignee, its claims are preempted. *See Anesthesia Care Assocs.*, 187 F.3d at 1051 ("ERISA preempts the state law claims of a provider suing as an assignee of a beneficiary's rights to benefits under an ERISA plan."). If FMCP's reimbursement for factor is based on the Does' CareFirst insurance policies, it is

11

suing for benefits under an ERISA plan, and its claims are within § 502(a).

The parties dispute whether FMCP's claims rely on the assignments.  CareFirst cites FMCP's: (1) complaint, which alleged that FMCP was entitled to payment under the PPP Agreement and "*in the alternative, . . . as an out-of-network provider for the Covered Services it provided to CareFirst's insureds,*" Compl. ¶¶ 29, 35; (2) opposition to the inter-pleader, in which FMCP stated that "If [FMCP] is a non-participating provider, then the Service Agreement/Assignment of Benefits and the affidavits of John DOES 1 and 2 conclusively prove that FMCP is the party entitled to receive payment from CareFirst," Paper No. 46-7; and (3) answer to Interrogatory No. 22, which reiterated that "[t]he bases for . . . its entitlement [as a non-participating provider] are the relevant statutes and member and other contracts, *as well as the Assignment of Benefits executed by each of those CareFirst members who received factor products from [FMCP],*" Opp., Ex. 4 (emphasis added).

FMCP contends that, notwithstanding these statements, it is not pursuing relief under the assignments.  *See* Reply 8.  FMCP maintains that although "at some future date, [it] may exercise the right the Assignments yield it and sue [CareFirst] under

12

ERISA § 502(a)(1)(B) . . . it has not proceeded as such in the instant case." Mot. to Remand 19.[8]  The record at the time of removal--which is what the Court looks to on a motion to remand[9]--says otherwise.  FMCP's opposition and response to Interrogatory No. 22 clearly indicated the assignments as an alternative basis for recovery on its breach of contract and unjust enrichment claims.

FMCP also notes that it may seek recovery as an out-of-network provider on bases other than the assignments, such as constructive or implied contract.  Thus, its alternative claim is not necessarily predicated on an ERISA right.[10]  FMCP's only theory of recovery under the assignments--the wrongful denial of benefits to the Does--directly implicates ERISA.  Liability under a constructive or implied contract is based on FMCP's relationship with CareFirst.[11]  That FMCP relies on other

---

[8] FMCP also argues that it will rely on the assignments only if the Court finds that it is an "out-of-network" or "non-participating" provider; thus, its claims are "speculative and . . . latent."  FMCP cites no authority that a claim pled in the alternative is not subject to complete preemption under § 502.

[9] *See* Charles Alan Wright *et al.*, *Federal Practice & Procedure* §§ 3721, 3723 (4th ed. 2010) (collecting cases).

[10] *See Davila*, 542 U.S. at 210 (suit based on legal duty independent of ERISA not subject to complete preemption).

[11] The case on which FMCP relies for its implied and constructive contract theories, *In re Managed Care Litig.*, 298 F. Supp. 2d 1259, 1290-94 (S.D. Fla. 2003) recognized that such claims may

theories in support of its claims does not remove its assignment-based claims from ERISA.[12]  Because FMCP's assignment-based claims allege the improper denial of benefits to the Does, they are ERISA claims.  *See Conn. State Dental Ass'n*, 591 F.3d at 1351 (portions of claims arising solely under ERISA were completely pre-empted).

>       3.   Whether the Claim may be Resolved
>            Without Interpretation of the ERISA Plan

To the extent that FMCP's claims are based on the Does' assignments of benefits, those claims will require interpretation of the Does' ERISA plans.  The parties dispute whether an insured's right to payment for services depends on the provider's licensure in the jurisdiction where the services are provided.  *See* Mot. to Remand 22; Opp. 11-12.  This dispute about the coverage of the Does' plans will require their interpretation.

---

be available to a non-participating provider suing as a third-party rather than an assignee, *see id*. at 1292-93.  *See also In re Managed Care Litig.*, 135 F. Supp. 2d 1253, 1268 (S.D. Fla. 2001).

[12] The converse is also true: that FMCP's assignment-based claims are within ERISA does not affect its claims that are not based on the assignments.  "[A] provider that has received an assignment of benefits and has a state law claim independent of the claim arising under the assignment holds two separate claims.  In such a case, the provider may assert a claim for benefits under ERISA, the state law claim, *or both*."  *Conn. State Dental Ass'n*, 591 F.3d at 1347 (emphasis added).

14

CareFirst has shown that (1) FMCP has standing under § 502, (2) some of its claims are within § 502, and (3) resolving those claims will require interpretation of ERISA plans.  Accordingly, FMCP's assignment-based claims are completely preempted by ERISA.  Because those claims are preempted, the Court has jurisdiction over all FMCP's claims.  "[W]he[n] removal jurisdiction exists over a completely preempted claim, the district court has jurisdiction over any claims joined with the preempted claim." *Conn. State Dental Ass'n*, 591 F.3d at 1353; *see also* 28 U.S.C. § 1441(c).[13]

C.  Timeliness of the Removal

FMCP argues that even if some of its claims are preempted by ERISA, the removal was untimely because CareFirst was aware that FMCP intended to sue on the assignments more than 30 days before filing the notice of removal.  CareFirst responds that the February 1, 2010 removal was timely because FMCP's January 4, 2010 opposition to the interpleader revealed for the first time that some of FMCP's claims were preempted--*i.e.*, that (1) FMCP had assignments from the Does and (2) planned to rely on

---

[13] Section 1441(c) states that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

those assignments in pursuing its claims for breach of contract and unjust enrichment.

The 30-day period for removal under 28 U.S.C. § 1446(b) runs from the "receipt by the defendant, through service or otherwise, of [the paper] from which it may first be ascertained that the case is or has become removable."  CareFirst contends that the removal period began on December 31, 2009 when it was served with the opposition to the interpleader; thus, the February 1, 2010 removal was timely.[14]

FMCP argues that CareFirst had notice of its intention to sue on the assignments (1) on June 1, 2009, when FMCP filed its complaint on June 1, 2009, (2) on November 25, 2009, when CareFirst filed its Third-Party Complaint and Counter-Complaint for Interpleader, and (3) on December 4, 2009, when CareFirst deposed FMCP's CEO, Jarrett Bostwick, and asked questions that implied it was aware that FMCP had assignments from CareFirst members.  If the removal period began on any of these dates, the notice of removal is untimely.

In deciding when the 30-day removal period begins, courts do not "inquire into the subjective knowledge of the defendant," but rather must determine when the grounds for removal appeared

---

[14] Under Fed. R. Civ. P. 6(a), the period began to run on January 1, 2010 and expired on January 30, 2010.  Because January 30 was a Saturday, however, the period was extended to the following Monday, February 1, 2010.  *See* Fed. R. Civ. P. 6(a)(1)(C).

"within the four corners of . . . [a] paper." *See Lovern v. GMC*, 121 F.3d 160, 162 (4th Cir. 1997). Thus, the question is when the record revealed that FMCP had assignments from the Does and planned to rely on them in this suit. As FMCP notes, the Complaint did not mention the assignments or indicate an intent to sue on them. Nor did CareFirst's Third-Party Complaint. Although FMCP argues that CareFirst knew that FMCP would invoke the assignments in response to its Third-Party Complaint, this argument impermissibly relies on speculations about CareFirst's subjective knowledge. Although CareFirst's questioning of Bostwick may demonstrate that it believed FMCP would invoke the assignments of CareFirst members as a theory of recovery and was therefore considering removal, nothing in Bostwick's testimony indicates that FMCP had the assignments and planned to sue on them.

The grounds for removal only appeared when FMCP filed its opposition to the interpleader, attached the Does' assignments, and asserted an entitlement to recovery under them. Because CareFirst removed within 30 days of receiving this paper, the removal was timely.

17

III.  Conclusion

       For the reasons stated above, FMCP's motion to remand will

be denied.


June 29, 2010                    _____/s/_____
Date                            William D. Quarles, Jr.
                                United States District Judge