PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE: 212-785-9100
TELECOPIER: 212-785-9099

July 9, 2010

**VIA ELECTRONIC FILING**

The Honorable William D. Quarles, Jr.
United States District Judge
United States District Court for the District of Maryland
Baltimore Division
101 West Lombard Street
Baltimore, Maryland 21201

    Re:    Feldman's Medical Center Pharmacy, Inc.
              v. CareFirst, Inc., Civil Action No. 1:10-cv-00254-WDQ

Dear Judge Quarles:

      We represent plaintiff in this matter, Feldman's Medical Center Pharmacy, Inc. ("Feldman's" or "Plaintiff"). We write to you today pursuant to Guideline 1(e) of the Discovery Guidelines attached as Appendix A to this Court's Local Rules.

      Feldman's has unsuccessfully requested that CareFirst consent to permit Feldman's to serve a limited number of additional interrogatories and requests for production in excess of the number permitted by Fed. R. Civ. P. 33(a)(1) and Local Rule 104.1  We have made numerous good-faith attempts to resolve this dispute without the intervention of the Court, but have thus far been unsuccessful. This purpose of this letter is therefore to bring the unresolved dispute to the Court's attention.

**Factual Background and Procedural History**

      On June 1, 2009, Plaintiff commenced an action in Maryland state court, seeking payment in respect of claims submitted to CareFirst, Inc. ("CareFirst" or "Defendant") by Feldman's for life-saving medication – Factor VIII – dispensed by Feldman's to certain of CareFirst's insureds.[1] Plaintiff sought, among other things, a

---

[1] The hemophiliac patients to whom Feldman's dispensed the medication were not all insured by CareFirst, but rather many were insured by other Blue Cross Blue Shield affiliates. Nevertheless, pursuant to the BlueCard system, members of one Blue Cross company are entitled to obtain healthcare services from any other Blue Cross company. In this case, when a member of a Blue Cross company

PADUANO & WEINTRAUB LLP

Hon. William D. Quarles, Jr.
United States District Judge
July 9, 2010
Page 2

preliminary injunction ordering CareFirst to comply with the terms of its agreements with Feldman's.

On July 1, 2009, CareFirst filed a response to Plaintiff's Motion for a Preliminary Injunction, in which CareFirst asserted that the distribution of Factor VIII presented "opportunities for diversion and other forms of abuse." CareFirst further asserted that "Federal and state authorities are currently investigating Factor Health's practices related to Factor VIII distribution." Factor Health is the parent company of Feldman's.

On July 9, 2009, Plaintiff served its First Request for Production on CareFirst. Plaintiff's First Request for Production contained 22 separate requests. Under the rules of the Circuit Court for Baltimore County, Plaintiff was not limited in the number of requests for production it was permitted to serve on CareFirst.

On September 1, 2009, Plaintiff served its First Set of Interrogatories on CareFirst. Plaintiff's First Set of Interrogatories contained 21 interrogatories, including "general" interrogatories (for example, interrogatories regarding witnesses, expert witnesses, trial exhibits, etc.) and specific interrogatories, many of which were focused on (a) the investigation into Feldman's by CareFirst, "Federal and state authorities", the Blue Cross Blue Shield Association, and various of the Blue Cross affiliates, and (b) the validity of Feldman's contracts with CareFirst. Under the rules of the Circuit Court for Baltimore County, Plaintiff was permitted to serve 30 interrogatories on CareFirst without leave of the court.

On December 24, 2009, Plaintiff served its Second Request for Production on CareFirst. Plaintiff's Second Request for Production contained requests number 23 – 46.

On February 1, 2010, CareFirst filed a Notice of Removal, in an attempt to remove the case from the Circuit Court for Baltimore County to this Court.

Over the course of eight months from the date Plaintiff served its Second Request for Production on CareFirst, CareFirst asserted that it was contesting the claims submitted by Feldman's on the grounds that, in CareFirst's opinion, Feldman's was required to have had a Residential Service Agency ("RSA") license in order to provide Factor VIII to its patients/customers. Other issues that have been raised by

---

sought healthcare services from Feldman's, CareFirst (as the Blue Cross company with whom Feldman's has a contract and as the Blue Cross company in Feldman's geographic location) became the entity responsible for ensuring prompt payment of the claims submitted by Feldman's.

PADUANO & WEINTRAUB LLP

Hon. William D. Quarles, Jr.
United States District Judge
July 9, 2010
Page 3

CareFirst in the course of this case, including but not limited to (a) allegations of investigations into Feldman's and its parent company, (b) the medical necessity of the medications dispensed to CareFirst's insureds, and (c) the validity of Feldman's contracts with CareFirst, have since been downplayed by CareFirst, but these other matters are still at issue in the case.

Therefore, on April 27, 2010, Plaintiff served its Third Request for Production on CareFirst. Plaintiff's Third Request for Production was numbered 47 – 53. Plaintiff's Third Request for Production primarily was focused on issues related to the RSA license that CareFirst claims Plaintiff was required to obtain. In addition, on April 28, 2010, Plaintiff served its Second Set of Interrogatories on CareFirst. Plaintiff's Second Set of Interrogatories was numbered 27 – 35.[2] Plaintiff's Second Set of Interrogatories focused on issues related to the RSA license that CareFirst claims Plaintiff was required to obtain.

At the time Plaintiff served its Second Set of Interrogatories and Third Request for Production, this Court was still considering CareFirst's motion to remove the case from the Circuit Court for Baltimore County as well as Plaintiff's motion to remand the case to the state court. On June 29, 2010, this Court denied Plaintiff's Motion to Remand.

Although the rules of the Circuit Court for Baltimore County permitted Plaintiff to serve 30 interrogatories on CareFirst, Fed. R. Civ. P. 33(a)(1) limits a plaintiff to 25 interrogatories. Therefore, because Plaintiff's First Set of Interrogatories actually contained only 22 interrogatories, under the rules of the Circuit Court for Baltimore County, CareFirst would have been required to answer all of Plaintiff's Second Set of Interrogatories. Pursuant to Fed. R. Civ. P. 33(a)(1), CareFirst nevertheless is required to answer at least four of the interrogatories in Plaintiff's Second Set of Interrogatories. Although both the rules of the Circuit Court for Baltimore County and the Federal Rules of Civil Procedure permit an unlimited number of relevant requests for production, Local Rule 104.1 limits a party to 30 requests for production.

On May 27, 2010, CareFirst sent Plaintiff a Response to Plaintiff's Third Request for Production and Second Set of Interrogatories, asserting that Plaintiff had exceeded the permitted number of interrogatories and requests for production.

---

[2] Feldman's has subsequently discovered that it erroneously numbered the Second Set of Interrogatories 27-35 when in actuality it contained interrogatories 22-30. In any event, Fed. R. Civ. P. 33(a)(1) limits Feldman's to 25 interrogatories without leave of the Court.

PADUANO & WEINTRAUB LLP

Hon. William D. Quarles, Jr.
United States District Judge
July 9, 2010
Page 4

CareFirst further asserted that "CareFirst will not produce documents or otherwise respond to the Third RFP at this time" and that "CareFirst will not answer or otherwise further respond to the Second Set of Interrogatories."

On July 6, 2010, Plaintiff sent a letter to CareFirst in which Plaintiff requested that CareFirst agree to allow Plaintiff to exceed the limits set by Fed. R. Civ. P. 33(a)(1). CareFirst responded on July 8, 2010 that "[w]e are open to discussing discovery that goes beyond those imposed by the Rules, but we are not in a position to agree to an open-ended extension without limits. If you provide us with specific interrogatories or production requests, we can let you know if we will agree to them."

## Argument

CareFirst's July 8, 2010 response is unreasonable under the circumstances. Although CareFirst has continually attempted to narrow discovery to the RSA issue, it is not the only matter at issue in the case. Further, Feldman's should not be required to submit to CareFirst for pre-approval its interrogatories and requests for production, so that CareFirst can consider whether or not it wants to answer, or whether or not it thinks the subject matter of the interrogatories or requests for production fit into CareFirst's view of the remaining issues in the case. Feldman's requires certainty that it may propound interrogatories and document requests to CareFirst that CareFirst is required to respond to, and should not be required to ask CareFirst's permission each time it wishes to ask a question or review a document.

This Court has the authority to increase the number of interrogatories and requests for production a party is permitted to propound. Given (a) the procedural history of this case – i.e., that the case was filed in Maryland state court which had very different limits on discovery – and (b) the fact that the interrogatories and requests for production at issue here are the very first interrogatories and requests for production propounded while under the jurisdiction of this Court, and (c) the fact that the excuses offered for CareFirst's non-payment of Feldman's claims have shifted and may well shift again, Plaintiff will be prejudiced if it is not permitted to serve CareFirst with a limited number of additional interrogatories and requests for production. Plaintiff merely seeks to take – in addition to its Second Set of Interrogatories and Third Request for Production – an additional ten interrogatories and ten document requests. Such a limited request does not prejudice CareFirst in any way.

Pursuant to Fed. R. Civ. P. 33(a)(1) and 26(b)(2)(A), this Court may, by order, "alter the limits in these rules on the number of depositions and interrogatories." Likewise, Local Rule 104.1 restricts the number of requests for production "[u]nless

PADUANO & WEINTRAUB LLP

Hon. William D. Quarles, Jr.
United States District Judge
July 9, 2010
Page 5

otherwise ordered by the Court." This Court therefore has the authority to alter the limits on both interrogatories and requests for production.

It is patently unfair to restrict Plaintiff to the number of interrogatories and requests for production in Fed. R. Civ. P. 33(a)(1) and Local Rule 104.1. At the time Plaintiff served its First Set of Interrogatories and First and Second Requests for Production, this case was still before the Circuit Court for Baltimore County. The number of interrogatories and requests for production permitted by the Circuit Court for Baltimore County clearly influenced the manner in which Plaintiff prepared its interrogatories and requests for production. If Plaintiff had been aware of the more restrictive limits it would eventually find itself under in this Court – a court whose jurisdiction Plaintiff did not choose – Plaintiff would have prepared the interrogatories and requests for production differently. Plaintiff should not, however, be prejudiced because of the procedural maneuverings of Defendant.

"A court may permit a party to serve additional interrogatories to the extent such discovery is not unreasonable, unnecessary, or unduly burdensome." Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 492 (W.D.N.C. 1998) (citing Fed. R. Civ. P. 26(b)(2) and 33(a)). The Federal Rules require leave of the court to exceed the limits on interrogatories in order to ensure that "the court may examine the circumstances before the parties propound an unreasonable number of interrogatories." Id. (citing 7 *Moore's Federal Practice* § 33.30[3][a]).

Now that this Court has had an opportunity to "examine the circumstances," Plaintiff should be permitted to exceed the limits on interrogatories and requests for production in Fed. R. Civ. P. 33(a)(1) and Local Rule 104.1. Plaintiff merely seeks (a) to have the Court deem its Second Set of Interrogatories and Third Request for Production properly served and (b) an order from the Court permitting Plaintiff to serve an additional ten interrogatories and ten requests for production. Such a limited request does not prejudice CareFirst, but the denial of such additional interrogatories and requests for production would clearly prejudice Feldman's.

Respectfully,

Jordan D. Becker

cc:   Patrick P. de Gravelles, Esq. (via electronic filing)
      Dean Stocksdale, Esq. (via electronic filing)
      Thomas O'Toole, Esq. (via electronic filing)