**CareFirst BlueCross BlueShield**
840 1st Street, NE
Washington, DC 20065

**Patrick de Gravelles**
**Litigation General Counsel**
**Office of Corporate Counsel**
Tel:    202/680-7457
Fax:    202/680-7620
E-mail:  patrick.degravelles@carefirst.com



July 12, 2010

Hon. William D. Quarles, Jr.
United States District Judge
United States District Court for the District of Maryland
Baltimore Division
101 W. Lombard Street
Baltimore, Maryland  21201

> Re:  Feldman's Medical Center Pharmacy, Inc. v.
>       CareFirst, Inc., Civil Action No. 1:10-cv-00254-WDQ

Dear Judge Quarles:

This letter is in response to the correspondence sent by counsel for Feldman's Medical Center Pharmacy, Inc. ("Feldman's") on July 9, 2010 regarding its request for leave to serve discovery beyond the limits imposed by the Local Rules and the Federal Rules of Civil Procedure.

As an initial matter, CareFirst, Inc. ("CareFirst") takes issue with the statement by Feldman's counsel that they "have made numerous good-faith attempts to resolve this dispute without the intervention of the Court."  The *only* communications about this topic were Feldman's letter and CareFirst's responsive e-mail.  The letter requested CareFirst's "agreement to exceed the limits in Local Rule 104 and Fed. R. Civ. P. 33(a)(1)."  The letter placed no restrictions at all on the proposed agreement.  In response, CareFirst's counsel indicated a willingness to agree to further discovery but would not agree to a completely open-ended waiver of discovery limits.

Again, contrary to the position asserted by counsel for Feldman's in the July 9th

CareFirst BlueCross BlueShield is the shared business name of CareFirst of Maryland, Inc. and Group Hospitalization and Medical Services, Inc. which are independent licensees of the Blue Cross and Blue Shield Association.
®Registered trademark of the Blue Cross and Blue Shield Association.   ®'Registered trademark of CareFirst, Inc.

Hon. William D. Quarles, Jr.
July 12, 2010
Page 2

letter, that is the last that CareFirst heard on the issue.  Feldman's counsel sent no follow
up letter or e-mail, nor did he even attempt to arrange a conference as required by Local
Rule 104.7.   Furthermore, despite CareFirst's express concern about granting an open-
ended waiver of limits, Feldman's *never* indicated in any manner that its request was
limited to the discovery that it has already served.  This was something revealed for the
first time in the July 9th letter to the Court.

     With regard to the substance of the request, Feldman's has not shown that it is
entitled to any relief.  First, by its own admission, it has served 40 requests for production
but offers no real justification why it needs more documents.  Second, by its own count, it
still has four interrogatories left under the Federal Rules.  Given that CareFirst is only
contesting a single issue in this case (whether Feldman's needed a Residential Services
Agency ("RSA") or not), four interrogatories are more than enough.  Indeed, one
simply asking "Why does CareFirst contend that Feldman's needed an RSA to provide
Factor VIII" would suffice.

     Feldman's raises red herrings labeled "(a) allegations of investigations into
Feldman's and its parent company, (b) the medical necessity of the medications dispensed
to CareFirst's insureds, and (c) the validity of Feldman's contracts with CareFirst…."  To
make this once again perfectly clear, CareFirst concedes that none of those issues prohibit
payment of the pre-December 11, 2008 claims at issue.  The medications were medically
necessary.  Feldman's is potentially entitled to payment (pending resolution of the RSA
issue) as either a contracted (*i.e.* a "participating") provider or as a non-contracted (*i.e.* a
"non-participating provider").  CareFirst also acknowledges that none of the entities that
investigated Feldman's or any related entity uncovered any fraudulent activity that would
prevent payment of the claims.  None of the reasons that Feldman's proffers for needing
more discovery stand up in the face of CareFirst's concessions.

     Although CareFirst believes that given the record, the Court should clearly deny
Feldman's request to exceed the discovery limitations, CareFirst nonetheless agrees that a
conference should be held, but for a slightly different reason.  As the Court already knows,
Feldman's counsel wishes to continue taking depositions of CareFirst employees, including
CareFirst's chief medical director even though medical necessity is not an issue in this
case.  Pursuing such needless depositions is an undue imposition on CareFirst employees
as well as an unnecessary litigation expense.  To try and resolve this impasse, the
undersigned called Jordan Becker, one of the attorneys representing Feldman's, on the
afternoon of Wednesday, July 7, 2010.  In addition, a follow up e-mail was sent to Mr.
Becker.  The response from Mr. Becker, along with the original e-mail, is attached hereto.
Several more e-mails were exchanged, but to no avail.

     CareFirst's counsel will refrain from characterizing Mr. Becker's response, and will
simply let it speak for itself.   Needless to say, however, it appears that this issue will not

Hon. William D. Quarles, Jr.
July 12, 2010
Page 3

be resolved by the parties, and CareFirst therefore requests that the Court appoint a magistrate to hold a discovery conference to deal both with Feldman's request for extra discovery as well as CareFirst's request to limit further discovery to the only issue now in dispute – that being whether Feldman's needed an RSA to provide the services that are the subject of the pre-December 11, 2008 claims at issue.

　　　　Thank you.

Sincerely,

　/s/

Patrick de Gravelles


cc:　Jordan D. Becker, Esq. (via electronic filing)
　　Thomas O'Toole, Esq.  (via electronic filing)
　　Dean Stocksdale, Esq.  (via electronic filing)