PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE: 212-785-9100
TELECOPIER: 212-785-9099

August 25, 2010

**VIA ELECTRONIC FILING**

The Honorable Beth P. Gesner
United States Magistrate Judge
United States District Court for the District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

Re:    Feldman's Medical Center Pharmacy, Inc.
       v. CareFirst, Inc., Civil Action No. 1:10-cv-00254-WDQ

Dear Judge Gesner:

Plaintiff Feldman's Medical Center Pharmacy submits this letter pursuant to the Court's Order of August 24, 2010.  The premise of Mr. de Gravelles' letter is that because CareFirst is now "ready to pay the claims at issue", discovery should be stayed.  Let me state very clearly that if CareFirst's communication to the Court is an acceptance of the terms we set forth in our Court-ordered August 20, 2010 Settlement Demand, then we are in complete agreement and the matter will be disposed of shortly.  Sadly, however, I fear that is not the reality.

We believe that the request for a "status conference" has been interposed for confusion and delay, and to allow CareFirst to negotiate with us under cover of the Court.  In this regard, I note that CareFirst's submission came ***after*** it informed counsel for non-party Blue Cross/Blue Shield of Louisiana ("BCBSLA") that the case had been "settled" and ***after*** counsel for BCBSLA, based on that "settlement", moved for a protective order as to the deposition of a critical witness, Kandyce Cowart, scheduled for August 24, 2010 in Baton Rouge.  (The United States District Court for the Middle District of Louisiana granted that motion pending the conference before this Court on September 21, 2010).

The claims at issue here have been outstanding since April 1, 2008.  Even though CareFirst, for reasons never disclosed, refused to reimburse Feldman's for dispensing life-saving drugs to CareFirst's insureds, Feldman's, comfortable in the facts and law that it would be paid as required, continued to care for those patients.  But in league with other Blue Cross/Blue Shield entities, CareFirst simply refused to pay, first suggesting that Feldman's – unlike every other Maryland pharmacy, according to the sworn testimony of Barbara Fagan of the Maryland Office of Health Care Quality – was required to obtain a home-health care "RSA" license.  After Feldman's did as CareFirst requested, CareFirst still refused to pay.

PADUANO & WEINTRAUB LLP

(Although our working relationship with Mr. de Gravelles is productive and professional, we proposed previously that the parties engage in mediation with decision-makers, but that was rejected).

Upon the commencement of litigation, we met with counsel for CareFirst and made clear that CareFirst had mortally wounded our client and that it required full payment of all claims, with appropriate interest. However, CareFirst raised spurious defenses (including statute of limitations, fraud, and breach of contract) and forced Feldman's to engage in extensive discovery and significant motion practice both in this Court and before the State Court. CareFirst's strategy succeeded; Feldman's business has been largely destroyed.

CareFirst states to the Court that it is "ready to pay the claims at issue", and it should do so. But in its communications to us on August 20, it stated only that CareFirst was prepared to "lift the pends" on the claims—which is different, because simply lifting the "pends" (and we assume that means some sort of stoppage by the legal department) does not assure payment but only processing. On August 20, CareFirst also informed us that CareFirst still might press defenses such as whether: (1) Feldman's acted within the scope of its pharmacy license, (2) insureds were covered for factor, and (3) the prescription assignments were valid. Thus, before we saw CareFirst's letter to the Court, CareFirst put us on notice that there were problems ahead for Plaintiff.

CareFirst refers to "an opinion" it received, "in the course of this lawsuit", from the Maryland Board of Pharmacy apparently attesting to the frivolousness of the defense CareFirst asserted in this Court. (Contrary to CareFirst's assertion, we do not have that opinion, although it is responsive to our discovery requests). Upon receipt of that opinion, or upon hearing the testimony of Barbara Fagan, or upon receiving information from Kandyce Cowart (which dates back to 2008), CareFirst was required under Fed. R. Civ. P. 11 to abandon its baseless defenses here.

On August 20, we informed CareFirst that we would not agree to further delay of this case. We think a stay of discovery at this point is not warranted, disruptive and will result in prejudice to Plaintiff because we will be hindered in proving entitlement to the relief we seek. As we first announced on May 4, 2009, we are happy to have reasonable and professional discussions with CareFirst regarding any aspect of this dispute, including disposition. But until such time as the parties have formally resolved the issues in dispute, there simply is no reason to alter the Court's schedule.

Respectfully,

Anthony Paduano

cc:    Patrick de Gravelles, Esq. (via electronic mail)