IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FELDMAN'S MEDICAL CENTER PHARMACY, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. WDQ-10-254 |
| v. | ) ) | |
| CAREFIRST, INC. | ) ) | |
| Defendant, | ) ) | |
| v. | ) ) | |
| John DOES 1 and 2 | ) ) | |
| Third-Party-Defendants, | ) ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR LEAVE TO FILE AMENDED RESPONSIVE PLEADING**

Plaintiff Feldman's Medical Center Pharmacy, Inc. ("Plaintiff" or "Feldman's") respectfully files this Response to Defendant CareFirst, Inc.'s ("Defendant" or "CareFirst") Motion for Leave to File an Amended Responsive Pleading (the "Motion for Leave"). In support of thereof, Plaintiff states as follows:

**Factual Background**

1. On June 1, 2009, Plaintiff commenced an action in Maryland state court, seeking payment in respect of claims submitted to CareFirst by

Feldman's for life-saving medication – Factor VIII – dispensed by Feldman's to CareFirst's insureds.[1]

2.      On February 1, 2010, CareFirst filed a petition to have the case removed to this Court.  Plaintiff opposed the removal, but on June 29, 2010, the Court nevertheless denied Plaintiff's motion to remand the case to the Circuit Court for Baltimore County.

3.      During the approximately one year of litigation, CareFirst alleged that Feldman's engaged in everything from fraud/diversion of drugs to operating without a necessary license (the RSA license; see below) and that the prescriptions filled by Feldman's lacked medical necessity.  In addition, in discussions with counsel, CareFirst asserted that it had erroneously paid claims prior to Feldman's obtaining that license.  However, despite those allegations, CareFirst never sought to amend its pleading.  CareFirst ultimately asserted that the only issue in the case is whether or not Feldman's was required to have a residential service agency license ("RSA") issued by the State of Maryland prior to delivering the factor drugs to patients' homes.

4.      The Scheduling Order agreed by the parties and the Court set a deadline of August 12, 2010 for motions seeking to amend pleadings.  On the day

---

[1] The hemophiliac patients to whom Feldman's dispensed the medication were not all insured by CareFirst, but rather many were insured by other Blue Cross Blue Shield Association licensees.  Nevertheless, pursuant to the BlueCard system, members of one Blue Cross company are entitled to obtain healthcare services from any other Blue Cross company.  In this case, when a member of a Blue Cross company sought healthcare services from Feldman's, CareFirst (as the Blue Cross company with whom Feldman's has a contract and as the Blue Cross company in Feldman's geographic location) became the entity responsible for ensuring prompt payment of the claims submitted by Feldman's.

of that deadline, CareFirst filed its Motion for Leave to Amend, seeking to claw back $426,000 in payments previously made to Feldman's in respect of claims submitted by Feldman's for factor drugs it dispensed to CareFirst's insureds. CareFirst asserted that the payments were erroneous because Feldman's did not have an RSA on the dates of service for such claims. Nevertheless, CareFirst continued to withhold payment for claims submitted by Feldman's for factor drugs dispensed <u>even after</u> the date on which Feldman's – at CareFirst's insistence – obtained its RSA.

5. On August 20, 2010, CareFirst wrote a letter to the Court "to inform the Court of recent developments." (See Document 74 at 1). In the course of publicly disclosing the content of confidential settlement discussions, CareFirst admitted to the Court for the first time that Feldman's did not, in fact, ever need an RSA to deliver factor drugs to its patients and that CareFirst "is now ready to pay the claims at issue." (See Document 74 at 1).

### Argument

6. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

7. Leave to amend a responsive pleading, however, "is not automatic and is within the sound discretion of the court." <u>Norman v. Tradewinds Airlines, Inc.</u>, 2003 WL 22012625 (M.D.N.C. June 13, 2003) (citing <u>Foman v.</u>

Davis, 371 U.S. 178, 182 (1962)).  The district court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party … [and] futility of amendment."  In re Warner Advertising, Inc., 1996 WL 33340748 (Bkrtcy. D.S.C. March 7, 1996) (quoting Foman v. Davis, 371 U.S. at 182).

8.  CareFirst's proposed amended counterclaim is, by CareFirst's own admission, futile, because it is without merit.  Over the last several months, CareFirst has asserted on multiple occasions that the question of whether Feldman's was required by Maryland law to have an RSA is the only question that matters in the case.  For example, in a July 26, 2010 letter to the Court (a copy of which is attached hereto as Exhibit A), CareFirst asserted that "[i]n the end, this case comes down to the sole issue of whether Feldman's needed an RSA."

9.  According to CareFirst's August 20 letter to this Court, that question has now been resolved in Feldman's favor. (See Document 74 at 1).  Yet CareFirst's seeks to assert a counterclaim for reimbursement of the $426,000 in payments made to Feldman's prior to the date Feldman's obtained the RSA, even though CareFirst has now acknowledged that Feldman's never needed the RSA in the first place to dispense the factor drugs to its patients.  In other words, CareFirst has admitted its proposed counterclaim is baseless.

10.  Furthermore, CareFirst waited until August 12, 2010 – the deadline for amended pleadings pursuant to the Scheduling Order issued by this Court – to file its Motion for Leave.  CareFirst asserts that "Feldman's has for some

4

time been aware of the very issues which form the basis of the amendment – the naming of the incorrect party and the desire of CareFirst, Inc. to assert a counterclaim." (See Motion for Leave ¶12) Even assuming CareFirst's assertion is correct, it begs the question why CareFirst waited so long before filing its Motion for Leave.

11. As a result of CareFirst's undue delay in filing its Motion for Leave, Feldman's would now be prejudiced if the Motion for Leave is granted. Feldman's would be required to take additional discovery – including re-taking some of the depositions previously taken – to deal with the issues raised by CareFirst's proposed amended counterclaims. This would further delay the resolution of this case, which makes no sense given that CareFirst has now asserted in its August 20, 2010 letter to this Court – in which CareFirst itself sought to limit discovery – that the case "is over for all intents and purposes." (Document 74 at 2)

## Conclusion

12. The simple fact is that CareFirst's own actions and words, both leading up to the filing of the Motion for Leave and – especially – subsequent to the filing of the Motion for Leave, show that CareFirst's proposed counterclaim is unduly prejudicial and ultimately futile. As a result of the undue delay, undue prejudice, and futility of CareFirst's proposed amended counterclaims, Feldman's respectfully requests that this Court deny CareFirst's Motion for Leave.

WHEREFORE, Plaintiff respectfully prays that this Court ORDER and DECREE that CareFirst's Motion for Leave To File Amended Responsive Pleading is DENIED.

Dated: New York, New York
August 26, 2010

Respectfully submitted,

By: _____
Anthony Paduano
Jordan D. Becker
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100 (telephone)
(212) 785-9099 (facsimile)
ap@pwlawyers.com
jdb@pwlawyers.com

BAROODY & O'TOOLE
Thomas O'Toole
201 N. Charles Street, Suite 2102
Baltimore, MD 21201
(410) 539-8413 (telephone)
(410) 539-8411 facsimile)
totoolelaw@aol.com