**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

September 30, 2010

Neal C. Baroody, Esquire
Thomas O'Toole, Esquire
Baroody & O'Toole
201 N. Charles Street, Suite 2102
Baltimore, Maryland 21201

Anthony Paduano, Esquire
Jordan D. Becker, Esquire
Paduano & Weintraub LLP
1251 Avenue of the Americas, 9ᵗʰ Floor
New York, New York 10020

Alan D. Stocksdale, Esquire
CareFirst BlueCross Blue Shield
1501 S. Clinton Street, Suite 700
Baltimore, Maryland 21224

Patrick P. de Gravelles, Esquire
CareFirst BlueCross Blue Shield
840 First Street, NE, DC 12-08
Washington, DC 20065

Subject: <u>Feldman's Medical Center Pharmacy, Inc. v. CareFirst, Inc.</u>
Civil No.: WDQ-10-0254

Dear Counsel:

On September 21, 2010, representatives of Feldman's Medical Center Pharmacy, Inc. ("Feldman's") and CareFirst, Inc. ("CareFirst") participated in a settlement conference with the undersigned. The case did not settle. Pursuant to my Order of September 22, 2010 (ECF No. 81), the parties submitted letters outlining their respective positions as to the need for further discovery in this case, in light of CareFirst's agreement to pay the claims at issue (ECF Nos. 82 & 83). For the reasons discussed herein, Feldman's requests for additional discovery are granted in part and denied in part. The undersigned will also address the other issues raised in the parties' submissions.

## I.    <u>BACKGROUND</u>

Feldman's is a Maryland specialty pharmacy that, <u>inter alia</u>, dispenses medications for the treatment of hemophilia. (Compl. ¶ 1, ECF No. 2.) It is a participating provider in CareFirst's health insurance network. (<u>Id.</u> ¶¶ 13-17.) Specifically, the parties are bound by their Participating Professional Provider Agreement in which Feldman's agreed to provide covered services to CareFirst members, and CareFirst agreed to reimburse Feldman's for the provision of such services. (<u>Id.</u>; Participating Professional Provider Agreement, ECF No. 2-1.)

On June 1, 2009, Feldman's filed suit asserting three causes of action, breach of contract, unjust enrichment, and bad faith, for CareFirst's refusal to reimburse it for claims submitted with respect to Feldman's provision of "Factor," a blood-clotting substance used in the treatment of

Feldman's Medical Center Pharmacy, Inc. v. CareFirst, Inc.
Civil No.: WDQ-10-0254
September 30, 2010
Page 2

hemophilia, to CareFirst's members.  (Compl. ¶ 6.)[1]  CareFirst has asserted various reasons for denying Feldman's claims throughout the pendency of this suit, ultimately conceding that its only defense for not reimbursing Feldman's is that, prior to December 11, 2008, Feldman's distributed Factor without a Residential Services Agency ("RSA") license in violation of Maryland law.  (ECF No. 70 at 1.)  CareFirst has since abandoned the RSA defense and acknowledged its liability for payment of the outstanding claims.  (ECF No. 74.)

Notwithstanding CareFirst's agreement to pay the claims at issue, Feldman's argues that it is entitled to interest on the outstanding claims and reimbursement of its attorneys' fees under ERISA and provisions of the Maryland Code.  (ECF No. 82 at 2-3.)  Feldman's now seeks additional discovery related to these claims.  Feldman's also requests an order directing CareFirst to respond to outstanding discovery requests relating to the RSA license issue.

## II.    PROPOSED DEPOSITIONS

Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  This general rule, however, is subject to the limitation of Fed. R. Civ. P. 26(b)(2)(C), which provides that the court must limit discovery if:  (1) such discovery "is unreasonably cumulative or duplicative" or unduly burdensome; (2) "the party seeking discovery has had ample opportunity to obtain [it]"; or (3) "the burden or expense of the proposed discovery outweighs its likely benefit."

Feldman's seeks leave to take the depositions of individuals it claims are knowledgeable about:  (1) CareFirst's contention that Feldman's required an RSA license, and (2) the alleged collusion between CareFirst, the Blue Cross Blue Shield Association ("BCBSA"), and the other BCBSA licensees.  Feldman's argues that these issues bear directly on their entitlement to attorneys' fees and interest under ERISA and the Maryland Code, particularly whether CareFirst acted in good faith and whether Feldman's claims were "clean claims" under §15-1005 of the Maryland Code.  (ECF No. 82 at 4.)   The undersigned will address each of Feldman's proposed depositions in turn.

### 1.    Janet Chavarria

In its Order of August 4, 2010, this court authorized Feldman's to take the deposition of Janet Chavarria, an analyst in CareFirst's Institutional Credentialing department who communicated with Barbara Fagan, Program Director for Maryland's Office of Health Care

---

[1]Feldman's filed suit in the Circuit Court for Baltimore County.  CareFirst removed the case to federal court asserting that one of Feldman's claims is completely preempted by § 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA").  Feldman's filed a motion to remand the case to state court, which Judge Quarles denied on June 29, 2010.  (ECF Nos. 53 & 54.)

Feldman's Medical Center Pharmacy, Inc. v. CareFirst, Inc.
Civil No.: WDQ-10-0254
September 30, 2010
Page 3

Quality, regarding Feldman's RSA license status.  (ECF No. 70 at 4.)   This court found that the information sought from Ms. Chavarria "relat[ed] to CareFirst's position that Feldman's was required to obtain an RSA license before distributing Factor."  (Id.)   CareFirst's assertion of various defenses for denying the claims at issue bears on whether Feldman's is entitled to interest and attorneys' fees.  Accordingly, the undersigned directs the parties to comply with its August 4, 2010 Order and promptly schedule Ms. Chavarria's deposition for a mutually convenient date.

### 2.    **Kandyce Cowart**

Feldman's requests leave to depose Kandyce Cowart, an employee of Blue Cross Blue Shield of Louisiana ("BCBS La."), concerning her alleged role on prompting "investigations" of Feldman's by CareFirst and its fellow BCBSA licensees.  Specifically, Feldman's seeks to question Ms. Cowart regarding "evidence of bad faith or collusive behavior that resulted in unnecessary delay in payment of Feldman's claims" which it argues relates to its claim of entitlement to interest and attorneys' fees.  (ECF No. 82 at 5.)

On August 24, 2010, the United States District Court for the Middle District of Louisiana granted BCBS La.'s motion to quash Ms. Cowart's deposition in light of the pending request before this court to stay discovery, the parties' impending September 21, 2010 settlement conference, and the plaintiff's failure to articulate grounds against quashing the deposition. (ECF No. 82, Ex. C at 3.)  The court also directed that a protective order be entered into for the documents produced by BCBS La. and/or Ms Cowart in the event Ms. Cowart's deposition was rescheduled following an unsuccessful settlement conference.  (ECF No. 82, Ex. C at 4.)  As the conference has concluded without a settlement, Feldman's argues that it is now entitled to reschedule the Cowart deposition.  (ECF No. 82 at 5.)

The undersigned agrees that the requested discovery is relevant to the issue of Feldman's entitlement to interest and attorneys' fees.  Accordingly, the undersigned grants Feldman's request to take the deposition of Kandyce Cowart, subject to the limits set by the United States District Court for the Middle District of Louisiana.

### 3.    **Calvin Sneed**

Feldman's also requests leave from the court to depose Calvin Sneed, an Anti-Fraud Consultant for the BCBSA.  Feldman's contends that it served a subpoena on Mr. Sneed, ordering him appear at a deposition scheduled for June 23-24, 2010.  (ECF No. 82 at 5.) Feldman's asserts that it has since been unsuccessful in its effort to work with CareFirst to reschedule this deposition at a time and place convenient to Mr. Sneed.  (Id.)

Applying Rule 26(b), the undersigned finds that Feldman's has adequately articulated how the information it seeks to obtain during Mr. Sneed's deposition is relevant to its claim of entitlement to interest and attorneys' fees.  Specifically, Feldman's argues that Mr. Sneed led

Feldman's Medical Center Pharmacy, Inc. v. CareFirst, Inc.
Civil No.: WDQ-10-0254
September 30, 2010
Page 4

BCBSA's "investigation" of Feldman's and its affiliates, in coordination with the other BCBSA licensees and the federal government, and "therefore has unique knowledge with regard to the scheme by CareFirst (in league with the BCBSA licensees) to deny payment to Feldman's." (ECF No. 82 at 5.)  Feldman's also asserts that Mr. Sneed's "testimony is indispensable to [its] attempts to prove that the RSA issue was a ruse created by CareFirst and/or the BCBSA to justify its refusal to pay Feldman's claims." (Id.)  Accordingly, the undersigned will allow this deposition.

### 4.     **Michael Ebner and Christopher Deery**

Feldman's also seeks leave to depose Michael Ebner and Christopher Deery, employees of Independence Blue Cross ("Independence"), another BCBSA licensee.  Feldman's claims that Mr. Ebner and Mr. Deery were also involved in the "investigations" of Feldman's undertaken by CareFirst and its fellow BCBSA licensees.  (ECF No. 82 at 6.)  Mr. Deery also purportedly represented to Feldman's in a related lawsuit that "claims were unpaid in that action due to the statements and actions of CareFirst."  (Id.)

Feldman's maintains that questioning Mr. Ebner and Mr. Deery about these matters may uncover information relevant to the issue of Feldman's entitlement to interest and attorneys' fees, specifically "any evidence of bad faith or collusive behavior that resulted in unnecessary delay in payment of Feldman's claims."  (Id.)  The undersigned agrees, and accordingly, these depositions will be allowed.

### 5.     **Representatives of CareFirst**

Finally, Feldman's requests leave to take the deposition of other unnamed CareFirst representatives regarding CareFirst's assertion and subsequent withdrawal of the RSA defense, pursuant to Fed. R. Civ. P. 30(b)(6).[2]  Feldman's claims that this information "is relevant to whether CareFirst acted properly and in good faith in asserting this defense." (ECF No. 82 at 6.)

In light of the discovery already conducted in this case, coupled with the additional discovery as noted herein, the undersigned concludes that Feldman's has had "ample opportunity" to obtain information relevant to its theory regarding CareFirst's assertion and

---

[2]Fed. R. Civ. P. 30(b)(6) provides, in relevant part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

Feldman's Medical Center Pharmacy, Inc. v. CareFirst, Inc.
Civil No.: WDQ-10-0254
September 30, 2010
Page 5

abandonment of the RSA license defense.  Fed. R. Civ. P.  26(b)(2)(C) (court must limit otherwise allowable discovery if "party seeking discovery has had ample opportunity to obtain [it]").  Any additional discovery on this matter would be "unreasonably cumulative or duplicative."  Id. (court must limit discovery that is "unreasonably cumulative or duplicative").  This request is, therefore, denied.

### III.   INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

        In an Order dated August 4, 2010 (ECF No. 70), this court directed CareFirst to respond to Feldman's second set of interrogatories and third request for production of documents within 30 days.  (ECF No. 70 at 4-5.)  The court concluded that the requested discovery was relevant to the RSA license issue, particularly whether CareFirst has reimbursed entities providing services similar to Feldman's, even though they did not have an RSA license.  (Id.)  To date, CareFirst has not replied because discovery was stayed by this court on September 1, 2010, pending the outcome of the parties' September 21, 2010 settlement conference.  (ECF No. 82 at 6.)  Accordingly, CareFirst is now directed to comply with the court's August 4th Order and respond to Feldman's requests by October 15, 2010.

        Feldman's also requests leave to serve additional interrogatories and document requests relating to CareFirst's failure to pay the claims at issue.  Feldman's specifically seeks information relating to "why [CareFirst] never sought clarification from Feldman's or the patients, its change in position in order to determine CareFirst's bona fides in connection with Feldman's claims for interest and attorneys' fees, and . . . CareFirst's good faith basis for asserting its now abandoned defenses."  (ECF No. 82 at 7.)

        Feldman's request for additional interrogatories and document requests is also subject to Fed. R. Civ. P. 26(b).  Applying this Rule, the undersigned concludes that the additional depositions and written discovery it has already authorized in this case provide Feldman's with "ample opportunity" to develop its theory regarding CareFirst's assertion and subsequent abandonment of the RSA defense.  Fed. R. Civ. P.  26(b)(2)(C) (court must limit otherwise allowable discovery if "party seeking discovery has had ample opportunity to obtain [it]").  Any additional discovery on this matter would be "unreasonably cumulative or duplicative."  Id. (court must limit discovery that is "unreasonably cumulative or duplicative").  Accordingly, Feldman's request is denied.

### IV.   MOTION(S) TO COMPEL

        Feldman's asserts that it intends to file a motion to compel in response to CareFirst's alleged failure to produce certain emails and documents related to the RSA issue. (ECF No. 82 at 8.)  Feldman's claims that it contacted counsel for CareFirst on September 23, 2010 to confer on outstanding discovery issues but counsel for CareFirst refused, in reliance on the stay of discovery.  (Id.)

Feldman's Medical Center Pharmacy, Inc. v. CareFirst, Inc.
Civil No.: WDQ-10-0254
September 30, 2010
Page 6

The undersigned directs the parties to comply with Local Rule 104 as they resume discovery and attempt to resolve any disputes between themselves before filing any motions to compel. After the parties have fully complied with the local discovery rules regarding conferences of counsel, the undersigned will address any remaining disputes.

## V.    PRIVILEGE LOGS

Feldman's claims that CareFirst has redacted certain documents it produced to Feldman's, claiming they are subject to the attorney-client privilege, but has not produced a privilege log. (ECF No. 82 at 8.) Accordingly, the undersigned directs CareFirst to produce to Feldman's a privilege log for any documents it has withheld on a claim of privilege on or before October 15, 2010. If Feldman's has withheld documents on the basis of privilege, it is also directed to produce to CareFirst a privilege log by the same date.

## VI.    CLAIMS PAYMENT

Feldman's requests an order from the court "compelling CareFirst to make payments on the claims to [counsel for Feldman's] attorney-client escrow account, or in the alternative, leave to move for summary judgment on liability." (ECF No. 82 at 9.)

The undersigned declines to direct CareFirst to make payments on the claims in a specific manner or to set an expedited summary judgment schedule with respect to the issue of payment. The undersigned trusts that CareFirst will remit payments on the claims in the accordance with its obligations, contractual or otherwise. Counsel are encouraged to confer in order to reach an agreement on a mutually acceptable payment method. The undersigned notes Mr. de Gravelles' statement in his letter of September 27, 2010, however, that "any attempt to change the payee on the claims in likely to result in significant delays in processing the claims." (ECF No. 83 at 2.)

## VII.    AMENDED SCHEDULING ORDER

The court adopts the following modified schedule to accommodate the remaining discovery:

| Event | Deadline |
|---|---|
| Discovery Deadline and Filing of Status Report | November 19, 2010 |
| Plaintiff's Rule 26(a)(2) disclosure re: experts | November 12, 2010 |
| Defendant's Rule 26(a)(2) disclosure re: experts | December 3, 2010 |
| Plaintiff's rebuttal Rule 26(a)(2) disclosure re: experts | December 14, 2010 |

Feldman's Medical Center Pharmacy, Inc. v. CareFirst, Inc.
Civil No.: WDQ-10-0254
September 30, 2010
Page 7

| Rule 26(e)(2) supplementation of disclosures and responses | December 31, 2010 |
|---|---|
| Requests for admissions | December 10, 2010 |
| Dispositive pre-trial motions deadline | January 21, 2011 |

## VIII.  CONCLUSION

For the reasons discussed above, the stay of discovery is lifted, and the undersigned orders the following:

1. Feldman's is granted leave to take the depositions of Janet Chavarria, Kandyce Cowart, Calvin Sneed, Michael Ebner, and Christopher Deery.  The deponents shall provide the relevant documents requested in the subpoena or deposition notice to Feldman's no less than one week prior to the scheduled deposition date.

2.  CareFirst is directed to comply with this court's August 4, 2010 Order (ECF No. 70) and respond to Feldman's second set of interrogatories and third request for production of documents by October 15, 2010.

3. CareFirst shall provide a privilege log to Feldman's on or before October 15, 2010.

4. The parties are directed to comply with Local Rule 104 in an effort to resolve any discovery disputes outside of court before filing any motions to compel.

5. The above Amended Scheduling Order shall govern this case.

Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.


Very Truly Yours,

/s/

Beth P. Gesner
United States Magistrate Judge