IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FELDMAN'S MEDICAL CENTER PHARMACY, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. WDQ-10-254 |
| v. | ) ) | |
| CAREFIRST, INC. | ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO RESPOND TO STATEMENT

Plaintiff Feldman's Medical Center Pharmacy, Inc. ("Feldman's" or "Plaintiff") respectfully submits this memorandum of law in opposition to the Motion to Strike Statement of Undisputed Material Facts In Support of Plaintiff's Motion for Summary Judgment or, in the Alternative, for Extension of Time to Respond to Statement ("Motion to Strike") of Defendant CareFirst, Inc. ("CareFirst" or "Defendant").

## PRELIMINARY STATEMENT

CareFirst's argument boils down to this: the Court should strike Feldman's Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment ("Statement of Facts") because (a) it is heavily-detailed and long and (b) not every fact Plaintiff has identified in it is, in the opinion of some unknown person at CareFirst, "material." CareFirst has offered the Court no

support for its argument that when a litigant has such perceptions, the Court should strike the Statement of Facts or grant more time to respond.    Instead, CareFirst points to the materiality standard as it relates to *granting* a motion for summary judgment, without explaining why such standard should also apply to the *admissibility of facts* cited by Feldman's in support of its Motion for Summary Judgment.

This is just another attempt by CareFirst to obtain relief not available under the Federal Rules of Civil Procedure.[1]   Rule 56 does not require that all facts submitted in support of a motion for summary judgment be "material," nor does it require that every supporting fact "affect the outcome of the suit."    To the contrary, Rule 56 permits the Court to consider any fact that is properly supported – whether material or not – and gives the Court wide discretion in the remedies it can impose in connection with any fact that is not properly supported.   CareFirst, however, has made no allegation that one fact submitted by Feldman's is not properly supported.    Nor has it made any legitimate argument in favor of its alternative request for additional time to respond.

---

[1] CareFirst first tried to have the Court strike the Statement of Facts and Mr. Bostwick's affidavit by emergency conference call with the Court.  Feldman's objected to that attempt, arguing that if CareFirst had an issue with the Statement of Facts or any affidavit, the appropriate approach was for CareFirst to file a motion.  Next, on March 11, 2011, CareFirst wrote a letter to the Court (attached as <u>Exhibit A</u>) requesting a conference with the Court and Feldman's on CareFirst's issues with the Statement of Facts and the Bostwick Affidavit.  On March 14, 2011, Feldman's responded by letter to the Court (attached as <u>Exhibit B</u>), pointing out that any issues CareFirst had with the Statement of Facts or any affidavit should be raised by motion.  In that letter Feldman's also advised that CareFirst had not raised any specific issues with any of the facts asserted by Feldman's.  By letter dated April 1, 2011, the Court concurred with Feldman's assertion that any concerns should be raised by motion (<u>Exhibit C</u>).  To this day, even after filing a motion to strike, CareFirst has still not raised any specific objections to any individual fact identified by Feldman's.

## ARGUMENT

I. **RULE 56 DOES NOT REQUIRE THAT EVERY FACT
IN SUPPORT OF A SUMMARY JUDGMENT MOTION BE 'MATERIAL'**

CareFirst argues that the Court should take the extreme step of striking Feldman's Statement of Facts because not all facts in the Statement of Facts are, in its opinion, "material." But Federal Rule of Civil Procedure 56 does not even require a separate Statement of Facts, and certainly does not require any facts cited in support of a motion for summary judgment be material.

A. **The Court Must Consider All Materials Submitted by a Party**

"The court and the parties have great flexibility with regard to the evidence that may be used on a Rule 56 proceeding."  10A The Late Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure § 2721 (3d ed. 2010).  In fact,

> the particular forms of evidence mentioned in the rule are not the exclusive means of presenting evidence on a Rule 56 motion.  The court may consider any material that would be admissible or usable at trial. As Judge Aldrich has stated, Rule 56(e) "is an enlarging provision as to what may be considered, not a restriction."

Id. (quoting Yong Hong Keung v. Dulles, 127 F. Supp. 252 (D.C. Mass. 1954)).

The evidence to be adjudged by a court on a motion for summary judgment includes everything filed by the parties – including non-material facts – not just pleadings and certainly not just material facts.  "In addition to the pleadings, [the court] will consider all papers of record, as well as any material

prepared for the motion that meets the standard prescribed in Rule 56(e)." 10A
Federal Practice & Procedure at § 2721.

### B.   The Rule 56 Standard

Fed. R. Civ. P. 56 authorizes a party to file a motion for summary
judgment and directs the Court to grant such summary judgment "if the movant
shows that there is no genuine dispute as to any material fact and the movant is
entitled to judgment as a matter of law." Rule 56(a). The materiality standard in
Rule 56(a) – the same standard as set forth in Anderson v. Liberty Lobby, Inc., 477
U.S. 242 (1986), cited by CareFirst in its Motion to Strike – refers to the standard
for *granting* a motion for summary judgment. Rule 56 does not say that all facts
cited in support of a motion for summary judgment also must be material.

In fact, Rule 56 and the Supreme Court recognize that not every fact
cited in a Rule 56 motion will be material. "By its very terms, this standard
provides that the mere existence of *some* alleged factual dispute between the
parties will not defeat an otherwise properly supported motion for summary
judgment; the requirement is that there be no *genuine* issue of *material* fact.
Anderson, 477 U.S. at 247-48 (emphasis in original).

Rule 56(c) sets forth the procedures to be used to support factual
assertions in support of a motion for summary judgment. A party asserting facts,
or disputing factual assertions, must support the assertion (or dispute) by

> (A) citing to particular parts of materials in the record, including
> depositions, documents, electronically stored information,
> affidavits or declarations, stipulations (including those made for

4

> purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c).  Notably, the heading of Rule 56(c) refers to "Supporting Factual Positions," and does not state that the only facts that can be cited are material facts.

Finally, Rule 56(e) states that if a party fails to properly support any facts – again, not material facts, but "any facts" – then the Court may:

> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

Clearly the Rules contemplate that a party may submit facts that are not material.  However, only material facts are relevant to the outcome of the motion for summary judgment.

### C.   CareFirst Seeks Relief Not Contemplated by Rule 56

CareFirst tries to do an end-run around the Federal Rules of Civil Procedure by requesting that the Court strike Feldman's Statement of Facts wholesale, without any attempt by CareFirst to identify a single fact that is improperly supported.  Furthermore, even though CareFirst has alleged that certain

facts in the Statement of Facts are immaterial, CareFirst generally does not even attempt to identify the facts that it considers immaterial.

The one category of facts that CareFirst does generally allege are immaterial highlights just how meritless CareFirst's Motion to Strike actually is. CareFirst asserts that it should not have to respond to "Feldman's descriptions of CareFirst and its purported obligations and financials" because "CareFirst cannot possibly know what Feldman's intends to do in its next lawsuit." (Brief in Support of Motion to Strike, p. 2 – 3)  Therefore, "CareFirst cannot run the risk of ignoring possible misstatements in the" Statement of Facts. (Brief in Support of Motion to Strike, p. 3)  The factual statements Feldman's has made regarding CareFirst's "purported obligations and financials" were mostly taken from CareFirst's very own annual reports, financial statements, and other information on CareFirst's website. It cannot be difficult for a multi-billion dollar, sophisticated company like CareFirst to have someone verify that the statements it has issued are actually true. Indeed, because the statements were taken from CareFirst's own annual report and financial statements, it is hard to imagine that CareFirst would dispute them. Furthermore, this Court should not be concerned at this stage with "what Feldman's intends to do in its next lawsuit," whatever that may mean. This Court's concern on a motion for summary judgment is whether there are genuine disputes as to any material facts based on the papers filed by each party. The Court should not, therefore, strike factual assertions legitimately made by Feldman's based on CareFirst's concern that it might make an error that would

prejudice it in some future lawsuit that may or may not ever be filed.  As the Supreme Court stated: "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

## II.  THE COURT SHOULD NOT GRANT CAREFIRST ANY EXTENSION OF TIME TO RESPOND TO THE STATEMENT OF FACTS

In the alternative, CareFirst has requested an extension of time to respond to the Statement of Facts.  Again, CareFirst offers no support for its request, other than the fact that the Statement of Facts is long.

Rule 6(b)(1) of the Federal Rules of Civil Procedure deals with requests for extensions of time for motion papers.  Pursuant to Rule 6(b)(1):

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

However, because there is a Scheduling Order[2] in this case (Exhibit D hereto), Rule 16(b)(4) governs.  Therefore CareFirst's motion is actually a motion to amend the Scheduling Order.  Under either Rule 6(b)(1) or Rule 16(b)(4), however, CareFirst has not made the requisite showing of cause for an extension.

---

[2] The Scheduling Order sets forth the deadline for the filing of a dispositive motion.  Local Rule 105.2.c provides that when more than one party intends to file a summary judgment motion, counsel are to agree which party will file first.  In this case, Feldman's and CareFirst entered into a Stipulation (Exhibit E hereto) modifying the Scheduling Order, pursuant to which Feldman's filed its Motion for Summary Judgment first.

"Rule 16 provides that where a date is set in a scheduling order, 'it may be modified only for good cause.' Neighbors Law Firm, P.C. v. Highland Capital Management, L.P., 2011 WL 238605 (E.D.N.C. January 24, 2011)(quoting Fed. R. Civ. P. 16(b)(4)).  "The good cause modification provision specific to Rule 16(b)(4) takes precedence over the generally applicable extension provisions of Rule 6(b)(1)." Richardson v. United States, 2010 WL 3855193, at *3 (E.D.N.C. Sept. 30, 2010)(citing Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C.1997), aff'd 129 F.3d 116 (4th Cir.1997); Corkrey v. Internal Revenue Serv., 192 F.R.D. 66, 67 (N.D.N.Y.2000)).  "Because a court's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril,' Potomac Elec. Power Co. v. Elec. Motor Supply, Inc., 190 F.R.D. 372, 375 (D. Md. 1999) (quoting Gestetner v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)), a movant must demonstrate that the reasons for the tardiness of its motion justify a departure from the rules set by the court in its Scheduling Order." Bassi & Bellotti S.p.A. v. Transcontinental Granite, Inc., 2011 WL 856366 (D. Md. March 9, 2011).

"[T]he touchstone of 'good cause' under Rule 16(b) is diligence. In other words, the focus of the 'good cause' inquiry is 'on the diligence of the party seeking modification of the scheduling order.'" Neighbors Law Firm, P.C. v. Highland Capital Management, L.P., 2011 WL 238605 (citing Dilmar, 986 F. Supp. 980).

CareFirst has also not shown the required "good cause" or diligence for the Court to grant an extension of time. Many documents filed with the Court are lengthy. CareFirst's own memorandum of law in support of its opposition to Feldman's Motion for Summary Judgment runs 22 pages. But CareFirst has given no indication of its diligence in attempting to respond to the Statement of Facts. CareFirst obviously knew it had certain issues with the Statement of Facts by at least March 11, 2011, when it wrote the letter to the Court (Exhibit A), but it did not move for an extension until hours before the deadline to respond, nor did it take any other action beyond attempting to arrange a conference call with the Court.

Furthermore, contrary to CareFirst's assertions, any extension of time for CareFirst to respond to the Statement of Facts would unfairly prejudice Feldman's. CareFirst asserts that "briefing on the cross motions for summary judgment will not be completed until [April 29, 2011] anyway, [so] the requested extension will in no way delay resolution of the cross motions." Brief in Support of Motion to Strike, p. 3. April 29, 2011 is the date by which, pursuant to the Stipulation, CareFirst is permitted to respond to Feldman's opposition and reply, which is due April 15, 2011. So the important date is not April 29 (the date by which CareFirst can respond), but April 15 (the date by which Feldman's can respond). If CareFirst is granted a two week extension to respond to the Statement of Facts, Feldman's will need an extension so that it can have time to respond to any response filed by CareFirst. Pursuant to the current schedule, April

15 is Feldman's last opportunity to file a response on CareFirst's cross motion and opposition.   Any extension granted to CareFirst would therefore require that the entire schedule be pushed back yet again.

CareFirst has offered no explanation for why it could not respond to the Statement of Facts in the time limits imposed by this Court in the Scheduling Order, as supplemented by the Stipulation entered into by the parties.   CareFirst has also not show that it exercised the required diligence in attempting to meet the deadlines set by the Scheduling Order as supplemented by the Stipulation. Therefore, the Court must deny CareFirst's request for an extension of time to respond to the Statement of Facts.

## Conclusion

For the reasons stated above, CareFirst's Motion to Strike Statement of Undisputed Material Facts In Support of Plaintiff's Motion for Summary Judgment or, in the Alternative, for Extension of Time to Respond to Statement should be denied.

Dated:   Baltimore, Maryland
         April 11, 2011

> BAROODY & O'TOOLE
> 201 N. Charles Street, Suite 2102
> Baltimore, Maryland 21201
> (410) 539-8412 (telephone)
> (410) 539-8411 (telecopier)
>
> PADUANO & WEINTRAUB LLP
>
> By: _____
>       Anthony Paduano (*Admitted pro hac vice*)
>       Jordan D. Becker (*Admitted pro hac vice*)
>       1251 Avenue of the Americas
>       New York, New York 10020
>       (212) 785-9100 (telephone)
>       (212) 785-9099 (telecopier)
>
> Attorneys for Plaintiff

11

# EXHIBIT A

CareFirst BlueCross BlueShield
840 1st Street, NE
Washington, DC 20065

Patrick de Gravelles
Litigation General Counsel
Office of Corporate Counsel
Tel:   202/880-7457
Fax:   202/680-7620
Email: patrick.degravelles@carefirst.com



March 11, 2011

<u>Via Facsimile (410) 962-2985</u>
Hon. Susan K. Gauvey
United States Magistrate Judge
United States District Court for the District of Maryland
Baltimore Division
101 W. Lombard Street
Baltimore, MD 21201

Re:  <u>Feldman's Medical Center Pharmacy, Inc. v. CareFirst, Inc.</u>
     Civil Action No:  1:10-cv-00254-WDQ

Your Honor:

        I am writing in reference to the matter of Feldman's Medical Center Pharmacy, Inc.
v. CareFirst, Inc. The purpose of this correspondence is to let the Court know that I would
like to raise an issue regarding the Statement of Undisputed Facts that Feldman's filed with
its Summary Judgment Motion. I will not address any of the substantive issues at this
point.

        The reason I am doing this by letter is that CareFirst has only two weeks left to
respond to Plaintiff's motion. The issue I wish to raise may impact the briefing schedule.
While I wanted to call the Court, opposing counsel indicated that none of the attorneys
working on this matter were available for such a call. They also could not provide me with
any times next week during which they would be available for a call with the Court.

        If the Court would like to receive a written submission that addresses my concerns,
I am happy to provide that. However, I respectfully request that for the moment the Court
at least consider holding in abeyance the briefing schedule. In the alternative, I would be
happy to address the issue during a call with the Court. I am available for such a call next
Tuesday any time before noon. In addition, lead counsel for Feldman's and I will be in

CareFirst BlueCross BlueShield is the shared business name of CareFirst of Maryland, Inc. and Group Hospitalization
and Medical Services, Inc. which are independent licensees of the Blue Cross and Blue Shield Association.
®'Registered trademark of the Blue Cross and Blue Shield Association.  ®' Registered trademark of CareFirst, Inc.

Hon. Susan K. Gauvey
March 11, 2011
Page 2

deposition together on Wednesday and Friday of next week, and in mediation next
Thursday. I believe that we could find some time during those three days to have a break
in our proceedings to place a call to the Court. The matter should take no more than 30
minutes to address. Please advise how the Court would like to proceed. Thank you.

Sincerely,

*Patrick de Gravelles Jr.*

Patrick de Gravelles


cc:  Jordan D. Becker, Esq. (via facsimile)

# EXHIBIT B

PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE: 212-785-9100
TELECOPIER: 212-785-9099

March 14, 2011

RECEIVED IN THE CHAMBERS OF
SUSAN K. GAUVEY

MAR 1 5 2011

UNITED STATES MAGISTRATE JUDGE

**VIA FACSIMILE AND FEDERAL EXPRESS**

The Honorable Susan K. Gauvey
United States Magistrate Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

> Re:   Feldman's Medical Center Pharmacy, Inc. v. CareFirst, Inc.,
>       Civil Action No. 1:10-cv-00254-WDQ

Dear Judge Gauvey:

      We are in receipt of a March 11, 2011 letter written to the Court by Mr. Patrick de Gravelles for CareFirst, Inc. In the letter, Mr. de Gravelles states, without any specificity which would permit the Court to determine exactly what his concerns are, that the "purpose of this correspondence is to let the Court know that I would like to raise an issue regarding the Statement of Undisputed Facts that Feldman's filed with its Summary Judgment Motion." As we advised Mr. de Gravelles repeatedly before he sent his letter, we believe that if CareFirst has an issue regarding the Statement of Undisputed Facts, it must raise such issues pursuant to the Federal Rules of Civil Procedure, and not a telephone call with the Court.

      In an email sent to us on March 11 at 8:27 a.m., Mr. de Gravelles made vague allegations that Mr. Bostwick's Declaration and Feldman's Statement of Undisputed Facts "fall short of the standards set forth in Rule 56." Mr. de Gravelles requested that Feldman's either "withdraw those documents and substitute them with ones that comply with your obligations" or be available for a call with the Court. [Copies of all emails referenced in this letter are attached as Exhibit A.]

      In an email sent at 2:45 p.m. on March 11, we responded by advising Mr. de Gravelles that Feldman's had met its burden under Fed. R. Civ. Pr. Rule 56, and that if CareFirst disagreed, it should, as the Rules provide, file a Motion to

PADUANO & WEINTRAUB LLP

Hon. Susan K. Gauvey
United States Magistrate Judge
March 14, 2011
Page 2

Strike Mr. Bostwick's Declaration or any part of the Undisputed Statement of Facts that CareFirst believes to be 'flawed. We advised CareFirst that this Court has held that a statement such as that contained in paragraph 1 of the Bostwick Declaration – that the declaration is based on personal knowledge – is "sufficient to demonstrate knowledge and competence to testify to all of the facts contained in the affidavit" except for any statements where the affiant clearly does not have personal knowledge. Copiers Typewriters Calculators, Inc. v. Toshiba Corp., 576 F. Supp. 312, 316 (D. Md. 1983)(Davis, J.). We further advised CareFirst that if an affidavit does not comply with Rule 56(e), it is subject to a motion to strike. Contracts Materials Processing, Inc. v. Kataleuna GmbH Catalysts, 164 F. Supp. 2d 520, 527 (D. Md. 2001) (Murnaghan, J.). We also indicated that we would be happy to discuss any issues with CareFirst, but could not do so unless CareFirst identified specific problems it had with either the Bostwick Declaration or the Undisputed Statement of Facts. Mr. de Gravelles ignored this invitation and instead notified us by email that CareFirst would call the Court at 4:15 p.m. and that we were welcome to join the call.

        We were not available to call the Court at 4:15 on March 11. It is not clear if such a call ever took place, although at 4:45 p.m. on March 11, Mr. de Gravelles notified counsel for Feldman's that CareFirst would be making a written submission to the Court. Apparently the written "submission" referred to in the 4:45 email is the letter to the Court attached as Exhibit B.

        Feldman's respectfully submits that a conversation with the Court at this juncture is premature and inappropriate and that the proper procedure is for CareFirst to file a motion with the Court addressing any issues it may have.

        We thank the Court for its courtesies.

                                        Respectfully,

                                        Anthony Paduano

cc:    Patrick de Gravelles, Esq. (via email)
       Thomas O'Toole, Esq. (via email)

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
SUSAN K. GAUVEY
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_skgchambers@mdd.uscourts.gov
(410) 962-4953
(410) 962-2985 - Fax

April 1, 2011

Neal C. Baroody, Esq.
Baroody & O'Toole
201 N. Charles Street, Suite 2102
Baltimore, MD  21201

Anthony Paduano, Esq.
Jordan D. Becker, Esq.
Paduano & Weintraub LLP
1251 Avenue of the Americas, 9th Floor
New York, NY  10020

Patrick de Gravelles, Esq.
CareFirst Blue Cross Blue Shield
840 1st Street, N.E., DC12-08
Washington, DC  20065

Re: Feldman's Medical Center Pharmacy, Inc. v. CareFirst,
Inc., Civil No. SKG-10-254

Dear Counsel:

I apologize for the delay in responding to your letters of
March 11 and 14.  I have now reviewed them.  Mr. de Gravelles,
you should raise your concern regarding the submission of the
plaintiffs by way of a motion.  If there is some urgency to the
motion, file a motion to shorten time contemporaneously, and
also if you believe there is some need to alter the pretrial
schedule, please include a motion to that effect as well.

Sincerely yours,

/s/

Susan K. Gauvey
United States Magistrate Judge

# EXHIBIT D

Case 1:10-cv-00254-SKG   Document 118   Filed 04/11/11   Page 21 of 30
Case 1:10-cv-00254-WDQ   Document 58   Filed 07/07/10   Page 1 of 6
Case 1:10-cv-00254-WDQ   Document 57   Filed 07/06/10   Page 3 of 8

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND** II: 34

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

| | | |
|---|---|---|
| FELDMAN'S MEDICAL CENTER PHARMACY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. WDQ-10-254 |
| | ) | |
| v. | ) | |
| | ) | |
| CAREFIRST, INC. | ) | |
| | ) | |
| Defendant, | ) | |
| v. | ) | |
| | ) | |
| John DOES 1 and 2 | ) | |
| | ) | |
| Third-Party-Defendant, | ) | |

---

## SCHEDULING ORDER

This scheduling order is being entered pursuant to Local Rule 103.9. Any inquiries concerning the schedule should be directed to my chambers, not to the Clerk's Office. **The schedule will not be changed except for good cause.**

This case is subject to electronic filing. Please familiarize yourself with the procedures for electronic filing available at: www.mdd.uscourts.gov. You must use the electronic filing system for filing documents with the Clerk and sending case related correspondence to chambers. **When you electronically file a document that, including attachments, is 15 pages or longer, you also must provide a paper copy of the document and a paper copy of the notice of electronic filing.** The paper copy should be sent to the Clerk's Office, not directly to chambers.

Case 1:10-cv-00254-SKG   Document 118   Filed 04/11/11   Page 22 of 30
Case 1:10-cv-00254-WDQ   Document 58   Filed 07/07/10   Page 2 of 6
Case 1:10-cv-00254-WDQ   Document 57   Filed 07/06/10   Page 4 of 8

## I.  <u>DEADLINES</u>

| | | |
|---|---|---|
| Joint request for early settlement/ADR conference<br><br>(This request will not postpone discovery unless otherwise ordered). | | July 22, 2010 |
| Report re deposition hours | | July 22, 2010 |
| Initial report whether there is unanimous consent to proceed before a United States Magistrate Judge | | July 22, 2010 |
| Moving for joinder of additional parties and amendment of pleadings | | August 12, 2010 |
| Plaintiff's Rule 26(a)(2) disclosures re experts | | August 18, 2010 |
| Defendant's Rule 26(a)(2) disclosures re experts | | September 1, 2010 |
| Plaintiff's rebuttal Rule 26(a)(2) disclosures re experts | | September 15, 2010 |
| Rule 26(e)(2) supplementation of disclosures and responses | | September 29, 2010 |
| **Discovery deadline:**<br>**submission of status report** | | August 27, 2010 |
| Requests for admission | | September 15, 2010 |
| **Dispositive pretrial**<br>**motions deadline** | | October 29, 2010 |

Case 1:10-cv-00254-SKG   Document 118   Filed 04/11/11   Page 23 of 30
Case 1:10-cv-00254-WDQ   Document 58   Filed 07/07/10   Page 3 of 6
Case 1:10-cv-00254-WDQ   Document 57   Filed 07/06/10   Page 5 of 8

## II. DISCOVERY

### Initial Disclosures

The parties have already engaged in extensive discovery as this case was pending in the Circuit Court for Baltimore County. The parties anticipate shall disclose any other Rule 26 material within two (2) weeks of the date of this Order.

### Discovery Conference

Due to the discovery already completed in this matter while it was pending in the Circuit Court for Baltimore County, this action is exempted from the requirements of the first sentence of Fed. R. Civ. P. 26(d) and from Fed. R. Civ. P. 26(f). However, you are encouraged to confer with one another immediately in order to (a) identify the issues, (b) set a discovery plan, (c) determine if the case can be resolved before your clients incur further litigation expense, and (d) establish a cordial professional relationship among yourselves.

### Procedure

All the provisions of Local Rule 104 apply, including the following:

a.     All discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

b.     The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

c.     No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, should be filed with the court.

d.     Motions to compel shall be filed in accordance with Local Rule 104.8 and applicable CM/ECF procedures.

e.     Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders that may be helpful to you.

Case 1:10-cv-00254-SKG   Document 118   Filed 04/11/11   Page 24 of 30
Case 1:10-cv-00254-WDQ   Document 58   Filed 07/07/10   Page 4 of 6
Case 1:10-cv-00254-WDQ   Document 57   Filed 07/06/10   Page 6 of 8

Deposition Hours

       Please confer with one another and report to the Court by correspondence within 14 days of the date of this order concerning the number of hours of depositions which you believe is appropriate. If the Court has not heard from you by that date, each side shall be limited to 120 hours of depositions of fact witnesses (including parties). (If you agree to another number of deposition hours and notify the Court of your agreement, you may consider your agreement approved unless you hear from the Court to the contrary within 10 days.) If there are two or more parties on a particular side, they must share the deposition time allotted to their side unless upon your request the Court otherwise rules. Any colloquy engaged in by counsel shall be counted against his/her client's deposition time.

## III.  STATUS REPORT

       The parties shall file on the day of the discovery deadline a status report covering the following matters:

      a.     Whether discovery has been completed;

      b.     Whether any motions are pending;

      c.     Whether any party intends to file a dispositive pretrial motion;

      d.     Whether the case is to be tried jury or non-jury and the anticipated length of trial;

      e.     A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

      f.     Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

      g.     Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct any further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.

      h.     Any other matter which you believe should be brought to the Court's attention.

4

Case 1:10-cv-00254-SKG   Document 118   Filed 04/11/11   Page 25 of 30
Case 1:10-cv-00254-WDQ   Document 58   Filed 07/07/10   Page 5 of 6
Case 1:10-cv-00254-WDQ   Document 57   Filed 07/06/10   Page 7 of 8

## IV.  DISPOSITIVE PRETRIAL MOTIONS

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2.c apply.

After motions and responses thereto have been filed, the Court will advise you if a hearing is to be scheduled. The parties shall file any motions for summary judgment on or before October 29, 2010. Oppositions are due on or before November 12. If the Court believes that replies will aid in its decision, the Court will set a date by which reply briefs are due.

## V.  STATUS AND PRETRIAL CONFERENCES

The Court will set a scheduling conference after the status report has been filed, unless that report indicates that one or more of you intends to file a dispositive pretrial motion. In the latter event the Court will not set a scheduling conference until after the Court has ruled upon the motion (or the dispositive pretrial motion deadline passes without the anticipated motion being filed).

At the scheduling conference:

a.      The Court will set a deadline for submitting the pretrial order, motions in limine, proposed voir dire questions and proposed jury instructions;

b.      The Court will set a pretrial conference date and a trial date; and

c.      The Court will ask you whether a settlement or other ADR conference with a judicial officer would be useful, and whether all parties would consent to trial (jury or non-jury) before a U.S. Magistrate Judge. **Please confer with your client about these matters before the conference so that you are in a position to respond.**

## VI.  ATTORNEYS' FEES

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases which are Appendix B to the Local Rules.

Case 1:10-cv-00254-SKG  Document 118  Filed 04/11/11  Page 26 of 30
Case 1:10-cv-00254-WDQ  Document 58  Filed 07/07/10  Page 6 of 6
Case 1:10-cv-00254-WDQ  Document 57  Filed 07/06/10  Page 8 of 8

VII.  <u>COMPLIANCE WITH LOCAL RULES AND CM/ECF PROCEDURES</u>

The Court will demand compliance with the Local Rules and CM/ECF procedures. If you need to obtain a copy of the Local Rules or the CM/ECF procedures, they are available on our website at www.mdd.uscourts.gov.

Date: July 7, 2010

William D. Quarles, Jr.
United States District Judge

6

# EXHIBIT E

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2010 NOV 15  P 2: 57

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| FELDMAN'S MEDICAL CENTER PHARMACY, INC., | )<br>)<br>) |
| Plaintiff, | )<br>)<br>)   Civil Action No. WDQ-10-254 |
| v. | )<br>) |
| CAREFIRST, INC. | )<br>) |
| Defendant, | )<br>) |
| v. | )<br>) |
| John DOES 1 and 2 | )<br>) |
| Third-Party-<br>Defendants, | )<br>) |

**STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER**

Plaintiff Feldman's Medical Center Pharmacy, Inc. and Defendant CareFirst, Inc., through their undersigned counsel, stipulate as follows:

WHEREAS, the Court issued an initial scheduling order on July 7, 2010; and

WHEREAS, the Court issued a modified scheduling order on August 16, 2010; and

WHEREAS, all discovery in this action was stayed by order of the Court on September 1, 2010; and

WHEREAS, the Court issued a second modified scheduling order on September 30, 2010; and

WHEREAS, the parties hereto have diligently attempted to meet the deadlines in the second modified scheduling order, but have been unable to do so, primarily to schedule non-party depositions; and

WHEREAS, the parties require a brief additional extension of the deadlines set by the Court;

WHEREFORE, for the reasons set forth herein, Plaintiff and Defendant respectfully request that this Court "So Order" this Stipulation and Order resetting the deadlines in this case as follows:

| Event | Date |
|---|---|
| Discovery Deadline and Filing of Discovery Status Report | December 22, 2010 |
| Plaintiff's Rule 26(a)(2) disclosure re experts | December 13, 2010 |
| Defendant's Rule 26(a)(2) disclosure re experts | January 7, 2011 |
| Plaintiff's rebuttal Rule 26(a)(2) disclosure re experts | January 21, 2011 |
| Rule 26(e)(2) supplementation of disclosures and responses | February 4, 2011 |
| Requests for admission | January 14, 2011 |
| Dispositive pre-trial motions deadline | March 4, 2011 |

Dated:      November 12, 2010

2

BAROODY & O'TOOLE
201 N. Charles Street, Suite 2102
Baltimore, Maryland 21201
(410) 539-8412 (telephone)
(410) 539-8411 (facsimile)

PADUANO & WEINTRAUB LLP

By: _____
      Anthony Paduano
      Jordan D. Becker
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100 (telephone)
(212) 785-9099 (facsimile)
*Appearing pro hac vice*

Attorneys for Plaintiff

CAREFIRST, INC.

By: _____
      Patrick de Gravelles
CareFirst Blue Cross Blue Shield
Office of Corporate Counsel
840 1st Street, N.E., DC12-08
Washington, D.C.  20065
(202) 680-7457 (telephone)
(202) 680-7620 (facsimile)

Attorneys for Defendant

IT IS SO ORDERED

_____
Honorable Beth P. Gesner
United States Magistrate Judge
Dated:  11 - 15 - 10

3