IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| FELDMAN'S MEDICAL CENTER PHARMACY, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. WDQ-10-0254 |
| v. | ) ) | |
| CAREFIRST, INC., | ) ) | |
| Defendant. | ) | |

## SUPPLEMENTAL MEMORANDUM OF LAW
### PURSUANT TO THE COURT'S MAY 12, 2011 ORDER

Neal C. Baroody
BAROODY & O'TOOLE
201 N. Charles Street, Suite 2102
Baltimore, Maryland 21201

Anthony Paduano
Jordan D. Becker
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
Appearing pro hac vice

Attorneys for Plaintiff

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................ii

I. PRE-JUDGMENT INTEREST........................................................................1

    A.  FMCP Is Entitled to Interest Under Maryland's Prompt Pay Statute..............1

    B.  FMCP Is Entitled to Pre-Judgment Interest Under ERISA............................3

II. ERISA PREEMPTION................................................................................6

    A. The Interest Calculation Concerns the Rate of Payment.............................7

    B. The Interest Claim is Saved from Preemption............................................8

    C. Independent State Law Claims of Third Party............................................10

III. PRIVATE RIGHT OF ACTION......................................................................11

IV. ADMINISTRATIVE PROCESS......................................................................15

CONCLUSION...............................................................................................17

## TABLE OF AUTHORITIES

**Cases**

Biava v. Insurers Admin. Corp.,
1995 WL 94461 (10th Cir. 1995)...........................................................5n

B.P. v. Charlotte-Mecklenburg Board of Educ.,
2010 WL 1418334 (W.D.N.C. Apr. 2, 2010) ....................................... ..4

Baylor Univ. Med. Ctr. v. Ark. Blue Cross Blue Shield,
331 F. Supp. 2d 502, 511-12 (N.D.Tex. 2004) ................................. 8

Blue Cross v. Anesthesia Care Assocs. Med. Group, Inc.,
187 F.3d 1045, 1051 (9th Cir. 1999)................................................. 7

City of Milwaukee v. Cement Div., Nat'l Gypsum Co.,
515 U.S. 189, 195 (1995) .............................................................. 3

Cotter v. Eastern Conf. of Teamsters Ret. Plan,
898 F.2d 424, 429 (1990)............................................................... 3

Edmonds v. Hughes Aircraft Co.,
1998 WL 782016 (E.D. Va. Nov. 6, 1998) ..................................... 3,4

Erie Ins. Co. v. Chops,
322 Md. 79, 585 A.2d 232, 237 (Md. 1991)................................... 12

Foundation Health v. Westside EKG Assocs.,
944 So. 2d 188 (Fla. 2006)...........................................................14n

Ford v. Uniroyal Pension Plan,
154 F.3d 613, 619 (6th Cir. 1998) ................................................ 4

Grider v. Keystone Health Plan,
2003 WL 22182905 (E.D. Pa. Sept. 18, 2003)............................14n

Gruber v. Unum Life Ins. Co. of America,
195 F. Supp. 2d 711 (D. Md. 2002)............................................... 4

IVTX, Inc. v. United HealthCare of Mid-Atlantic, Inc.,
112 F. Supp. 2d 445, 447 (D. Md. 2000) ..................................... 12

Johnson v. Conn. Life Ins. Co.,
324 Fed. Appx. 459, 463-64 (6th Cir. 2009). .................................................... 9

Kentucky Association of Health Plans, Inc. v. Miller,
538 U.S. 329, 341-2 (2003) ........................................................................... 9

Lone Star Ob/Gyn Assocs. v. Aetna Health Inc.,
579 F.3d 525, 530-31 (5th Cir. 2009)............................................................. 7

Lordmann Enterprises, Inc., v. Equicor, Inc.,
32 F.3d 1529 (11th Cir. 1994) ..................................................................... 11

Managed Care Litig.,
135 F. Supp. 2d 1253, 1268 (S.D. Fla. 2001)...............................................8,11

McKandes v. Blue Cross & Blue Shield Assoc.,
243 F. Supp. 2d 380, 386 (D. Md. 2003) ....................................................9,10

Medical & Chir. Faculty of State of Maryland v. Aetna U.S. Healthcare, Inc.,
221 F. Supp. 2d 618, 619 (D. Md. 2002) ............................................... 9,10,11

Mem. Hermann Hosp. System v. Aetna Health Inc.,
2007 WL 1701901(S.D. Tex. June 11, 2007)................................................... 8

Meyer v. Berkshire Life Ins. Co.,
250 F. Supp.2d 544, 574 (D. Md. 2003) ......................................................... 4

Miami Valley Hosp. v. Community Ins. Co.,
2006 WL 2252669 (S.D. Ohio Aug. 7, 2006) ................................................... 8

Nightingale v. Blue Cross/Blue Shield of Alabama,
41 F.3d 1476, 1484 (11th Cir.)...................................................................5n

Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimb. Plan,
388 F.3d 393, 403-04 (3d Cir. 2004) ............................................................. 7

Quesinberry v. Life Ins. Co. of North America,
987 F.2d 1017, 1030-31 (4th Cir. 1993).....................................................3,4

Rinaldi v. CCX, Inc.,
2009 WL 1338688 (W.D.N.C. May 12, 2009) ................................................. 3

Rocky Mountain Holdings, LLC v. Blue Cross and Blue Shield of Florida, Inc.,
2008 WL3833236 (M.D. Fla. Aug. 13, 2008) ................................................. 10

Smith v. Am. Int'l Life Assurance Co. of New York,
50 F.3d 956, 958 (11th Cir. 1995)................................................................5n

Solomon v. U.S. Healthcare Sys. of Pennsylvania, Inc.,
797 A.2d 346 (Pa. Super. 2002)...............................................................14n

Staley v. Americorp Credit Corp.,
164 F. Supp. 2d 578, 580 (D. Md. 2001) ................................................... 12

Standard Ins. Co. v. Morrison,
584 F.3d 837 (9th Cir. 2009) ...................................................................... 9

Sugarloaf Citizens Ass'n, Inc. v. Gudis,
78 Md.App. 550, 554 A.2d 434, 438 (Md. Ct. Spec. App. 1989) ...............12,13

Templin v. Independence Blue Cross,
(E.D. Pa;.Case No. 09-cv-0492; May 13, 2011),............................................14n

United States v. Dollar Rent A Car Systems, Inc.,
712 938, 940 (4th Cir. 1983) ...................................................................... 4

**Statutes**

29 U.S.C. §1001 et seq................................................................... 6

29 U.S.C. § 1144(b)(2)(a) ...................................................................8, 8n

ERISA 29 U.S.C. § 1132.................................................................. 1

Maryland Code Ann., Insurance § 15-1005 ............ 1,2,6,7,9,10,11,12,13,14n,15

Md. Const. Art. III, § 57................................................................. 5

Ohio Revised Code §§ 3901.381, 3901.389 ................................................ 8

**Other Authorities**

Michael Flynn, The Check isn't in the Mail: The Inadequacy of State Prompt Pay
Statutes,
10 <u>DePaul J. Health Care Law</u> 397, 416 (2007)............................................14n

Monica E. Nussbaum,
Prompt Pay Statutes Should be Interpreted to Grant Providers A Private Right of
Action to Seek Enforcement Against Payors,
15 <u>Health Matrix-J. Law-Medicine</u> 205, 219 (2005)...............................14n, 15

Plaintiff Feldman's Medical Center Pharmacy, Inc. ("FMCP") respectfully submits this Supplemental Memorandum of Law pursuant to this Court's Order of May 12, 2011 (the "Order").

## I.

## PRE-JUDGMENT INTEREST

**Question:**   All authority under which plaintiff seeks interest.

**Answer:**   Plaintiff seeks pre-judgment interest pursuant to: (i) Maryland Code Ann., Insurance § 15-1005 (the "Prompt Pay Statute") based upon the contractual undertaking made by CareFirst in its Participating Provider Agreement ("PPP") with FMCP; and (ii) ERISA 29 U.S.C. § 1132.

**Analysis:**

### A.   FMCP is Entitled to Interest Under Maryland's Prompt Pay Statute

As set forth in FMCP's moving papers, and as conceded by CareFirst (See Declaration of Jamie Hanson in Support of Defendant's Motion for Partial Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment ¶ 17 ), the PPP contractually obligates CareFirst to pay interest on claims which are paid more than 30 days from the date of submission.   Accordingly, FMCP is entitled to summary judgment on its claim for interest under Maryland's Prompt Pay Statute.

Maryland Code Ann., Insurance § 15-1005(c) provides that insurers "must" pay "clean" claims[1] within 30 days after receipt of such claims.  If an insurer fails to pay within 30 days, pursuant to Maryland Code Ann., the insurer "shall pay interest on the amount of the claim that remains unpaid 30 days after the claim is received at the monthly rate of: (i) 1.5% from the 31st day through the 60th day; (ii) 2% from the 61st day through the 120th day; and (iii) 2.5% after the 120th day."

The Prompt Pay Statute makes clear that an award of interest is mandatory; there is no discretion involved on the part of the Court.  Indeed, CareFirst has conceded that this statute must be applied. In Paragraph 20 of the PPP, CareFirst agreed to pay interest "on the amount of an unpaid claim or any portion thereof in accordance with Maryland law."  Moreover, in its memorandum of law submitted in opposition to FMCP's pending motion for summary judgment, CareFirst stated: "CareFirst, consistent with its goal of resolving this matter, has already calculated and paid Feldman's $23,017.00 in interest under § 15-1005 of the Maryland Insurance Article"  (Opp. Mem., p. 15).  The contractual terms and this admission establish that § 15-1005 applies in this action.

---

[1]     There is no dispute that the claims here are "clean".  That issue – whether FMCP failed in its duty to submit all required documents -- has not been raised by CareFirst.  Indeed, CareFirst has time and again stated to this Court that its only issue with the claims is whether FMCP was required to have an RSA license.

Applying the Prompt Pay Statute's interest rates, FMCP is entitled to an award of interest on its claims in a minimum amount of $886,483.93 as of March 4, 2011, as specified in FMCP's moving papers.[2]

## B. FMCP Is Entitled to Pre-Judgment Interest Under ERISA

Although FMCP believes that the Prompt Pay Statute controls, FMCP would also be entitled to an award of pre-judgment interest under ERISA (if the Prompt Pay Statute exists).  The United States Supreme Court has explained that the "essential rationale for awarding pre-judgment interest is to ensure that an injured party is fully compensated for its loss." City of Milwaukee v. Cement Div., Nat'l Gypsum Co., 515 U.S. 189, 195 (1995).  Accord Quesinberry v. Life Ins. Co. of North America, 987 F.2d 1017, 1030-31 (4th Cir. 1993); Cotter v. Eastern Conf. of Teamsters Ret. Plan, 898 F.2d 424, 429 (1990); Rinaldi v. CCX, Inc., 2009 WL 1338688, at *1 (W.D.N.C. May 12, 2009), aff'd, 388 F. Appx. 290 (4th Cir. 2010); Edmonds v. Hughes Aircraft Co., 1998 WL 782016, at *1 (E.D. Va. Nov. 6, 1998) ("An award of pre-judgment interest is appropriate to compensate a plaintiff for the loss of money and to make the plaintiff whole").

In the instant action FMCP can be fully compensated only if it is granted a substantial award of interest.  See, e.g., Edmonds, supra, 1998 WL

---

[2]    Although interest accrues at 31 days after the claim was received by CareFirst, CareFirst argues that interest should not be applied here until the date CareFirst received an ex parte opinion from the Maryland Pharmacy Board that FMCP did not need an RSA license.  But as FMCP's moving papers make clear (See FMCP's Brief in Support of its Motion for Summary Judgment, page 19) even if CareFirst's position was asserted in good faith (which the undisputed facts demonstrate was not the case), there is no good faith exception under the Maryland statute.

782016 at *1 (awarding pre-judgment interest under ERISA where long-term disability benefits were wrongly denied).   As is explained in FMCP's summary judgment papers, CareFirst wrongly refused to pay in excess of $1.8 million in properly submitted invoices for well more than 32 months.   Accordingly, FMCP is entitled to an award of pre-judgment interest in order to afford it complete relief.

As to the rate applied, that lies within the Court's discretion. Quesinberry, supra, 987 F.2d at 1030-31 (relying on United States v. Dollar Rent A Car Systems, Inc., 712 938, 940 (4th Cir. 1983); Ford v. Uniroyal Pension Plan, 154 F.3d 613, 619 (6th Cir. 1998) (holding that district court has discretion to rely on state interest rates for pre-judgment awards).

Absent a statutory mandate, that discretion is guided by state statutory interest rates.   B.P. v. Charlotte-Mecklenburg Board of Educ., 2010 WL 1418334, at *9 (W.D.N.C. Apr. 2, 2010).   In Quesinberry, supra, the Fourth Circuit specifically endorsed the use of a state statutory rate to determine the applicable interest rate in an ERISA action.   987 F.2d at 1031.   Likewise, in Gruber v. Unum Life Ins. Co. of America, 195 F. Supp. 2d 711 (D. Md. 2002) (Nickerson, J.), this Court followed Quesinberry and applied Maryland's statutory interest rate to calculate the appropriate amount of pre-judgment interest in an ERISA action. Id. at 719.   And in Meyer v. Berkshire Life Ins. Co., 250 F. Supp.2d 544, 574 (D. Md. 2003) (Blake, J.), aff'd, 372 F.3d 261 (4th Cir. 2004), this Court

used Maryland's statutory interest rate as a baseline to award pre-judgment interest in an ERISA action.[3]

The Maryland pre-judgment statutory interest rate is 6% per annum. See Md. Const. Art. III, § 57. But, as is set forth above, this Court should apply the Maryland Prompt Pay statutory rate to this dispute. CareFirst failed to pay $1.8 million in claims, dating back to 2007. Although these claims were always "clean", CareFirst concocted a "reason" for failing to make payment as required by the PPP Agreement. But that "reason", the RSA canard, CareFirst, knew or should have quickly known, never had a basis in fact or law. Indeed, even after FMCP obtained an RSA license at CareFirst's insistence, CareFirst still withheld payment for no reason on invoices that were post-license (See FMCP's Brief in Support of its Motion for Summary Judgment, page 4).

Accordingly, for the foregoing reasons and because CareFirst has conceded that it owes interest pursuant to Maryland's Prompt Pay Statute, there is no question as to the right of FMCP to interest.

---

[3]      The general rule appears to be that state statutory rates are appropriately used in ERISA cases to determine the minimum amount of interest to be awarded in the absence of a controlling state law. See, e.g., Smith v. Am. Int'l Life Assurance Co. of New York, 50 F.3d 956, 958 (11th Cir. 1995) (approving use of Georgia's state Pre-Judgment interest rate of 12% per annum in ERISA action); Biava v. Insurers Admin. Corp., 1995 WL 94461 at **5-6 (10th Cir. 1995) (unpublished)(approving use of New Mexico's state pre-judgment interest rate of 15% per annum in ERISA action); and Nightingale v. Blue Cross/Blue Shield of Alabama, 41 F.3d 1476, 1484 (11th Cir.), cert. denied, 514 U.S. 1128 (1995) (approving use of Alabama's pre-judgment interest rate of 18% per annum in ERISA action).

II.

## ERISA PREEMPTION

**Question:**   Whether ERISA, 29 U.S.C. §1001 et seq., preempts Md. Code Ann., Insurance § 15-1005 or any other applicable state law with respect to plaintiff's claim for interest.

**Answer:**   Maryland's Prompt Pay Statute is not preempted by ERISA. Even if this Court were to conclude that the statute was preempted, it would be saved by the ERISA savings clause.

**Analysis:**

The issue of preemption must be addressed in the context of this Court's prior rulings.   In the June 29, 2010 Order Denying Remand, this Court denied FMCP's motion to remand to state court, reasoning that, there appeared to be both ERISA and non-ERISA claims asserted in the Complaint (Order at p. 14, n. 12).   Accordingly, interest can be awarded to FMCP on its non-ERISA claims pursuant to Maryland's Prompt Pay Statute without resort to preemption analysis. See Section II C, infra.

Maryland addresses the issues of preemption in Md. Code Ann., Insurance § 15-1005(b).   That subsection specifies: "To the extent consistent with [ERISA], this section applies to an insurer, nonprofit health service plan, or health maintenance organization that acts as a third party administrator."   Section 15-1005(b) is consistent with ERISA, and accordingly there is no preemption with respect to the payment of interest.   This is true for at least three independent reasons: (1) the interest issue here concerns the rate of payment, rather than the right to payment; (2) even if the Court determines that the claim is ERISA

6

preempted, it is saved by the ERISA savings clause; and (3) FMCP's independent state law claims do not implicate ERISA.

### A.   The Interest Calculation Concerns the Rate of Payment

First, the interest calculation in this action concerns the rate of payment, rather than the right to payment. The Order states that the "sole remaining issue with respect to the pending cross motions for summary judgment is plaintiff's claim for Pre-Judgment interest." Under Md. Code Ann., Insurance § 15-1005, the payment of interest is mandatory. In this situation, performance of the interest calculation thus concerns the rate of payment. The law is clear that where the rate of payment, rather than the right to payment, is concerned, there is no ERISA preemption.

In a case involving an insurance company's alleged violation of the Texas prompt pay statute, the Fifth Circuit held: "A claim that implicates the rate of payment . . . rather than the right to payment under the terms of the benefit plan . . . is not preempted by ERISA . . . . In so holding, we adopt the reasoning of the Third and Ninth Circuits . . . which have relied on this distinction between 'rate of payment' and 'right of payment.'" Lone Star Ob/Gyn Assocs. v. Aetna Health Inc., 579 F.3d 525, 530-31 (5th Cir. 2009) (emphasis in original). See also Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimb. Plan, 388 F.3d 393, 403-04 (3d Cir. 2004), cert. denied, 546 U.S. 813 (2005) (distinguishing between rate of payment and right to payment); Blue Cross v. Anesthesia Care Assocs. Med. Group, Inc., 187 F.3d 1045, 1051 (9th Cir. 1999) (same).

Numerous other courts have held that ERISA <u>does</u> <u>not</u> preempt state prompt pay statutes.  See, e.g., <u>Mem. Hermann Hosp. System v. Aetna Health Inc.</u>, 2007 WL 1701901, at *5 (S.D. Tex. June 11, 2007) ("Here, plaintiff's claims that defendants violated Texas's prompt pay statutes do not enforce rights protected by ERISA's civil enforcement provision."); <u>Miami Valley Hosp. v. Community Ins. Co.</u>, 2006 WL 2252669, at *7 (S.D. Ohio Aug. 7, 2006) ("[C]laims made under the Ohio prompt pay statute, Ohio Revised Code §§ 3901.381, 3901.389, are not preempted."); <u>Baylor Univ. Med. Ctr. v. Ark. Blue Cross Blue Shield</u>, 331 F. Supp. 2d 502, 511-12 (N.D. Tex. 2004) (holding that ERISA does not preempt Texas prompt pay statute); <u>In re Managed Care Litig.</u>, 298 F. Supp. 2d 1259 (S.D. Fla. 2003) (holding that prompt pay claims asserted under Florida statute by plaintiffs in their provider capacities were not preempted by ERISA). (Our research finds no decision on this issue from this Court).

**B.      The Interest Claim is Saved from Preemption**

As is set forth above, FMCP's claim for interest is not preempted by ERISA because it concerns the <u>rate</u> of payment, rather than the <u>right</u> to payment. This distinction is buttressed by the ERISA "savings clause."  State laws which regulate insurance, banking or securities are exempt from ERISA, and thus "saved." 29 U.S.C. § 1144(b) (2) (A).[4]  A state statute regulates insurance and thus is "saved" if it: (1) is specifically directed toward entities engaged in insurance; and

--------

[4]      29 U.S.C. § 1144(b) (2) (a) provides: "[e]xcept as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities."

(2) substantially affects the risk pooling arrangement between the insurer and the insured. Kentucky Ass'n of Health Plans, Inc. v. Miller, 538 U.S. 329, 341-42 (2003); accord Standard Ins. Co. v. Morrison, 584 F.3d 837 (9th Cir. 2009), cert. denied, 130 S. Ct. 3275 (2010); Johnson v. Conn. Life Ins. Co., 324 Fed. Appx. 459, 463-64 (6th Cir. 2009).

Maryland's Prompt Pay Statute satisfies both prongs of the Miller test. First, Section 15-1005 appears in Title 15 of the Maryland Code, which concerns "Health Insurance", and subsection (b) of § 15-1005 provides that the statute applies to insurers. Accordingly, the Prompt Pay Statute is specifically directed at entities engaged in insurance and thus satisfies the first prong of the Miller test. Maryland's Prompt Pay Statute also satisfies the second prong, insofar as it affects the risk pooling arrangement between insurers and insureds. It does so at least in part because it shifts the risk of substantial interest accruing on clean, unpaid claims from the insured to the insurer.

Two opinions by this Court are instructive in this regard. In Medical & Chir. Faculty of State of Maryland v. Aetna U.S. Healthcare, Inc., 221 F. Supp. 2d 618, 619 (D. Md. 2002) (Nickerson, J.), the Court held that state claims for underpayment brought by Maryland doctors against three HMOs (1) were not preempted and (2) in any event were saved. The Court held: "[E]ven if [we] should find that Plaintiffs' claims somehow fell within the reach of ERISA's preemption clause, those claims would, nevertheless, be 'saved' from preemption under ERISA's 'saving clause.'" Id. at 621. Likewise, in McKandes v. Blue Cross & Blue

<u>Shield Assoc.</u>, 243 F. Supp. 2d 380, 386 (D. Md. 2003) (Williams, J.), the Court held that plaintiff's common law claims involving subrogation (1) were not preempted and (2) in any event were saved, because the claims were not based on the terms of the Plan, but rather, on the insurer's conduct in connection with its subrogation practices. Id. at 386.

Here, the issue is not whether interest should be paid, but how much. Accordingly, based upon these facts, even if the Court was to determine that the claim for interest under Section 15-1005 was somehow preempted, it is "saved" and, in light of CareFirst's unjustified and lengthy refusal to pay claims, FMCP should be awarded interest at the rate prescribed by the Maryland Prompt Pay Statute commencing 31 days after the submission of each claim to CareFirst.

### C.   Independent State Law Claims of Third Party Providers Are Not Preempted by ERISA

Finally, "[c]ourts have, with near unanimity, found that independent state law claims of third party health care providers are not preempted by ERISA." <u>Medical & Chir. Faculty of State of Maryland v. Aetna U.S. Healthcare, Inc.</u>, 221 F. Supp.2d 618, 619 (D. Md. 2002) (Nickerson, J.).   Accord <u>Rocky Mountain Holdings, LLC v. Blue Cross and Blue Shield of Florida, Inc.</u>, 2008 WL 3833236, at *2 (M.D. Fla. Aug. 13, 2008) ("Plaintiffs first argue that state law claims brought by healthcare providers against insurers affect ERISA plans too tenuously to be preempted. . . . They are correct").

Because some of FMCP's claims found in contract as opposed to being based on assignments from beneficiaries (June 29, 2010 Decision Denying

10

Remand at p. 14), the rule of "near unanimity" recognized by Judge Nickerson applies.   The rationale for this is obvious because ERISA does not provide an independent cause of action for health care providers who treat ERISA participants. Thus, the "preemption of provider contract claims would defeat rather than promote ERISA's goal to protect the interests of employees and beneficiaries covered by benefit plans." In re Managed Care Litig., 135 F. Supp. 2d 1253, 1268 (S.D. Fla. 2001).   As was noted by this Court, "preemption of state law claims would leave health care providers with no viable civil remedy." Medical & Chir. Faculty of State of Maryland supra  221 F. Supp. 2d at 621; accord Lordmann Enterprises, Inc., v. Equicor, Inc., 32 F.3d 1529 (11th Cir. 1994), cert. denied, 516 U.S. 930 (1995) ("[S]tate law claims brought by health care providers against plan insurers too tenuously affect ERISA plans to be preempted by the Act.").   See also Mary Ann Chirba-Martin, Drawing Lines in Shifting Sands: The U.S. Supreme Court's Mixed Messages on ERISA Preemption Imperil Health Care Reform, 36 J. Legis. 91 (2010) (arguing that ERISA preemption should not be used to unfairly deny reimbursement to health care providers).

Accordingly, for the reasons set forth above, FMCP's claim for interest under Maryland's Prompt Pay Statute is not preempted by ERISA.

### III.

### PRIVATE RIGHT OF ACTION

Question:   Whether a private right of action exists for recovery of statutory interest under Md. Code Ann., Insurance § 15-1005.

11

**Answer:**      Although a private right of action is implied under § 15-1005, the analysis is not required because CareFirst has contractually undertaken to pay interest and has conceded, in this action, that it owes interest pursuant to the Maryland Prompt Pay Statute.

**Analysis:**

Neither the Maryland state courts nor this Court has addressed the issue raised by this Court (to our knowledge).  Although, for the reasons indicated below, the Court could recognize such an implied right, it is not necessary for this case.

To determine whether a statute implies a private right of action, Maryland courts consider whether (1) plaintiff is one of the class for whose particular benefit the statute was enacted; (2) there is any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one; and (3) it is consistent with the purposes of the legislative scheme to imply such a remedy for plaintiff.  Erie Ins. Co. v. Chops, 322 Md. 79, 585 A.2d 232, 237 (Md. 1991).

With respect to the first prong, the Maryland Court of Appeals has distinguished between those statutes designed to confer a general benefit on the public at large and those designed to protect a particular subgroup of the public or to preserve or create individual rights. Staley v. Americorp Credit Corp., 164 F. Supp. 2d 578, 580 (D. Md. 2001) (Motz, J.), citing IVTX, Inc. v. United HealthCare of Mid-Atlantic, Inc., 112 F. Supp. 2d 445, 447 (D. Md. 2000) (Nickerson, J.) and Sugarloaf Citizens Ass'n, Inc. v. Gudis, 78 Md.App. 550, 554 A.2d 434, 438 (Md. Ct. Spec. App. 1989), aff'd on other grounds, 319 Md. 520, 479 A.2d 921, 929 (1984) (holding that a county ethics law protected society as a

whole and therefore did not create a private right of action).  Here, it is clear that the Maryland Prompt Pay Statute is intended to protect the subgroup of individuals and entities who seek reimbursement from a health insurer.  The statute clearly does not confer a benefit on the general public at large and, accordingly, the first prong is satisfied.

With respect to the second prong, the legislative record is silent on the issue of legislative intent with respect to the statute.  The Maryland Courts have recognized, however, that the sparsity of legislative history at the state or local government level should not weigh against implying a private right of action. E.g., IVTX, supra, 122 F. Supp. 2d at 447.  The lack of legislative history guidance aside, the language of the Prompt Pay Statute suggests that a private right of action is contemplated. Section 15-1005 (f) specifically provides:

(f)  Payment of interest for failure to comply.-

(1) If an insurer, nonprofit health service plan, or health maintenance organization fails to pay a clean claim for reimbursement or otherwise violates any provision of this section, the insurer, nonprofit health service plan, or health maintenance organization shall pay interest on the amount of the claim that remains unpaid 30 days after receipt of the initial clean claim for reimbursement at the monthly rate of:

(i) 1.5% from the 31st day through the 60th day;

(ii) 2% from the 61st day through the 120th day; and

(iii) 2.5% after the 120th day.

(2) The interest paid under this subsection shall be included in any late reimbursement without the necessity

13

for the person that filed the original claim to make an
additional claim for that interest.

(emphasis added).

Subsection (f) (2) makes clear that interest should be paid automatically by the insurer when paying a late claim without the necessity of litigation. Based upon the express language of the statute, any action for interest owed to the insured or provider – "the person that filed the original claim," namely, the insured or the provider.[5]

Finally, the Maryland Prompt Pay Statute is consistent with the purposes of the legislative scheme to imply such a remedy for FMCP. Indeed, the statute was enacted for the purpose of providing a remedy in the form of direct payment to an aggrieved party that receives delinquent payment. Implying a private right of action will further the legislative scheme in enacting this statute.[6]

---

[5]    Maryland specifically authorizes the imposition of a nominal fine – of $500 for each violation that is arbitrary and capricious. See Md. Code Ann., Insurance § 15-1005 (g) ("An insurer. . . that violates a provision of this section is subject to (1) a fine not exceeding $500 for each violation that is arbitrary and capricious, based on all available information. . . ."). This is the remedy that lies with the Maryland Commissioner of Insurance.

[6]    Private rights of action in state prompt pay statutes have been implied by several courts. E.g., Foundation Health v. Westside EKG Assocs., 944 So. 2d 188 (Fla. 2006); Grider v. Keystone Health Plan, 2003 WL 22182905 (E.D. Pa. Sept. 18, 2003); But compare with Templin v. Independence Blue Cross, (E.D. Pa;.Case No. 09-cv-0492; May 13, 2011) (Slomsky, J.); Solomon v. U.S. Healthcare Sys. of Pennsylvania, Inc., 797 A.2d 346 (Pa. Super. 2002). Many courts have recognized implied private rights of action in state prompt pay statutes. See, e.g., Michael Flynn, The Check isn't in the Mail: The Inadequacy of State Prompt Pay Statutes, 10 DePaul J. Health Care Law 397, 416 (2007) ("The grant of a private right of action in favor of health care providers to enforce Prompt Pay laws is necessary given the scarce public resources to prosecute such claims."); Monica E.

We respectfully submit that the Court need not focus on the implied private right of action analysis.  But if it chooses to do so, it should recognize one for no other reason than that nothing in the Prompt Pay Statute provides a mechanism for the Maryland Insurance Commissioner to direct payment of improperly withheld clean claims or to direct payment of interest on delinquent claims.

## IV.

## ADMINISTRATIVE PROCESS

**Question:**  Whether an administrative process exists by which a provider may seek enforcement of Md. Code Ann., Insurance § 15-1005 by the Maryland Insurance Commissioner and, if so, whether plaintiff must exhaust administrative remedies with the Commissioner before its claim for Pre-Judgment interest is justiciable.

**Answer:**  There is no administrative process by which a provider may seek enforcement of Md. Code Ann., Insurance § 15-1005 by the Maryland Insurance Commissioner and no requirement that any such process be exhausted.

**Analysis:**

There is no administrative process in Maryland by which FMCP may seek enforcement of Maryland's Prompt Pay Statute by the Maryland Insurance

---

Nussbaum, Prompt Pay Statutes Should be Interpreted to Grant Providers A Private Right of Action to Seek Enforcement Against Payors, 15 Health Matrix-J. Law-Medicine 205, 219 (2005) ("Without a private right of action under the Pennsylvania statute, providers have no remedy to enforce the statute against alleged violators.  The statute does not authorize the insurance commissioner to force the payors to make timely payments, to force payors to pay delinquent payments, or to force payors to pay interest on delinquent payments.  The statute solely authorizes the insurance commissioner to impose a nominal fine to be paid to the Department of Insurance for violations of the statute. . . .").

Commissioner.  Thus, there can be no requirement of exhaustion of administrative remedies with the Commissioner before its claim for pre-judgment interest is ripe.

The Insurance Commissioner has promulgated regulations (COMAR) that establish penalties which may be imposed for violations of Maryland's law. (Those regulations essentially track the language of the statute itself).  Although COMAR provides for imposition of a fine of up to $500 for a single violation of the Prompt Pay Statute that is arbitrary and capricious, COMAR, (like the statute itself), provides no basis for a provider like FMCP to compel either payment of a claim or payment of accrued interest via an administrative process. See Md. Regs. Code Tit. 31.10.23.01.

## CONCLUSION

For all of the reasons set forth above and in its original moving papers,

FMCP's Motion for Summary Judgment should be granted.

Dated:  Baltimore, Maryland
        May 24, 2011

BAROODY & O'TOOLE
201 N. Charles Street, Suite 2102
Baltimore, Maryland 21201
(410) 539-8412 (telephone)
(410) 539-8411 (facsimile)

PADUANO & WEINTRAUB LLP

By: _____
       Anthony Paduano
       Jordan D. Becker
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100 (telephone)
(212) 785-9099 (facsimile)
Appearing pro hac vice

Attorneys for Plaintiff