PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE: 212-785-9100
TELECOPIER: 212-785-9099

August 15, 2011

FILED
DISTRICT COURT
DISTRICT OF MARYLAND

2011 AUG 22   A 10: 19

CLERK'S OFFICE

**VIA ELECTRONIC AND FIRST CLASS MAIL**

The Honorable Susan K. Gauvey
United States Magistrate Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

> Re: Feldman's Medical Center Pharmacy, Inc. v. CareFirst, Inc.,
>     Civil Action No. 1:10-cv-00254-WDQ

Dear Judge Gauvey:

We represent Plaintiff Feldman's Medical Center Pharmacy, Inc. ("Feldman's"). I write in response to the uninvited letter sent to the Court this afternoon by Mr. de Gravelles, as to which I make three observations:

First, there is no dispute that not one of CareFirst's payment vouchers came within the 30 day period prescribed by the Prompt Pay Statute. The Court elicited the concession on the record on August 11, 2011 that the claims were submitted at or very close in time to the Dates of Service specified. Thus, by law, those vouchers do nothing to toll or excuse CareFirst's failure to pay the claims. Each claim became "clean" by law when the 30 day period passed without "specific requests" being posed.

Second, Mr. de Gravelles posits that the "technical jargon" requires "an explanation by someone familiar with provider vouchers", thus, apparently opening the door to a resumption of discovery. As we argued last Thursday, the Court should reject that invitation in light of the clear language of the Prompt Pay Statute.

Third, Mr. de Gravelles again makes the highly suspect assertion that the Prompt Pay Statute should be disregarded, notwithstanding the following language:

PADUANO & WEINTRAUB LLP

Hon. Susan K. Gauvey
United States Magistrate Judge
August 15, 2011
Page 2

> "(b) Application to third party administrators.- To the extent consistent with the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. 1001, et seq., this section applies to an insurer, nonprofit health service plan, or health maintenance organization that acts as a third party administrator."

We thank the Court for its courtesies.

Respectfully,

Anthony Paduano

cc: Patrick de Gravelles, Esq. (via electronic and first class mail w/enc.)
Thomas O'Toole, Esq. (via electronic and first class mail w/enc.)