IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FELDMAN'S MEDICAL CENTER PHARMACY, INC.** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. SKG-10-254 |
| **CAREFIRST, INC.,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is Plaintiff Feldman's Medical Center Pharmacy, Inc.'s ("FMCP's") Motion for Leave to File Documents Under Seal. (ECF No. 105). FMCP seeks to file under seal its pending motion for summary judgment (ECF No. 100), the supporting memorandum of law (ECF No. 100-1), the separate statement of undisputed material facts (ECF No. 100-2), the declaration of Nurys Puente (ECF No. 101), the declaration of Anthony Paduano (ECF No. 102), and the declaration of Jarrett T. Bostwick (ECF No. 104).

In support of its motion, FMCP submits that the Stipulation and Order Regarding Confidentiality filed with the Circuit Court for Baltimore County on September 20, 2009 and signed by the Court on September 22, 2009 (the "Confidentiality Stipulation") (ECF No.11) remains in effect despite subsequent removal to this

1

Court.  (ECF No. 105, 1).  The Confidentiality Stipulation provides that,

> The Parties shall designate only those documents containing the following information as "CONFIDENTIAL": (1) trade secrets, for example, but not limited to, sensitive and confidential business information, including financial information such as expenses, profits, and information regarding employees and business plans; (2) information subject to HIPAA, including medical and demographic information, which must remain private in order to comply with HIPAA; and (3) Medical Records as defined by Maryland Health-Gen. Sec. 4-301.

(ECF No. 11, 1-2).

FMCP further contends that, pursuant to the Confidentiality Stipulation, Defendant CareFirst, Inc. ("CareFirst") has designated as "confidential" a number of documents and deposition transcripts that FMCP relies upon in its motion for summary judgment.  (ECF No. 105, 2).  Finally, FMCP asserts the necessity to disclose to the Court in its filings certain medical records and other protected health information as defined in 45 C.F.R. § 160.103, as well as other information protected by the Health Information Portability and Accountability Act ("HIPAA").  (Id.).  Thus, FMCP seeks to file under seal each of the documents listed above.  CareFirst consents to FMCP's filing of its motion for summary judgment and related documents under seal.  (Id.).

Although Feldman's correctly asserts that the parties have agreed to file material designated as "confidential" under seal, and that certain information relevant to the underlying case is protected under HIPAA, review of the documents in question indicates that they incorporate a great deal of information that is not protected either under the Confidentiality Stipulation or otherwise.  For instance, identifying information has already been redacted from medical records pertaining to individual patients that have been submitted as exhibits.  See (ECF No. 101, Ex. A).  FMCP does not offer any reason why these documents should be filed under seal even though they have already been redacted.  Similarly, FMCP does not address the propriety of redaction with respect to the memorandum of law submitted in support of its motion for summary judgment or any of the other documents at issue, but merely states that "[t]here are no alternatives to filing under seal."  (ECF No. 105, 2).

The Court understands that Feldman's may have considered itself obligated to move to seal documents that CareFirst had designated as "confidential" under the stipulation.  While the Court may sanction extensive confidentiality designations between the parties in the discovery phase, courts have been very reluctant to sanction litigation "under cover."  There is an acknowledged public interest and thus public right of access to documents filed in conjunction with a dispositive motion in a

civil case, such as FMCP's motion for summary judgment in this matter. The Fourth Circuit in Rushford v. The Washington Post Company held that the First Amendment public right of access standard, rather than the less rigorous common law standard, applies to documents filed with the trial court as attachments to a summary judgment motion in a civil case. 846 F.2d 249, 253 (4th Cir. 1988). The Rushford Court reasoned that "[o]nce the documents are made part of a dispositive motion, such as a summary judgment motion, they lose their status as being 'raw fruits of discovery.'" Id. at 252 (citing In re "Agent Orange" Product Liability Litigation, 98 F.R.D. 539, 544-45 (E.D.N.Y. 1983) (internal citations omitted). Following the rule announced in Rushford, the Fourth Circuit in Virginia Dept. of State Police unsealed civil pretrial discovery material "that was later filed (or addressed in filings) in the district court." 386 F.3d 567, 576 (4th Cir. 2004). The Virginia Dept. of State Police Court noted that the trial court had limited the order under review "to cover only documents that had been filed, and [] expressly excluded 'discovery material that was not part of the record.'" Id. at 573 n.1.

Applying the standard set forth in the case law with respect to sealing of material submitted in conjunction with a dispositive motion in a civil case, this Court finds that substantial portions of the material at issue need not be filed

4

under seal.  FMCP, however, does not address with any specificity the need to maintain confidentiality of its motion for summary judgment and material submitted in support, even though several of the documents, particularly the declaration of Jarrett T. Bostwick, include extensive exhibits.  (ECF No. 104).  Accordingly, FMCP and CareFirst shall have until two weeks from the date of this Memorandum Opinion and Order to justify with particularity the need for sealing of the individual documents either seeks to protect.  If FMCP or CareFirst declines to submit additional briefing by that date, the material at issue will be unsealed.

Date: 10/24/11                                /s/
                                    Susan K. Gauvey
                                    United States Magistrate Judge